Neal J. Stephens (State Bar No. 152071)
Jeffrey B. Schenk (State Bar No. 234355)
Thao Donnelly (State Bar No. 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     +1.650.739.3939
Facsimile:     +1.650.739.3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Edward W. Swanson (State Bar No. 159859)
August P. Gugelmann (State Bar No. 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone:     +1.415.477.3800
Facsimile:     +1.415.477.9100
Email: ed@smllp.law
Email: august@smllp.law

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND MOTION TO MODIFY FILTER TEAM PROTOCOL**<br><br>Hearing Date:     April 24, 2025<br>Hearing Time:     10:30 am<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

1

## NOTICE OF MOTION AND MOTION

2

3    PLEASE TAKE NOTICE THAT on April 24, 2025, at 10:30 a.m., or as soon thereafter as

4    the matter may be heard, in the courtroom of the Honorable Yvonne Gonzalez Rogers, located at

5    1301 Clay Street, Oakland, California 94612, Defendant David Trung Duong will, and hereby

6    does, respectfully move for an order to modify the government's filter team protocol related to

7    the government's review of attorney-client privileged material.  Counsel for the other three

8    defendants, Sheng Thao, Andre Jones, and Andy Duong, have confirmed to counsel for David

9    Duong that they join this motion and the relief requested herein.

    This motion is based on the attached memorandum of points and authorities, the

10   Declaration of Neal J. Stephens, the exhibits filed therewith, the files and records in this case, and

11   any evidence or argument presented at a hearing on this matter.

12   Pursuant to the Court's Standing Order in Criminal Cases, defense counsel notes that the

13   time period from the filing of the motion through the conclusion of the hearing may be excluded

14   time pursuant to 18 U.S.C. Section 3161(h)(1)(D).

15                                                    Respectfully submitted,

16

17   DATED:  March 19, 2025                           Neal J. Stephens
                                                      JONES DAY
18

19

20   By: _____ /s/ Neal J. Stephens _____
                                                      NEAL J. STEPHENS
21                                                    Attorneys for Defendant David Trung Duong

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      INTRODUCTION ............................................................................................................. 2

II.     FACTUAL BACKGROUND ............................................................................................ 3

        A.      David Duong and California Waste Solutions. ....................................................... 3

        B.      The Government's Raid on June 20, 2024. ............................................................. 3

        C.      The Government's Filter Team Process. ................................................................. 3

        D.      The Meet and Confer Process with the Government. ............................................. 5

III.    ARGUMENT .................................................................................................................... 6

        A.      Invading the Attorney-Client Privilege Implicates Mr. Duong's Fifth And
                Sixth Amendment Rights. ....................................................................................... 6

        B.      The Government's Filter Team Process Violates the Law. ..................................... 6

                1.      The Government Failed to Obtain Judicial Approval of its Filter
                        Team Process. ............................................................................................... 7

                2.      The Government's Filter Team Process Violates Basic Separation
                        of Powers Principles. .................................................................................... 7

                3.      The Government Created a Fox Guarding the Henhouse Problem. ............. 8

        C.      Mr. Duong's Proposed Relief Cures the Flaws in the Government's
                Protocol. ................................................................................................................. 10

IV.     CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona,*
   881 F.2d 1486 (9th Cir. 1989) .................................................................................. 6

*In re Grand Jury Subpoenas,*
   454 F.3d 511 (6th Cir. 2006) ............................................................................... 2, 9

*In re Lott,*
   424 F.3d 446 (6th Cir. 2005) .................................................................................. 6

*United States v. Bauer,*
   132 F.3d 504 (9th Cir. 1997) .................................................................................. 6

*United States v. Irwin,*
   612 F.2d 1182 (9th Cir. 1980) ................................................................................ 6

*United States v. Lin Lyn Trading, Ltd.,*
   149 F.3d 1112 (10th Cir. 1998) ............................................................................ 10

*United States v. Noriega,*
   764 F. Supp. 1480 (S.D. Fla. 1991) ....................................................................... 9

*United States v. Pedersen,*
   No. 3:12-cr-00431-HA, 2014 WL 3871197 (D. Or. Aug. 6, 2014) .................................... 2, 7

*United States v. Sullivan,*
   No. CR 17-00104 JMS-KJM, 2020 WL 1815220, at *8–10 (D. Haw. Apr. 9,
   2020) ................................................................................................... 9, 10

*United States v. Under Seal (In re Search Warrant Issued June 13, 2019),*
   942 F.3d 159 (4th Cir. 2019), *as amended* (Oct. 31, 2019) ............................... 2, 6, 8, 9

**OTHER AUTHORITIES**

Fifth Amendment ............................................................................................... 3, 6

Sixth Amendment ........................................................................................... 3, 5, 6

Rule 41 of the Federal Rules of Criminal Procedure ................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

David Duong seeks an order modifying the existing filter team protocol the government is using to review attorney-client privileged material seized by law enforcement.  Currently, the government's filter team discloses certain groups of documents to the prosecution team without providing defense counsel any opportunity to review those documents and raise appropriate objections to the Court.  The government is using the same filter process for all defendants.

As an initial matter, the government's process is flawed because it did not seek judicial approval of its filter team protocol before filter team members began reviewing and promoting seized materials to the prosecution team.  *United States v. Pedersen*, No. 3:12-cr-00431-HA, 2014 WL 3871197, at *29 (D. Or. Aug. 6, 2014) (no governmental entity should review privileged material without the express approval of the court).

The government's "no oversight" protocol also violates separation of powers principles.  Protecting against the improper disclosure of privileged material is reserved exclusively to the Judicial Branch, not the Executive Branch.  *United States v. Under Seal (In re Search Warrant Issued June 13, 2019)*, 942 F.3d 159, 177 (4th Cir. 2019), *as amended* (Oct. 31, 2019).

Finally, the government's current protocol eliminates judicial review of certain privilege calls made by the filter team, thereby permitting the proverbial government fox to guard the target's henhouse—something courts have rejected due to the inherent pressure imposed on filter team members to knowingly or mistakenly provide privileged materials to their friends on the prosecution team.  *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006).

To remedy these violations, Mr. Duong respectfully seeks an order that requires the government to:  (a) provide defense counsel with *all* documents the filter team intends to promote in the future so counsel can raise any appropriate objections to the Court *before* the filter team discloses the documents to the prosecution team; (b) identify the Bates numbers of all previously promoted documents so counsel can raise any appropriate objections; (c) return all copies of any defendant's privileged material in the government's possession to counsel for that defendant; and (d) provide defense counsel a copy of the government's filter team protocol.

1

## II.    FACTUAL BACKGROUND

2

### A.    David Duong and California Waste Solutions.

3    David Duong emigrated to the United States from Vietnam in 1979, when he was 19 years

4    old. Mr. Duong started a recycling company in 1983 and won his first local government contract

5    with the City of Oakland in 1991. Shortly thereafter, he founded California Waste Solutions

6    ("CWS"), which is headquartered in Oakland and operates six facilities in the Bay Area. CWS

7    serves more than 1.4 million customers and employs approximately 700 employees in the United

8    States and its integrated solid waste management facility in Vietnam. Mr. Duong also founded

9    the Vietnamese American Business Association (VABA), whose mission is to strengthen the

10    collaboration among Vietnamese, other Asian, and non-Asian leaders in the community.

11

### B.    The Government's Raid on June 20, 2024.

12    On June 20, 2024, the government executed raids on Mr. Duong's residence and the

13    offices of CWS and VABA. The government seized a number of electronic devices, including

14    Mr. Duong's cell phones, iPads, laptop computers, desktop computers, various data storage

15    devices, and network servers. Declaration of Neal J. Stephens in Support of Motion to Modify

16    Filter Team Protocol ("Stephens Decl." ¶ 1). The government estimates that these materials

17    equate to terabytes of data—which could amount to more than 50 million pages of discovery. *Id.*

18    The government acknowledges that these seized materials contain privileged communications

19    involving Mr. Duong. The government also seized electronic devices from the other defendants.[1]

20

### C.    The Government's Filter Team Process.

21    The government did not provide a copy of its filter team protocol when it presented the

22    premises search warrants to the Magistrate Judge on June 14, 2024. Stephens Decl. ¶ 3, Exhibit

23    A at 5, 7. As a result, no judge reviewed the filter team procedures to assess whether they satisfy

24    separation of powers principles and adequately protect the defendants' Fifth Amendment right to

25    due process and Sixth Amendment rights to effective assistance of counsel and a fair trial.

26    In addition, the government has declined to provide defense counsel a copy—or even a

27

28    [1] Counsel for the other three defendants, Sheng Thao, Andre Jones, and Andy Duong, have confirmed to counsel for David Duong that they join this motion and the relief requested.

redacted copy—of its protocol because it apparently resides in a memorandum that the government considers to be "both work product and sensitive." Stephens Decl. ¶ 7. Instead, the government sent defense counsel a letter on February 28, 2025 describing its filter team process. Stephens Decl. ¶ 5, Ex. B. The February 28 letter summarizes some of the back and forth between the government and Mr. Duong's prior counsel in June 2024. Back then, Mr. Duong's prior counsel provided the government a list of attorney names, email addresses, and phone numbers to help the filter team identify privileged documents in the seized materials. Stephens Decl. ¶ 5. At that time, however, the government did not disclose to defense counsel its "no oversight" filter team process. As a result, Mr. Duong's prior counsel did not know that the government was promoting documents to the prosecution team without allowing defense counsel to review those documents for objections. Undersigned counsel requested the protocol on February 5, 2025, the day after entering an appearance in this matter. Stephens Decl. ¶ 2.

According to the government's February 28 letter, the current filter protocol involves the application of search terms to the electronic discovery, and "[a]fter running search terms on all of the search warrant returns … the filter team was instructed to segregate any other material containing any of the search terms, and ***the remainder of the materials … were sent to the prosecution team***." Stephens Decl. ¶ 5, Ex. B at 3 (emphasis added). Notably, the government did not inform defense counsel which documents constituted the "remainder of the materials" before the filter team disclosed those materials to the prosecution team. Thus, defense counsel could not raise appropriate objections to the Court regarding documents the filter team classified as "the remainder of the materials" so there was no meaningful judicial review of the filter team's privilege decisions before the filter team disclosed that set of material to the prosecution team.

Regarding the documents that hit on the search terms used by the filter team, "the filter team was instructed to review the search-term hits from the data and materials and determine whether they potentially contained privileged information or communications." Stephens Decl. ¶ 5, Ex. B at 3. The government admits that "[i]f the material was clearly not privileged, the filter team was instructed to send the material to the prosecution team." *Id.* Once again, the government did not identify to defense counsel the documents the filter team unilaterally

1    concluded were "clearly not privileged." As a result, defense counsel had no ability to object to

2    the Court about the government's privilege decisions on the documents the filter team classified

3    as "clearly not privileged" before the filter team disclosed those materials to the prosecution team.

4          Finally, the government intends to use this same flawed process moving forward—i.e. the

5    government retains the unchecked power to unilaterally disclose to the prosecution team any

6    document classified as "clearly not privileged." Stephens Decl. ¶ 7, Ex. C at 3. Neither defense

7    counsel nor the Court will be allowed to review these materials before the filter team discloses

8    them to the prosecution team.

9          **D.    The Meet and Confer Process with the Government.**

10         On February 4, 2025, undersigned counsel filed a notice of appearance in this matter. On

11   February 5, 2025, defense counsel contacted the government to meet and confer about discovery

12   and requested: (a) a copy of the government's filter team protocol; and (b) confirmation that the

13   filter team would provide defense counsel any material they intend to disclose to the prosecution

14   team before providing that material to the prosecution team. Stephens Decl. ¶ 2, Ex. A at 11. In

15   response, the government stated that it would discuss the discovery issues after defense counsel

16   had an opportunity to review the first batch of discovery. Stephens Decl. ¶ 3, Ex. A at 9. On

17   February 21, 2025, defense counsel renewed its request regarding the filter team protocol.

18   Stephens Decl. ¶ 3, Ex. A at 8. The parties continued to meet and confer on the filter team issues,

19   leading the government to send its letter describing its filter team process on Friday, February 28,

20   2025. Stephens Decl. ¶¶ 3–5, Ex. A at 4–7; Ex. B.

21         On Monday, March 3, defense counsel sent the government a proposal that attempted to

22   resolve these issues without having to file a motion by requesting that the filter team add a few

23   basic guardrails to improve its filter team process. Stephens Decl. ¶ 6, Ex. A at 1–3. In sum,

24   defense counsel requested that the government agree to provide defense counsel the opportunity

25   to review all privileged calls made by the filter team for appropriate objections before the filter

26   team disclosed material to the prosecution team. *Id.* Defense counsel provided the government

27   with case authority that supported Mr. Duong's position. *Id.* The government rejected defense

28   counsel's proposal and also failed to cite any case authority to support the position that the

1  Executive Branch possesses the power to usurp the Judicial Branch's exclusive authority to

2  protect the defendants' attorney-client and work product privileges.  Stephens Decl. ₱ 7, Ex. C.

3  **III.    ARGUMENT**

4      **A.    Invading the Attorney-Client Privilege Implicates Mr. Duong's Fifth And**
             **Sixth Amendment Rights.**
5

6          "[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized

7  privileges, and its preservation is essential to the just and orderly operation of our legal system."

8  *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997).  The privilege protects against more

9  than just the government's ***use*** of privileged materials as evidence at trial; it protects against

10  "***disclosure itself***."  *In re Lott*, 424 F.3d 446, 451 (6th Cir. 2005) (emphasis added); *see also*

11  *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1491 (9th Cir. 1989) (citing

12  *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987)) ("compliance with [a] discovery order against

13  [a] claim of privilege destroys [the] right sought to be protected").

14          Moreover, an improper intrusion on Mr. Duong's privileged communications violates his

15  constitutional rights.  Courts have repeatedly recognized that government interference with a

16  defendant's relationship with their attorney may render counsel's assistance so ineffective as to

17  violate the defendant's Sixth Amendment right to counsel and Fifth Amendment right to due

18  process of law.  *United States v. Irwin,* 612 F.2d 1182, 1185 (9th Cir. 1980); *In re Search*

19  *Warrant Issued June 13, 2019*, 942 F.3d at 174.

20      **B.    The Government's Filter Team Process Violates the Law.**

21          Because there is no "filter team exception" to the attorney-client privilege, the

22  government's use of a filter team procedure is illegal in this literal sense, as a violation of the law

23  of attorney-client privilege.  As stated in *United States v. Neill*:

24              While the parties dispute whether courts have sanctioned the
                Department of Justice's 'taint team' procedures, it is clear that the
25              government's affirmative decision to invoke these procedures
                constitutes a *per se* intentional intrusion [into the privilege].
26

27  952 F. Supp. 834, 840–41 (D.D.C. 1997) (emphasis in original) (footnote omitted) (citation

28  omitted); *see also Pedersen*, 2014 WL 3871197, at *29 (when the government chooses to review

DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND
MOTION TO MODIFY FILTER TEAM PROTOCOL
CASE NO. 4:25-CR-00003-YGR

1   attorney client privileged materials, it is a *per se* intrusion into the privilege).

2       Here, the government's "no oversight" filter team process fails for several reasons: (1) the

3   government failed to seek judicial approval of its protocol before it began reviewing privileged

4   materials; and (2) as drafted, the government's protocol violates separation of powers principles

5   because the government intentionally usurped the Court's exclusive authority to make decisions

6   on privilege issues; and (3) the government designed its protocol to ensure that the government's

7   fox is left in charge of the defendants' henhouse.

8          **1.**    **The Government Failed to Obtain Judicial Approval of its Filter Team Process.**

9

10       "When considering the purposes of the attorney-client privilege, it is obvious that no

11  governmental entity should intentionally review privileged material ***without the express approval***

12  ***of the court***." *Pedersen*, 2014 WL 3871197, at *29 (emphasis added).  Nothing in the common

13  law of attorney-client privilege, nor in Rule 41 of the Federal Rules of Criminal Procedure

14  governing search warrants, nor any other source in law, permits investigating prosecutors to seize

15  thousands of privileged communications and then simply walk down the hall and provide those

16  privileged communications to their colleagues to review.  But, here, it is undisputed that the

17  government initiated its filter team process without seeking any approval from the Court.

18  Stephens Decl., ¶ 3, Ex. A at 5, 7.  As a result, the government foreclosed any opportunity for the

19  Court to assess whether the government's protocol improperly invaded defendants' attorney-

20  client privilege.

21          **2.**    **The Government's Filter Team Process Violates Basic Separation of Powers Principles.**

22

23       The government's filter team process contains a fatal flaw.  The government will not

24  allow defense counsel to review ***all*** documents that the filter team intends to disclose to the

25  prosecution before sending those documents through to the prosecution team.  Instead, the filter

26  team is only providing defense counsel with a subset of documents—those materials that the filter

27  team designates as "potentially privileged."  By contrast, any material that the filter team deems

28  as not "potentially privileged" will be promoted directly to the prosecution team.  Stephens Decl.,

¶ 5, Ex. B at 3. In other words, the filter team can disclose any seized document through to the prosecution team without any oversight by anyone outside of the U.S. Attorney's Office by simply classifying that document as not "potentially privileged."

This "no oversight" aspect of the filter team process has been condemned by courts—which do not allow the government to design a filter team process that fails to allow objections on filter team privilege calls before the filter team discloses documents to the prosecution team. For example, in *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 166, the government designed a filter process with a "Privilege Assessment Provision" that stated "[w]hen seized materials were found by the Filter Team to be nonprivileged, the Filter Team AUSAs could forward such materials directly to the Prosecution Team, without the consent of the Law Firm or a court order." In rejecting the government's filter team protocol, the Fourth Circuit held that the Privilege Assessment Provision "contravened [the] nondelegation principle" because it "erroneously authorized the executive branch—that is, the Filter Team—to make decisions on attorney-client privilege and the work-product doctrine." *Id.* at 177. The Fourth Circuit emphasized that "the Constitution vests '[t]he judicial Power' solely in the federal courts … which includes the 'duty of interpreting and applying the law.'" *Id.* at 176 (quoting *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)). "Put simply, a court is not entitled to delegate its judicial power and related functions to the executive branch, especially when the executive branch is an interested party in the pending dispute." *Id.* (citation omitted).

The protocol in this case contains the exact same flawed procedure. The government is an interested party in the pending dispute. And the government knowingly delegated judicial power to itself—the ability to promote documents the filter team classifies as "not potentially privileged" directly to the prosecution team without any check by defense counsel or the Court. As a result, the Constitution compels the Court to reject the government's deliberate abduction of the Court's exclusive authority to interpret and apply the law of attorney-client privilege.

### 3. The Government Created a Fox Guarding the Henhouse Problem.

When confronted by filter protocols where the government inserts itself as the sole arbiter of privilege, courts have rejected the protocol because "the government's fox is left in charge of

1   [the target's] henhouse, and may err by neglect or malice, as well by honest differences of

2   opinion." *In re Grand Jury Subpoenas*, 454 F.3d at 523. In other words, "the government taint

3   team may have an interest in preserving privilege, but it also possesses a conflicting interest in

4   pursuing the investigation, and, human nature being what it is, occasionally some taint-team

5   attorneys will make mistakes or violate their ethical obligations." *Id.* Filter teams "present

6   inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past

7   in leaks of confidential information to prosecutors." *Id.*; *see also, e.g.*, *In re Search Warrant*

8   *Issued June 13, 2019*, 942 F.3d at 177–78; *United States v. Noriega*, 764 F. Supp. 1480, 1483–84

9   (S.D. Fla. 1991) (government's taint team missed a document obviously protected by attorney-

10   client privilege by turning over tapes of attorney client conversations to members of the

11   investigating team); *United States v. Sullivan*, No. CR 17-00104 JMS-KJM, 2020 WL 1815220,

12   at *8–10 (D. Haw. Apr. 9, 2020) (filter team recklessly promoted privileged materials to the

13   prosecution team).

14        In *In re Grand Jury Subpoenas*, the Sixth Circuit addressed the same issue presented here

15   because under the government's taint team procedure, "appellants' attorneys would have an

16   opportunity to assert privilege *only* over those documents which *the taint team has identified* as

17   being clearly or possibly privileged." 454 F.3d at 523 (emphasis in original). In other words, the

18   filter team could unilaterally disclose to the prosecution team any document it classified as "not

19   possibly privileged." Defense counsel was not provided any opportunity to object before the

20   filter team sent the "potentially not privileged" subset of documents through to the prosecution

21   team. The Sixth Circuit ruled in the defendant's favor because it did "not see any check in the

22   proposed taint team review procedure against the possibility that the government's team might

23   make some false negative conclusions, finding validly privileged documents to be otherwise." *Id.*

24        That same flaw exists in this case. The government's protocol contains no check against

25   the filter team making false negative conclusions—labeling validly privileged documents as

26   "clearly not privileged" and then unilaterally disclosing that subset of documents to the

27   prosecution team. Allowing defense counsel the opportunity to review *all* documents—not

28   simply the potentially privileged documents—before they are promoted would cure this defect in

- 9 -

1    the government's process.

2    **C.    Mr. Duong's Proposed Relief Cures the Flaws in the Government's Protocol.**

3    As an initial matter, Mr. Duong's proposed order improves the filter team process by

4    allowing for defense review of ***all*** privilege calls made by the filter team ***before*** the filter team

5    discloses material to the prosecution team.  The government should have embraced this proposed

6    guardrail because the prosecution team will face dismissal of the indictment, suppression of

7    evidence and/or the disqualification of prosecution team members if prosecution team members

8    are exposed to privileged materials.  *See United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112,

9    1118 (10th Cir. 1998) (prosecution team disqualified where government used privileged

10    materials); *Sullivan*, 2020 WL 1815220, at *10 (suppressing materials improperly promoted to

11    the prosecution team given the reckless and grossly negligent conduct of the filter team).

12    Second, the proposed order requires the government to return ***all*** copies of ***all*** privileged

13    material.  The government, including the filter team, has no legal basis to continue to maintain

14    any copy of any privileged material after the filter team agrees that the material is privileged.  The

15    whole point of a filter team review is to screen privileged materials from the prosecution team

16    and return ***all*** copies of privileged materials to the defendant.  If the government keeps copies of

17    privileged materials, the "fox guarding the henhouse" problem remains present.

18    Third, the proposed order requires the government to disclose a redacted copy of its

19    written filter team protocol.  The government has declined to provide defense counsel its filter

20    team protocol, claiming that it resides in a memorandum that the government considers to be

21    work product and confidential.  Stephens Decl., ¶ 7, Ex. C at 3-4.  Mr. Duong respects the

22    government's claim of work product and does not seek to invade its privilege.  But the

23    government can still provide a redacted version of the filter team protocol that discloses only the

24    procedures the filter team has been using to review documents to date.  That information is

25    neither work product nor confidential.

26    Defense counsel asked for the protocol on February 5, 2025.  It took the government more

27    than three weeks to simply confirm that a written protocol exists and describe its provisions.

28    Stephens Decl., ¶¶ 2–5, Ex. A at 4–11, Ex. B.  Defense counsel was concerned it took so long for

DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND
MOTION TO MODIFY FILTER TEAM PROTOCOL
CASE NO. 4:25-CR-00003-YGR

1    the government to substantively respond to a straightforward request, so we seek to verify that:

2    (a) the procedure used is consistent with what has been described; and (b) the filter protocol was

3    actually in place in June 2024 when the government seized the privileged materials.  If

4    prosecution team members were somehow exposed to privileged materials in the past, defense

5    counsel would need to evaluate whether to seek additional remedies.

6    **IV.      CONCLUSION**

7              For the reasons stated above, Mr. Duong respectfully requests that this Court grant his

8    Motion to Modify the Filter Team Protocol.

9

          DATED:  March 19, 2025                             Respectfully Submitted,
10
                                                              JONES DAY
11
                                                              /s/ Neal J. Stephens
12                                                            NEAL J. STEPHENS
                                                              JEFFREY SCHENK
13                                                            THAO DONNELLY

14

15                                                            SWANSON & McNAMARA LLP

16

17                                                            /s/ Edward w. Swanson
                                                              EDWARD W. SWANSON
18                                                            AUGUST P. GUGELMANN

19                                                            Attorneys for Defendant
                                                              David Trung Duong
20

21

22

23

24

25

26

27

28

DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND
                                                                           MOTION TO MODIFY FILTER TEAM PROTOCOL
                                                                           CASE NO. 4:25-CR-00003-YGR

1

## CERTIFICATE OF SERVICE

2

3      I, Trudy Carney, declare:

4      I am a citizen of the United States and employed in Santa Clara County, California. I am

5 over the age of eighteen years and not a party to the within-entitled action. My business address

6 is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On March 19,

7 2025, I served a copy of the Defendant David Duong's Notice of Motion and Motion to Modify

8 Filter Team Protocol by electronic transmission.

9      I am familiar with the USDC Northern District's practice for collecting and processing

10 electronic filings. Under that practice, documents are electronically filed with the Court. The

11 Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the

12 assigned judge, and any registered users in the case. The NEF will constitute service of the

13 document. Registration as a CM/ECF user constitutes consent to electronic service through the

14 Court's transmission facilities. `

15      Executed on March 19, 2025, Palo Alto, California.

16

17

18                                    Trudy Carney

19 NAI-5000026369v4

20

21

22

23

24

25

26

27

28

DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND
MOTION TO MODIFY FILTER TEAM PROTOCOL
CASE NO. 4:25-CR-00003-YGR