Neal J. Stephens (State Bar No. 152071)
Jeffrey B. Schenk (State Bar No. 234355)
Thao Donnelly (State Bar No. 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   +1.650.739.3939
Facsimile:    +1.650.739.3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesda.com
Email: tdonnelly@jonesday.com

Edward W. Swanson (State Bar No. 159859)
August P. Gugelmann (State Bar No. 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone:   +1.415.477.3800
Facsimile:    +1.415.477.9100
Email: ed@smllp.law
Email: august@smllp.law

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>          Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DECLARATION OF NEAL J. STEPHENS IN SUPPORT OF DEFENDANT DAVID DUONG'S NOTICE OF MOTION AND MOTION TO MODIFY FILTER TEAM PROTOCOL**<br><br>Hearing Date:  April 24, 2025<br>Hearing Time:  10:30 a.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

I submit this Declaration in support of Defendant David Duong's Notice of Motion and Motion to Modify Filter Team Protocol. I am over 21 years of age and am competent to testify to the following facts and opinions, all of which are true and correct to the best of my knowledge, information, and belief.

1. In discovery in this matter, the government confirmed that it seized a number of electronic devices from Mr. Duong's residence, including his cell phones, iPads, laptop computers, desktop computers, and various data storage devices. At CWS, the government imaged the network servers and seized numerous cell phones, iPads, computers and storage devices. At VABA, the government imaged laptops, cellphones, and storage devices. On February 21, 2025, the government requested that counsel for Mr. Duong supply the government with two hard drives to obtain a portion of the discovery that the government is producing to defense counsel—one hard drive capable of storing 1 terabyte of data and another hard drive capable of storing 15 terabytes of data. The first thumb drive we received from the government contained 45GB's of compressed data, which amounted to approximately 165,000 pages of material. Based on these numbers, one terabyte of data would equate to approximately 3,666,666 million pages of discovery and 15 terabytes of data would equate to approximately 54,999,990 pages of discovery.

2. On February 4, 2025, I entered a notice of appearance in this matter to represent Mr. David Duong. On February 5, 2025, I sent an email to the government related to discovery. Regarding filter team issues, I asked the government to provide a copy of any filter team protocol and asked the government to confirm that defense counsel would have the ability to review any material the filter team intended to promote to the prosecution team before the filter team sent the material to the prosecution team. Exhibit A at 11.

3. The government indicated that it would discuss my questions with me after I reviewed discovery that they intended to produce the following day, February 6, at the first status conference on this matter, Ex. A at 9. On February 21, 2025, I contacted the government again and renewed my request. Ex. A at 8. In response, the government indicated that it would send a letter in the near future outlining its filter process. The government also confirmed that it did not

obtain judicial approval of its filter team protocol. Ex. A at 5, 7.

4. On February 25, 2025, I renewed my request trying to determine if any written filter team protocol existed because it had been twenty days since my initial request and the government had not provided any written protocol or any description of its protocol. Ex. A at 5-6.

5. On February 28, 2025, the government sent defense counsel a letter describing its protocol, but did not send a copy of the actual protocol. Exhibit B. The government's description of its protocol confirmed that the filter team had the power to promote certain documents to the prosecution team without defense counsel having any opportunity to object and seek judicial review. Ex. B at 3. For example, the government stated that "the filter team was instructed to segregate any other material containing any of the search terms, and the remainder of the materials (whatever did not hit on the search terms) were sent to the prosecution team." *Id.* In addition, the filter team reviewed the search term hits and "if the material was clearly not privileged, the filter team was instructed to send that material to the prosecution team." *Id.*

6. On March 3, 2025, I sent a response to the government's description of its protocol and requested that the government adopt a few guardrails to their protocol. I again renewed my request for a copy of the protocol so defense counsel could ascertain if the written protocol was actually in place when the government seized privileged materials on June 20, 2024. Ex. A at 1-3.

7. On March 10, 2025, the government sent a letter response to my suggested improvements to their filter team protocol. Exhibit C. The government did not provide a copy— or a redacted copy—of the protocol because it claimed that the memorandum containing the protocol is "both work product and sensitive" because the memo also contained information related to the government's investigation. *Id.* at 3. The government also rejected my suggestion to allow defense counsel to review all privilege decisions made by the filter team so defense counsel could raise appropriate objections with the Court. *Id.* at 1-2. Instead, the government

stated that "we plan to continue with the filter process set forth in that letter [the Feb 28 letter]."

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 19, 2025 at Palo Alto, California.

_____
Neal J. Stephens

# CERTIFICATE OF SERVICE

I, Trudy Carney, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On March 19, 2025, I served a copy of Neal J. Stephens Declaration in Support of Defendant David Duong's Notice of Motion and Motion to Modify Filter Team Protocol by electronic transmission.

I am familiar with the USDC Northern District's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on March 19, 2025, Palo Alto, California.

_____
Trudy Carney

NAI-5000066820v1