**EXHIBIT A**

**Stephens, Neal J.**

| | |
|---|---|
| **From:** | Stephens, Neal J. |
| **Sent:** | Monday, March 3, 2025 7:43 AM |
| **To:** | Fine, Abraham (USACAN); Priedeman, Molly (USACAN); Farnham, Lloyd (USACAN); Stern, Noah (USACAN) |
| **Cc:** | Schenk, Jeffrey B.; Ed Swanson; August Gugelmann; Schenk, Jeffrey B.; Ed Swanson; August Gugelmann; Tsai, Jeff; Mark Goldrosen; Shawn Halbert; Erik Babcock; Chan, Winston Y.; Stone, Hannah; Sprague, Doug |
| **Subject:** | RE: Meet and confer re filter team protocol |
| **Attachments:** | 2025.02.28 US v. Thao et al. Letter re Filter Process.pdf |

Abe/Noah – thank you for your letter on your filter team process. As you know, the use of a filter team is not automatic. The Justice Manual states that prosecutors should consider using a neutral party to conduct the privilege review on seized materials—like a judicial officer or a special master. JM Section 9-13.420(F). By opting to use a filter team as opposed to a judicial officer or special master, the government made an affirmative decision to intrude on the defendants' attorney-client privilege. *United States v. Neill*, 952 F. Supp. 834, 840-41 (D.D.C. 1997) (the government's decision to invoke filter team procedures constitutes a *per se* illegal intrusion into the privilege); *United States v. Pedersen*, 2014 WL 3871197 at *29-30 (D.Or. August 6, 2014) (same). The stakes are significant given that the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system. *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir. 1997). In addition, the privilege protects against more than just the *use* of the privileged materials as evidence at trial; it protects against *disclosure* itself. *In Re Lott,* 424 F.3d 446, 451 (6th Cir. 2005).

As a result, any filter team protocol must contain significant safeguards that will eliminate the risk that prosecution team members will be exposed to privileged materials. Our interests should be aligned on improving the safeguards in the filter procedures you describe because the prosecution team will face recusal, or dismissal of the indictment, if prosecution team members are exposed to privileged materials. *United States v. Lyn Lyn Trading, Ltd.*, 149 F.3d 1112, 1118 (10th Cir. 1998) (indictment dismissed and prosecution team disqualified where government used privileged materials).

We have reviewed the process described in your letter and offer an approach that adds appropriate guardrails to your current process that would resolve our concerns.

1. <u>Provide defense counsel previously promoted documents</u> – promoting documents to the prosecution team without allowing defense counsel to raise objections to the Court violates separation of powers principles because the

1

Executive Branch has usurped a function reserved to the Judicial Branch—protecting against the disclosure of privileged material. *United States v. Under Seal (In re Search Warrant Issued June 13, 2019)*, 942 F.3d 159, 177 (4th Cir. 2019); *In re Search of Elec. Commc'ns*, 802 F.3d 516, 530 n. 54 (3rd Cir. 2015). In other words, your process results in the "fox guarding the henhouse problem" that courts have criticized. *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006). As a result, all documents previously promoted by the filter team to the prosecution team need to be provided to the relevant defense counsel (e.g. documents seized from Ms. Thao would be sent to her counsel, not David's counsel) so defense counsel an opportunity to raise objections.

2.  <u>Defense review of all future documents headed to the prosecution team</u> – the government's current process is flawed because it allows the filter team to continue promoting documents to the prosecution team without allowing any review by defense counsel—i.e. documents that the filter team concludes are not "potentially privileged" get promoted without any defense counsel review. Thus, the forward looking process suffers from the same structural flaw described in No. 1 above—defense counsel has no opportunity to object before the filter team sends certain material to the prosecution team.

3.  <u>Provide defense counsel a copy of the written filter protocol</u> – the Justice Manual requires that the government memorialize its filter protocol and provide the protocol to the filter team *prior* to the search. JM Section 9-13.420(E) ("The filter protocols and other search instructions should be provided to the filter team and thoroughly discussed with the filter team prior to the search."). We have repeatedly requested a copy of the government's written filter protocol. Your letter does not resolve this issue. In fact, it remains unclear whether a written protocol exists right now, let alone whether a written protocol existed before agents seized privileged material. Transparency from the government about what has happened to date will allow us to move forward on these issues. We are offering you a process by which the government can use filter procedures throughout this case. But if the government refuses to tell us what has happened to date, we would need to seek an evidentiary hearing to assess whether (a) the government designated a filter AUSA and filter agents before agents seized any privileged materials, (b) whether the filter AUSA briefed all filter team and seizing agents about the filter procedures before the search and review process began, (c) whether the government followed its own policies regarding safeguarding privileged materials, and (d) whether any prosecution team member has been exposed to any privileged material. We do not want to occupy the Court's time with a motion on an issue that the parties should be able to resolve through this meet and confer process. The government seized an

immense amount of material that needs to be reviewed so resolving this issue now will allow both sides to keep this matter moving efficiently towards a trial date.

4. <u>Return all copies of privileged material to the appropriate defense counsel</u>: the filter team agrees to return <u>all</u> copies of any privileged document to the relevant defense counsel as soon as the document is identified to be privileged. The government is not allowed to keep any copy of any privileged document. JM Section 9-13.420(D) ("... in all cases a prosecutor must employ adequate precautions to ensure that ... any privileged documents are returned to the attorney from whom they were seized).

5. <u>The filter team must securely store seized materials</u>: the seized material should be treated like Rule 6(e) grand jury material – the paper material should be stored in a secure location that prosecution team members cannot access and the electronic material needs to be stored in a manner where only filter team members can access the database storing the materials. Please discuss internally and propose a process that achieves these objectives. We understand that you will need to review your storage space for an appropriate location for the paper documents and may need to consult with your internal IT experts about the electronic documents.

6. <u>The government must report any violations of the filter protocol</u>: if there are any violations of the filter protocol, the government must report the violation to the appropriate defense counsel so counsel can assess whether judicial intervention is needed to remedy any harm created by the breach. This would apply to both (a) any future violation, and (b) any violation that occurred prior to the adoption of a revised protocol.

Please let us know if you would like to discuss any of the above. If not, we look forward to your response.

Thanks very much.
Regards,
Neal

Neal Stephens
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939

Direct (650) 687-4135

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Wednesday, February 26, 2025 3:25 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>;
Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>; Stern, Noah (USACAN) <Noah.Stern@usdoj.gov>
**Cc:** Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B.
<jbschenk@jonesday.com>
**Subject:** RE: Meet and confer re filter team protocol

Thanks, Abe. I appreciate your response and we await whatever information you are going
to provide. It is highly unusual for DOJ to not have a written protocol in place before it
seized privileged information on June 20, 2024. We object to your process based on the
few details you have shared about it. How can the filter team promote materials to the
prosecution team without first providing those materials to defense counsel and/or a
judicial neutral to review? It appears that the government has been doing this for 9
months.

I hope we can resolve these issues but the lack of transparency about what has been
done to date is concerning. We respectfully request that your filter team take immediate
steps to make sure no potentially privileged materials are promoted to prosecution team
members as we try to work through these issues. We also request that the filter team
immediately return all copies, including all electronic copies, of all privileged
materials. The government, including the filter team, is not allowed to retain any copies of
privileged materials. We also reserve all of our potential remedies related to any
prosecution team members who have been exposed to privileged materials.

Thanks very much.
Regards,
Neal

Neal Stephens
Partner
JONES DAY® - One Firm Worldwide℠
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Wednesday, February 26, 2025 2:47 PM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>;
Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B.

<jbschenk@jonesday.com>
**Subject:** RE: Meet and confer re filter team protocol

---

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

---

Neal,

We are in agreement regarding the importance of protecting the privileges of the targets of criminal investigations, and we take seriously our obligations to prevent privileged communications from being disclosed to the prosecution team. All of the devices and data from your client seized pursuant to search warrants are being reviewed according to filter procedures. As you know, the warrants did not include a written court-ordered filter protocol, but we implemented filter procedures and provided specific instructions to a filter team that includes filter agents and a filter AUSA prior to their review of the devices and data.

By Friday we will send you and defense counsel a more detailed written description of the filter procedures we followed in this case. These procedures included using search terms designed to identify communication with attorneys developed after obtaining from defense counsel (including lawyers for David Duong and CWS) attorney names, email addresses, and phone numbers. In addition, we used general privilege-related search terms. Attached is the list of search terms used on David Duong's devices and data.

Presumably you were aware of the attorneys listed on this because they were provided by David Duong's counsel at the time. If there are additional attorneys who may have been communicating with David Duong prior to the searches, please let us know immediately. If you have other concerns or questions about the filter procedures, or if you have a particular concern you would like to communicate directly to the filter AUSA, let us know.

In addition, you asked for the names of all filter agents on the filter team. We expect to provide that to you when we send the more detailed email on Friday.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

---

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Tuesday, February 25, 2025 5:15 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B.

<jbschenk@jonesday.com>
**Subject:** [EXTERNAL] RE: Meet and confer re filter team protocol

Hi Abe – I'm circling back to follow up on our two pending requests. It appears that the government does not currently have a written filter team protocol in place. If I'm wrong about that, I apologize. But if the government had a protocol, you would have provided it to us in response to my prior requests. That suggests that the government has been reviewing privileged materials for 9 months—since June 20, 2024—without any protocol containing any guardrails to prevent the prosecution team from reviewing privileged materials. The Ninth Circuit recognizes that the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system. *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir. 1997). The privilege protects against more than just the *use* of the privileged materials as evidence at trial; it protects against *disclosure* itself. *In Re Lott,* 424 F.3d 446, 451 (6th Cir. 2005).

As I mentioned, we are already troubled that there is no process in place where the Court or defense counsel can object to any decision by the filter team to promote potentially privileged material to the prosecution team. Given the lack of a response to my prior requests, we are also concerned that the government has operated without any written protocol. Doing so will result in improper disclosure of privileged material to the prosecution team.

As a result, can you please (a) confirm whether the government has operated without a protocol, and (b) send us the names of all of the agents on the filter team?

Thanks very much.
Regards,
Neal

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Friday, February 21, 2025 4:08 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>
**Subject:** RE: Meet and confer re filter team protocol

Hi Abe, thanks for the response. Much appreciated. I do have two follow up questions for you.

1. Is there currently a written filter team protocol? If so, please send it to us today. We need to review the written protocol that the government distributed to its filter team before they starting reviewing privileged materials that the government seized in June 2024. One concern is that there is no judicial officer and/or defense attorney reviewing the materials that the filter team intends to promote to the prosecution team. And it appears that the filter team has been promoting materials to the prosecution team for some time now. That generates the "fox guarding the hen house" problem discussed in the case law. *See, In re Grand Jury Subpoenas,* 454 F.3d 511, 523 (6th Cir. 2006). In other words, the government's process has resulted in the Executive Branch usurping a function of the Judicial Branch—protecting against the disclosure of privileged material—without any judicial approval of the process. *See, United States v. Under Seal (In re Search Warrant Issued June 13, 2019),* 942 F.3d 159, 177 (4th Cir. 2019); *In re Search of Elec. Commc'ns,* 802 F.3d 516, 530 n. 54 (3rd Cir. 2015). We may have other concerns after reviewing the protocol. But we would like to review the protocol today. Please just email it over to us. If you want, you can still produce through your discovery process later.

2. Can you please provide the names of all agents on the filter team who are working/have worked this matter with Special Agent Elges.

Thanks very much.
Regards,
Neal

---

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Friday, February 21, 2025 3:01 PM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>
**Subject:** RE: Meet and confer re filter team protocol

Hi Neal,

We expect to send a letter to all defense counsel in the near future outlining our filter process. As to your more specific questions, there was not a court-ordered filter process for the search warrants in this case. The filter AUSA is Noah Stern and the lead filter agent is FBI SA Christopher Elges.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street

Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Friday, February 21, 2025 6:14 AM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>
**Subject:** [EXTERNAL] Meet and confer re filter team protocol

Hi Abe – I wanted to renew my request to meet and confer about the filter team issue that I raised with you before our recent status conference. I expect we'll have additional follow-up on the other topics I raised previously as we get deeper into our review, but we wanted to raise this topic as soon as possible.

1. <u>Filter team protocol:</u> can you please send us a copy of the filter team protocol that the government presented to the Court with the search warrant affidavits in June 2024? We searched the 165K pages in your first production but have not been able to locate any filter team protocol in the search warrant materials or elsewhere. We are concerned that the filter team might be promoting documents to the prosecution team without any oversight or authorization from the Court or any ability of defense counsel to raise applicable objections. So we need to review the procedures in your protocol to see what the Court reviewed before the prosecution team reviewed any seized materials.

2. <u>Filter team members:</u> can you please identify the members of the government's filter team so we can understand who is on the filter team and who is on the prosecution team?

Thanks very much.
Regards,
Neal


Neal Stephens
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135




**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Wednesday, February 5, 2025 5:57 PM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>
**Subject:** Re: [EXTERNAL] Re: US v. Thao, et al. - follow up questions re timing of discovery

Thanks, Neal. Once you've had a chance to take a look at the first batch of discovery we're happy to jump on a call to discuss a discovery plan going forward.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

---

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Wednesday, February 5, 2025 5:41:48 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>
**Subject:** RE: [EXTERNAL] Re: US v. Thao, et al. - follow up questions re timing of discovery

Thanks, Abe. Appreciate your response. Looking forward to continuing the discussion on the other matters I raised. We can do that tomorrow.

Regards,
Neal

---

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Wednesday, February 5, 2025 4:47 PM
**To:** Mark Goldrosen <markgoldro@aol.com>; Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; Erik Babcock <erik@babcocklawoffice.com>; Chan, Winston Y. <wchan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>
**Subject:** RE: [EXTERNAL] Re: US v. Thao, et al. - follow up questions re timing of discovery

Yes, tomorrow after court we'll email out a discovery letter that has indexes for the FBI, City of Oakland, and CWS productions.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723

Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

---

**From:** Mark Goldrosen <markgoldro@aol.com>
**Sent:** Wednesday, February 5, 2025 4:44 PM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>; Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; Erik Babcock <erik@babcocklawoffice.com>; Chan, Winston Y. <wchan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>
**Subject:** [EXTERNAL] Re: US v. Thao, et al. - follow up questions re timing of discovery

Thanks Abe. Will the government be providing any type of index for tomorrow's discovery?

On Wednesday, February 5, 2025 at 04:19:13 PM PST, Fine, Abraham (USACAN) <abraham.fine@usdoj.gov> wrote:

Hi All:

Now that Judge Gonzalez Rogers has signed the protective order, we will have drives ready for you tomorrow that contain the first batch of discovery, which consists of approximately 140GB/260,149 files. We ask that you return the drives once you've downloaded the discovery on them. This discovery consists of a significant number of FBI files, including interview memoranda, affidavits, subpoena returns, financial records, warrant returns, and various other documents. The discovery will also include productions from the City of Oakland and California Waste Solutions. We expect to produce additional discovery over the next several months that will include files from IRS-CI, USPIS, as well as images of devices that were seized during execution of search warrants and that are currently undergoing imaging, filter review, and agent review.

Best, Abe

**Abraham Fine**

Assistant United States Attorney

Northern District of California

1301 Clay Street

Oakland, CA 94612

Office: (510) 637-3723

Cell: (415) 412-2430

Abraham.Fine@usdoj.gov

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Wednesday, February 5, 2025 11:17 AM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN)
<Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Schenk, Jeffrey B. <jbschenk@jonesday.com>; Ed Swanson <ed@smllp.law>; August Gugelmann
<august@smllp.law>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Erik Babcock
<erik@babcocklawoffice.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>
**Subject:** [EXTERNAL] RE: US v. Thao, et al. - follow up questions re timing of discovery

Thanks, Abe. As Jeff and I are just getting started, we'd appreciate getting some additional clarity on the timing of discovery. I apologize if you have previously covered these issues with counsel for the other defendants. But I thought that getting production dates from you on certain aspects of discovery will help resolve some issues that otherwise could come up tomorrow. Can you please let us know the following:

1. When will you produce the 140GB you mention below? This week?
2. Can you provide more detail regarding what information is in that 140GB? For example, does it include:

   a. Rule 5(f) material and any other exculpatory evidence that the prosecution team possesses?
   b. The search warrant affidavits/inventories?
   c. Any filter team protocol?
   d. Agent reports/notes on witness interviews? FBI 302s etc.
   e. Recordings and related transcripts of any statements made by the defendants?
   f. Statements of the defendants?
   g. Grand jury transcripts?
   h. Disclosures regarding any informants?

3. Will you provide an index of the material in the 140GB when you produce and also let us know what categories of discovery fall outside that 140GB?
4. When will the imaging of any seized devices from David Duong or California Waste Solutions be completed?
5. For filter team review, will the filter team provide defense counsel any material they intend to disclose to the prosecution team before providing that material to the prosecution team?

Thanks very much.

Regards,

Neal

Neal Stephens
Partner

**JONES DAY® - One Firm Worldwide**ᔆᴹ

1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939

Direct (650) 687-4135


**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Tuesday, February 4, 2025 3:37 PM
**To:** Sprague, Doug <dsprague@cov.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Priedeman, Molly
(USACAN) <Molly.Priedeman@usdoj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen
<markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Erik Babcock
<erik@babcocklawoffice.com>; Stephens, Neal J. <nstephens@jonesday.com>; Schenk, Jeffrey B.
<jbschenk@jonesday.com>
**Cc:** Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** RE: US v. Thao, et al. - Proposed Stipulated Protective Order


Jeff and Neal, welcome to the case.


Setting a status date 90-120 days out makes sense to us. From her calendar, it looks like YGR is available May
29.  Does that date work for you all?


I'll get the protective order on file now.


Best, Abe


**Abraham Fine**

Assistant United States Attorney

Northern District of California

1301 Clay Street

Oakland, CA 94612

Office: (510) 637-3723

Cell: (415) 412-2430

Abraham.Fine@usdoj.gov

**From:** Sprague, Doug <dsprague@cov.com>
**Sent:** Tuesday, February 4, 2025 1:52 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Chan, Winston Y. <WChan@gibsondunn.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Erik Babcock <erik@babcocklawoffice.com>; nstephens@jonesday.com; jbschenk@jonesday.com
**Cc:** Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Thao, et al. - Proposed Stipulated Protective Order

+ Neal Stephens and Jeff Schenk

Thanks Abe. What does the government propose regarding a next date before Judge Gonzalez-Rogers? It may make sense to try to hash that out over email so we don't have to do that in court, particularly given the number of stakeholders involved. And given the significant volume of discovery both in the first tranche and the forthcoming ones over the next several months, the range of time Winston proposed seems quite reasonable for a status hearing. Also, it looks like Judge Gonzalez-Rogers is unavailable for all but a few days in May.

Doug Sprague

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7027 | dsprague@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Tuesday, February 4, 2025 12:40 PM
**To:** Chan, Winston Y. <WChan@gibsondunn.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** RE: US v. Thao, et al. - Proposed Stipulated Protective Order

[EXTERNAL]

Thanks, Winston. The attached protective order accepts your most recent edits, except for the paragraph regarding mutuality of the PO. I'll plan to file at about 3pm today unless anyone has an objection before then.

As for the size of discovery, the initial batch we plan to produce shortly is about 140GB/260,149 files and contains much of the FBI materials that make up the core of our investigation. We also plan to produce significant additional discovery in tranches over the next several months. Most of the devices seized during execution of the search warrants are still going through imaging, filter, and agent review, and we will produce those items as soon as they become available.

Best, Abe

**Abraham Fine**

Assistant United States Attorney

Northern District of California

1301 Clay Street

Oakland, CA 94612

Office: (510) 637-3723

Cell: (415) 412-2430

Abraham.Fine@usdoj.gov

**From:** Chan, Winston Y. <WChan@gibsondunn.com>
**Sent:** Monday, February 3, 2025 4:35 PM
**To:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Thao, et al. - Proposed Stipulated Protective Order

Ok, in that case, the defendants will accept that in order to get the government's discovery on Thursday. But note that the defendants reserve their rights to seek a mutual PO prior to making any defense discovery productions down the road.

How much data is in the drive, and overall what's the government's estimate for the volume of discovery? We ask because it would help set the table for a joint request to the court for the next status conference date, i.e., somewhere along the lines of 90-120 days?

Thanks.


**Winston Y. Chan**
Partner

T: +1 415.393.8362

WChan@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715


**From:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>
**Sent:** Monday, February 3, 2025 10:18 AM
**To:** Chan, Winston Y. <WChan@gibsondunn.com>; Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Tsai, Jeff
<Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>;
august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** RE: US v. Thao, et al. - Proposed Stipulated Protective Order


Hi Winston,


Thanks for sending this. All of the minor edits are fine with us. However, we cannot agree to the provision re: mutuality
of the PO. We can remove that provision and this is ready to file, and we can give you hard drives with discovery on
Thursday. Let me know if you are good with that and we can file it. If not, let us know what your availability is to
discuss.


Thanks,


Molly


**Molly K. Priedeman**

Assistant United States Attorney

Northern District of California

1301 Clay Street, Suite 340S | Oakland, CA 94612

Tel: (510) 637-3697 | Cell: (415) 412-6841

molly.priedeman@usdoj.gov

**From:** Chan, Winston Y. <WChan@gibsondunn.com>
**Sent:** Sunday, February 2, 2025 8:27 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Thao, et al. - Proposed Stipulated Protective Order

Abe, Molly, and Lloyd:

Here's a defense markup, which accepts the changes in your last circulated draft, and adds a few clarifying items, plus one new substantive provision to ensure mutuality of the PO in the event of any future defense discovery.

Thanks,

Winston

**Winston Y. Chan**
Partner

T: +1 415.393.8362

WChan@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Thursday, January 30, 2025 10:51 AM
**To:** Chan, Winston Y. <WChan@gibsondunn.com>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen

<markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** RE: US v. Thao, et al. - Proposed Stipulated Protective Order

Hi All:

Thanks for jumping on the call yesterday. As we discussed, attached please find a revised version of the protective order. This version: (1) accepts your edits regarding marking of confidential materials, (2) accepts your edits regarding the paragraph at the top of page 3 regarding how the defense can share unredacted stuff internally, (3) adds the language defining ancillary proceedings (which is in track changes), and (4) rejects your edits to the first full paragraph on page 4 regarding disclosure of discovery material produced by the government.

Let us know if this is good to go. Happy to discuss.

Best, Abe

**Abraham Fine**

Assistant United States Attorney

Northern District of California

1301 Clay Street

Oakland, CA 94612

Office: (510) 637-3723

Cell: (415) 412-2430

Abraham.Fine@usdoj.gov

**From:** Chan, Winston Y. <WChan@gibsondunn.com>
**Sent:** Thursday, January 23, 2025 9:18 PM
**To:** Fine, Abraham (USACAN) <AFine1@usa.doj.gov>; Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>; Farnham, Lloyd (USACAN) <lfarnham@usa.doj.gov>
**Subject:** [EXTERNAL] RE: US v. Thao, et al. - Proposed Stipulated Protective Order

Abe, thank you for circulating this.  Attached please find requested edits from the defendants.

Thanks,

Winston

**Winston Y. Chan**
Partner

T: +1 415.393.8362

WChan@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Wednesday, January 22, 2025 4:27 PM
**To:** Tsai, Jeff <Jeff.Tsai@us.dlapiper.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; august@smllp.law; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Cc:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Subject:** US v. Thao, et al. - Proposed Stipulated Protective Order

Hi All:

Please see attached a proposed stipulated protective order.  Happy to discuss.

Best, Abe

**Abraham Fine**

Assistant United States Attorney

Northern District of California

1301 Clay Street

Oakland, CA 94612

Office: (510) 637-3723

Cell: (415) 412-2430

Abraham.Fine@usdoj.gov

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it

from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***