# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*1301 Clay Street Suite 340S*  (510) 637-3680
*Oakland, California 94612*  FAX:(510) 637-3724

February 28, 2025

**BY EMAIL**

JEFFREY TSAI
jeff.tsai@us.dlapiper.com
Counsel for Defendant Sheng Thao

MARK GOLDROSEN
markgoldro@aol.com
Counsel for Defendant Andre Jones

WINSTON CHAN
DOUGLAS SPRAGUE
ERIK BABCOCK
HANNAH STONE
wchan@gibsondunn.com
dsprague@cov.com
erik@babcocklawoffice.com
hstone@gibsondunn.com
Counsel for Defendant Andy Duong

ED SWANSON
AUGUST GUGELMANN
JEFFREY SCHENK
NEAL STEPHENS
ed@smllp.law
august@smllp.law
jbschenk@jonesday.com
nstephens@jonesday.com
Counsel for Defendant David Duong

**Re:    United States v. Sheng Thao et al., CR 25-0003-YGR**
       **Description of USAO Filter Process**

Dear Defense Counsel:

Counsel for David Duong has requested information about the filter process the government has implemented in this investigation to identify potentially privileged material and prevent privileged communications from being used in the investigation or prosecution. We take seriously our obligations to prevent privileged communications from being disclosed to the prosecution team. This letter describes the filter process in detail.

On June 20, 2024, agents executed search warrants in this case and seized electronic devices, including computers, phones, and data storage devices, and hard copy material. Prior to that date, the government also obtained, through search warrants, data from email and electronic communications providers.[1] Shortly after execution of the premises search warrants, we conferred with counsel for Sheng Thao, David Duong, and Andy Duong, as well as counsel for

---

[1] By letter dated February 21, 2025, we provided all counsel with a detailed inventory of the electronic devices obtained through the warrants, as well as the list of account data obtained from electronic communication providers.

CWS[2], and those counsel separately provided to the government lists of attorney names, email address, and phone numbers for the explicit purpose of identifying and filtering out potentially privileged material. The government also reached out to counsel for Andre Jones after execution of the search warrants, and requested "the names/phone numbers/email addresses for any lawyers Mr. Jones might have electronic communications with, over which you would assert attorney/client privilege with Mr. Jones," but Mr. Jones' counsel did not provide the government with any attorney names or information.

The government assembled search terms based on attorney names and contact information that were provided by subjects of the searches to be run on those subject's specific devices and data. The filter team was instructed that these terms consisted of words likely to be associated with attorneys or attorney/client communications, as well as the names/law firms we anticipate could show up in the devices/papers of each subject. The government will separately provide to counsel for each defendant the search terms that related to that specific defendant.

The government also developed search terms based on terms commonly associated with privileged communications, to be used in addition to the search terms related to specific attorneys described above. Specifically, the filter team also ran the following search terms on all electronic devices and accounts to identify material that would require further review by the filter team:

- Attorney
- Esq.
- Esquire
- Privilege
- Privileged
- "Work product"

The filter team was provided with a list of specific communications chains, such as texts or chats, that would be subject to a more specific procedure.[3] For these communication chains, the filter team was instructed to run the search terms and review any individual messages that hit the above search terms, as well as to manually review the full communication chains (i.e. all messages whether or not there was a hit on a search term) for any potentially privileged material. To the extent there were privileged communications in these specific communication threads, the filter team was instructed to redact those portions that were potentially privileged and treat those redacted portions the same as "potentially privileged" materials.

After running the search terms on the specific communication chains and manually reviewing those communications as described in the preceding paragraph, the filter team was

---

[2] At this time, Joshua Robbins from the Buchalter law firm was representing both David Duong and CWS.

[3] These specific communications largely consisted of communications between Duong family members (such as communications between David Duong and Andy Duong) and communications between Sheng Thao and members of her staff (such as communications between Sheng Thao and Leigh Hanson).

instructed to run the search terms (both general terms and those specific to each subject's devices) on the remainder of the search warrant returns.[45] After running the search terms on all of the search warrant returns (specific to each subject's devices/accounts), the filter team was instructed to segregate any other material containing any of the search terms, and the remainder of the materials (whatever did not hit any search terms) were sent to the prosecution team.

Next, the filter team was instructed to review the search-term hits from the data and materials and determine whether they potentially contained privileged information or communications. If the material was clearly not privileged, the filter team was instructed to send that material to the prosecution team. If the material was potentially privileged or the filter agents and AUSA could not determine whether it was privileged, the filter team was instructed to segregate it for further review and consultation with defense counsel. What is left after the running of search terms and manual review by the filter agents and AUSA, is a set of "potentially privileged" materials that has not been provided to the prosecution team.

The filter AUSA is Noah Stern, and the lead filter agent is FBI SA Chris Elges. Additional filter personnel from the FBI included Krystal Martinelli, Steven Coffin, Nicholas Albanese, Justin Calaway, Katelynn Portell, Hannah Broughton, Michael Ledwith, Martha Zacarias, and Nguyet Nguyen. Filter personnel from IRS-CI included Daniel Martinelli, Kristie Plateau, Mark Silva, Hoi Wong, Alexander Yee, Imran Khan, and Vincent Ang. Filter personnel from USPIS included Marie Gibson, Ed Lawee, Alex Hill, and Grace-Eleda Tanaka. None of these individuals have or will work on the investigation or prosecution of this case.

This filter process has been in effect during the entire period of review of the devices and data described above, and counsel for each defendant has been aware of the use of filter procedures and the provided search terms since June. If there are additional attorneys (other than those you or your client's prior counsel have already provided us with) who may have been communicating with your clients *prior* to the searches, please let us know immediately.

The government now proposes the following procedure for the review of the "potentially privileged" sets that have not yet been provided to the prosecution team. We can provide respective counsel the "potentially privileged" documents identified through the above procedure. Counsel can then review those materials and identify which documents the party reviewing will assert are privileged, and thereby should not be passed on to the prosecution team. If the filter team disagrees with any of those assertions of privilege, and any disagreement cannot be resolved through meeting and conferring on the issue, defense counsel and the filter AUSA

---

[4] After the filter team obtained images and/or data from the electronic devices and accounts, the prosecution team asked filter agents to provide individual message chains that did not have privilege concerns without running the above-described search terms on those message chains. For example, the filter team pulled and the prosecution team reviewed text message chains between Sheng Thao and David Duong, as there were no privilege concerns in those messages.

[5] There were a significant number of handwritten notes seized from the residence of Thao and Jones. The filter team manually reviewed these handwritten notes for any privileged materials before any contents of the notes were provided to the prosecution team.

will bring those disagreements to the Court before any disputed portions of the "potentially privileged" material is provided to the prosecution team.

Very truly yours,
PATRICK D. ROBBINS
Acting United States Attorney

/s/
MOLLY K. PRIEDEMAN
ABRAHAM FINE
LLOYD FARNHAM
Assistant United States Attorneys