# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*1301 Clay Street Suite 340S*          *(510) 637-3680*
*Oakland, California 94612*             *FAX:(510) 637-3724*

March 10, 2025

**BY EMAIL**

JEFFREY TSAI
jeff.tsai@us.dlapiper.com
Counsel for Defendant Sheng Thao

WINSTON CHAN
DOUGLAS SPRAGUE
ERIK BABCOCK
HANNAH STONE
wchan@gibsondunn.com
dsprague@cov.com
erik@babcocklawoffice.com
hstone@gibsondunn.com
Counsel for Defendant Andy Duong

MARK GOLDROSEN
SHAWN HALPERT
markgoldro@aol.com
shawn@shawnhalbertlaw.com
Counsel for Defendant Andre Jones

ED SWANSON
AUGUST GUGELMANN
JEFFREY SCHENK
NEAL STEPHENS
ed@smllp.law
august@smllp.law
jbschenk@jonesday.com
nstephens@jonesday.com
Counsel for Defendant David Duong

Re: **United States v. Sheng Thao et al.**
**CR 25-0003-YGR**

**Government Response to Defense Email re Filter Process**

Dear Defense Counsel:

We are in receipt of the March 3, 2025, email from Neal Stephens regarding the government's filter process, which was sent to all defense counsel as well as the prosecutors in the above-captioned case. As we've said before, we agree about the importance of protecting the privileges of the targets of criminal investigations, and we take seriously our obligations to prevent privileged communications from being disclosed to the prosecution team. We appreciate you meeting and conferring on these issues.

The March 3 email contained six numbered proposals from defense counsel regarding the government's filter process. Below, we've copied and pasted each defense proposal with the government's response below.

1. Provide defense counsel previously promoted documents – promoting documents to the prosecution team without allowing defense counsel to raise objections to the Court violates separation of powers principles because the Executive Branch has usurped a function reserved to the Judicial Branch—protecting against the disclosure of privileged material. *United States v. Under Seal (In re Search Warrant Issued June 13, 2019)*, 942 F.3d 159, 177 (4th Cir. 2019); *In re Search of Elec. Commc'ns*, 802 F.3d 516, 530 n. 54 (3rd Cir. 2015). In other words, your process results in the "fox guarding the henhouse problem" that courts have criticized. *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006). As a result, all documents previously promoted by the filter team to the prosecution team need to be provided to the relevant defense counsel (e.g. documents seized from Ms. Thao would be sent to her counsel, not David's counsel) so defense counsel an opportunity to raise objections.

Government Response re Proposal 1

We respectfully disagree that the only appropriate manner of protecting privileged materials involves review of all materials by the Court, or allowing the search target to be the gatekeeper of information seized by the government pursuant to a valid warrant issued by a magistrate judge. We have devised and implemented a reasonable and diligent approach, with the use of a filter team separate from the prosecution team, that is designed—with significant input from the targets' counsel regarding the parties to potentially privileged communications— to protect privileges of the targets' communications.

As we described in our letter dated February 21, 2025, we will be providing to each counsel digital images or copies of the contents of seized devices (to the extent they have been able to be imaged) to the owner of each device, as well as copies of data from email and electronic service providers. Some of you already have some of this material—i.e. David Duong's counsel has had a copy of his iCloud account since last fall. In our letter dated February 28, 2025, we described our filter process, the search terms used, and stated that we will be providing each defense counsel with the "potentially privileged" items described therein. As noted above and as part of the process, those "potentially privileged" sets are created from both general search terms and attorney names and contact information provided by defense counsel. Those "potentially privileged" documents will be provided to respective counsel.

You can determine what has been sent to the prosecution team and what has been identified by the filter team as potentially privileged by comparing the full sets of documents with the "potentially privileged" sets. If there are items in these digital images or copies that did not or you believe would not hit on our search terms that you believe are privileged, please let us know and we will make sure those documents are added to the potentially privileged set for further conferring between you and the filter AUSA, under the procedure that we proposed in our February 28 letter. You can provide us with the information or, alternatively, you can communicate any privilege assertions directly to the filter AUSA.

2. Defense review of all future documents headed to the prosecution team – the government's current process is flawed because it allows the filter team to continue promoting documents to the prosecution team without allowing any review by

defense counsel—i.e. documents that the filter team concludes are not "potentially privileged" get promoted without any defense counsel review. Thus, the forward looking process suffers from the same structural flaw described in No. 1 above—defense counsel has no opportunity to object before the filter team sends certain material to the prosecution team.

Government Response re Proposal 2

As set forth in our February 28 letter, we believe our filter process sufficiently protects the privileges of the defendants, allows defense counsel to make privilege assertions over potentially privileged material, and allows the government to efficiently review the seized material. Accordingly, we plan to continue with the filter process set forth in that letter. If there are items in the digital images or copies that do not hit on our search terms or are otherwise not captured by our filter process that you believe are privileged, please let us know and/or make any privilege assertions to the filter AUSA.

> 3. Provide defense counsel a copy of the written filter protocol – the Justice Manual requires that the government memorialize its filter protocol and provide the protocol to the filter team *prior* to the search. JM Section 9-13.420(E) ("The filter protocols and other search instructions should be provided to the filter team and thoroughly discussed with the filter team prior to the search."). We have repeatedly requested a copy of the government's written filter protocol. Your letter does not resolve this issue. In fact, it remains unclear whether a written protocol exists right now, let alone whether a written protocol existed before agents seized privileged material. Transparency from the government about what has happened to date will allow us to move forward on these issues. We are offering you a process by which the government can use filter procedures throughout this case. But if the government refuses to tell us what has happened to date, we would need to seek an evidentiary hearing to assess whether (a) the government designated a filter AUSA and filter agents before agents seized any privileged materials, (b) whether the filter AUSA briefed all filter team and seizing agents about the filter procedures before the search and review process began, (c) whether the government followed its own policies regarding safeguarding privileged materials, and (d) whether any prosecution team member has been exposed to any privileged material. We do not want to occupy the Court's time with a motion on an issue that the parties should be able to resolve through this meet and confer process. The government seized an immense amount of material that needs to be reviewed so resolving this issue now will allow both sides to keep this matter moving efficiently towards a trial date.

Government Response re Proposal 3

Before conducting the filter review described in our February 28 letter, the government provided the filter AUSA and filter agents a written memorandum describing the filter procedures. That document, however, is both work product and sensitive, as it contains a summary of the investigation and information obtained at that point, a description of the targets, and the government's priorities for conducting searches, and including search terms related to

third-party subjects. Accordingly, we do not plan to produce that specific document to the defense. The specific filter instructions provided to the filter team and the filter procedure, however, were described in our February 28 letter, and that description provides the information you need to evaluate and consider the procedures.

4. <u>Return all copies of privileged material to the appropriate defense counsel</u>: the filter team agrees to return <u>all</u> copies of any privileged document to the relevant defense counsel as soon as the document is identified to be privileged. The government is not allowed to keep any copy of any privileged document. JM Section 9-13.420(D) ("… in all cases a prosecutor must employ adequate precautions to ensure that … any privileged documents are returned to the attorney from whom they were seized).

<u>Government Response re Proposal 4</u>

As set forth in our February 28 letter, we will be providing each defense counsel with copies of all material the filter team has deemed to be "potentially privileged" relating to their respective client. In addition, we will return all hard copy documents deemed to be privileged by the filter team to the appropriate defense counsel. As for privileged material contained in electronic devices or data obtained from email and electronic communications providers, we will comply with Attachments B and C of those warrants. For electronic communication providers, the warrants require the data not seized pursuant to attachment B to be sealed but retained (and each search target will or has that full set of documents produced by the providers). For devices, we will be retaining the devices and copies or images, but the prosecution team will not have access to those data sets that have not been through a filter process. In all cases, we will restrict the prosecution team's access to any material identified as potentially privileged or specifically identified as privileged material through the process set forth in the February 28 letter.

5. <u>The filter team must securely store seized materials</u>: the seized material should be treated like Rule 6(e) grand jury material – the paper material should be stored in a secure location that prosecution team members cannot access and the electronic material needs to be stored in a manner where only filter team members can access the database storing the materials. Please discuss internally and propose a process that achieves these objectives. We understand that you will need to review your storage space for an appropriate location for the paper documents and may need to consult with your internal IT experts about the electronic documents.

<u>Government Response re Proposal 5</u>

As set forth above, we will take appropriate steps to protect privileged material and ensure that the prosecution team does not have access to privileged material.

6. <u>The government must report any violations of the filter protocol</u>: if there are any violations of the filter protocol, the government must report the violation to the appropriate defense counsel so counsel can assess whether judicial intervention is needed to remedy any harm created by the breach. This would apply to both (a) any

future violation, and (b) any violation that occurred prior to the adoption of a revised protocol.

Government Response re Proposal 6

There have not been any violations of the filter protocol that we are aware of (and we expect that the filter agents or AUSA would have told us if any occurred), and that includes no instances in which filter team members did not follow the directed procedures, or instances in which the filter team released or the prosecution team reviewed a set of materials that was not intended to be released under the procedure. To the extent there are any violations of the filter process set forth in our February 28 letter, we will notify the appropriate defense counsel. Similarly, if we intend to implement any procedures that vary from the procedures adopted and described to you in the February 28 letter, we will let counsel know.

Very truly yours,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys

Enclosures:   March 3, 2025 Email from Neal Stephens