

**EXHIBIT C**



# MEMORANDUM

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of Kentucky*

---

TO: ALL EMPLOYEES

FROM: Robert M. Duncan, Jr.
United States Attorney

DATE: December 21, 2018

RE: Office Policy on Implementation and Use of Filter Teams

---

## I. INTRODUCTION

During the course of a criminal or civil investigation, we may come into possession of information that is protected by a privilege, rule, statute, or the Constitution (hereinafter collectively referred to as "privileged information"). The information could come through a search warrant, subpoena, wiretap, receipt of an unsolicited communication, or from an informant. If the prosecution team is exposed to privileged or otherwise confidential information, members of the prosecution team could be disqualified from further involvement in the prosecution, the court may suppress evidence, and, in the most egregious cases, a court may dismiss the indictment. Such a ruling could result in a bar referral and disciplinary action against the prosecuting AUSAs.

The office policy announced herein establishes the procedures for implementation and use of "filter teams" or "taint teams." A "filter team" is a team of AUSA(s) and/or investigator(s), who are separated from the prosecution team in order to protect the defendant's Constitutional and statutory rights by ensuring that the prosecution team is not exposed to privileged information. By implementing a filter team, the government can demonstrate to a court that it has taken adequate precautions to protect the defendant's rights.

The Professional Responsibility Advisory Office (PRAO) advises:

> The courts, of course, are the arbiters of what constitutes an "adequate" privilege filter team. Accordingly, adequacy should be assessed not just in terms of actually preventing privileged information from reaching the prosecution team, but also being able to demonstrate successfully to a court that such screening took place. Best practices may include: (1) providing written instructions to the filter team; (2) keeping potentially

privileged materials sealed and labeled, locked or otherwise securely out of the realm of the prosecution team; (3) coordinating procedures with opposing counsel; and (4) permitting court review of challenged documents prior to handing such documents over to the prosecution team. Pre-approval of filter team procedures by a court also may be helpful in that the court would make a prospective determination regarding the adequacy of proposed procedures.

The policy set forth below adopts PRAO's recommended best practices, with modifications specific to the resources and needs of the USAO-EDKY.

## II. WHEN TO USE A FILTER TEAM

A filter team should be used whenever there is a reasonable possibility that materials to be reviewed may include privileged information.

The most common scenario for encountering privileged information is during the execution of a search warrant targeting individuals or entities that are part of a legitimate business or hold themselves out to be one. Privileged information may also be encountered when searching a target's home where the target is known to be represented by an attorney. Though uncommon, a search warrant for an attorney's office would undoubtedly involve privileged material.[1] Searches of electronic service provider accounts, electronic devices, and the interception of communications through a wiretap or recorded jail call may also uncover privileged materials.

The need for a filter team may also arise when a represented defendant engages in ongoing or new illegal activity. The investigation of the new criminal activity could expose privileged contacts between the defendant and his or her attorney on the indicted case. A filter team could be used to direct an investigation into the new criminal activity without running afoul of professional responsibility rules or Constitutional protections afforded the defendant as a result of the indicted crime or complaint. PRAO refers to this scenario as a "new matter filter team."

There may be times when you do not know or anticipate that lawfully-seized evidence contains potentially-privileged information until you are contacted by a defense attorney or you encounter information that appears to be privileged during your review of evidence. Once you are on notice of a potential privilege issue, you have a responsibility to stop your review to ensure that adequate safeguards are taken to protect the defendant's rights.

---

[1] In order to search an attorney's office or otherwise collect evidence directly from an attorney, the prosecution team should follow the guidelines at Section 9-13.420 of the Justice Manual and all other related policies.

III. **WHAT TO DO IF YOU THINK YOU NEED A FILTER TEAM**

All AUSAs are responsible for understanding privilege issues and identifying the potential need for a filter team. If you believe there is a reasonable possibility that you will encounter privileged information:

1. Immediately stop reviewing materials that may include privileged information and similarly direct the investigative team to suspend its review.

2. Contact the Executive Assistant United States Attorney (Executive AUSA) to discuss whether a filter AUSA should be assigned to the matter. If a filter team is necessary, the Executive AUSA will direct you to prepare a memo summarizing relevant information about the investigation and specific instructions for transmittal to the filter team.

3. Talk to your case agent about potential privileges and filter procedures. Ask your case agent to have his agency assign a filter agent. Incorporate any necessary instructions specific to your case in the filter team instructions provided to the Executive AUSA.

It is the responsibility of the AUSA to alert members of the prosecution team, including agents/TFOs, paralegals, legal assistants, or other assigned personnel, of the obligation to stop reviewing and notify the AUSA when potentially privileged material is encountered.

IV. **FILTER AUSA RESPONSIBILITIES**

There are specially-designated filter AUSAs in the Eastern District of Kentucky. The Ft. Mitchell and London branch offices, and each Lexington litigating division,[2] shall each have at least one designated filter AUSA. Filter AUSAs will be selected by the supervisor of the litigating division and will serve rotating one-year terms. Filter AUSAs will receive or have received training and guidance in reviewing privileged material and filtering information in different types of cases and investigations. The Executive AUSA will assign a designated filter AUSA to appropriate cases. The filter AUSA will not work within the same branch office or litigating division as the prosecution team for that particular case.[3] The filter AUSA will:

1. Carefully review filter team instructions and protocols with filter agent(s) and delineate tasks.

---

[2] For purposes of this policy, these litigating divisions are the Civil Division, Fraud Division, and Criminal Division.

[3] The filter AUSA and the prosecution team may both work in the Lexington office, provided they are not within the same litigating division.

2. Provide guidance to filter agent(s) on what privileged materials may exist based on the specific facts of the case set forth in the filter instructions.

3. Contact the Litigation Support Unit (LSU) Coordinator to assign the matter to one of the LSU specialists. The LSU Coordinator will then ensure that the assigned LSU specialist is walled off from other work being conducted by the prosecution team on that particular case, consistent with paragraph 6 below. The filter AUSA will coordinate with the assigned LSU specialist to load the discovery into Eclipse or other electronic document-review platform, as necessary based on the nature of the material at issue.

4. Review potentially-privileged materials and identify and segregate privileged materials, non-privileged materials, and potentially-privileged materials. Filter AUSAs shall err on the side of caution and treat any questionable items as potentially privileged.

5. Create a log to document the review process and disposition. At a minimum, the log should include the Bates number of each record reviewed when available, a brief description of the record (date, to/from, subject matter, etc.), its classification as privileged, non-privileged, or potentially privileged, and the nature of the privilege when applicable (attorney-client, work product, etc.).

6. Under no circumstances shall members of the filter team participate in, or provide other assistance to the prosecution team, or convey any privileged information to the prosecution team. The filter team is barred from having any role with respect to the prosecution of the matter.

7. Other than the status of the review, the filter attorney should not discuss or disclose any findings or information reviewed with the prosecution team or any other USAO employee except to the extent necessary to confer with the Executive AUSA.

8. Once the filter team has completed its review and made the appropriate determinations, the filter team AUSA will forward to counsel for the defendant all items that are not privileged and that the filter AUSA intends to provide to the investigating agents and prosecutors. Counsel for the defendant will be given a reasonable time, given the specific circumstances of the case and the nature of the information, to review these materials for privileged information. If the defense attorney claims that an item is privileged and the filter AUSA does not agree, the item shall be submitted to the court under seal for a final determination.

9. Securely store all privileged information. Coordinate with filter agent and the LSU specialist to ensure that privileged materials are removed from evidence available to the prosecution team.

EOUSA RIF

10. Respond to any motions for protective orders or motions relating to privilege issues by explaining that a filter team has been established and the procedures being followed.

11. If the investigation is covert, follow the steps detailed above, except the filter AUSA will wait to provide defense counsel with material determined to be privileged until the investigation is overt. In the covert investigation scenario, it is extremely important to document the steps taken to protect the privilege.

V. **BEST PRACTICES**

The following is a non-exclusive list of best practices that should be followed in the normal course, recognizing that no two cases are exactly alike and that the needs of each case may vary.

1. If you are seeking a search warrant that may uncover potentially-privileged material, include information in the affidavit that a filter team has been established and will follow an appropriate protocol to avoid disclosure of privileged information.

2. Provide a factual background of the investigation and information about potential privileges to the filter AUSA. Remember that the filter team is a one-way street. The AUSA assigned to the case can fully brief the filter team on relevant background facts regarding the information, but the filter team cannot communicate anything that may contain privileged materials or information directly or indirectly by advising the prosecution team.

3. Identify and provide (or have the filter agent provide) the potentially privileged material to be reviewed (files, computer records, reports, statements, emails etc.) to the filter AUSA. Maintain proper chain of custody of evidence and DO NOT give the filter AUSA original copies of materials. Original evidence that is determined to be privileged should be appropriately marked and secured by the filter agent.

4. If a target or defendant has counsel, the filter AUSA should consult counsel as to any claims of privilege, specific search terms for computers, the identity of members of the defense team including e-mail addresses and/or phone numbers, and suggested procedures unique to the case unless it would impact the integrity of the investigation.

   Post-indictment, unless it would threaten an ongoing investigation, the filter AUSA should provide a copy of the filter team instructions to counsel for the defendant and regularly consult with defendant's counsel as necessary.

5. In cases that have not been indicted, but involve represented targets, the filter AUSA should consult with the target's attorney if doing so would not impact the integrity of the investigation. In instances when the investigation precludes contact with counsel, any doubts about the propriety of disclosure to the prosecution team should be resolved in favor of the defendant and, if necessary, any potentially privileged material should be submitted to a court for review (for example, as a miscellaneous proceeding).

6. If the prosecution team wishes to obtain recorded calls made by a defendant or target while incarcerated, the assigned AUSA must work with the investigating agents and the facility from which the recorded calls are sought to ensure that the facility (a) is aware of the names and contact information of any defense counsel the defendant or target may have communicated with, and (b) has taken appropriate steps to remove such potentially privileged communications from the material provided to the investigating agent or other member of the prosecution team. If those steps have not been taken, or if any member of the prosecution team becomes aware of a reasonable possibility that the material includes attorney-client communications, the assigned AUSA is responsible for implementing a filter team as set forth above in Section III.

Finally, each case is different and should be assessed based on the factual circumstances of the case, including exigencies related to witness security. The filter AUSAs, First AUSA, Executive AUSA, Criminal Chief, Fraud Division Chief, and managers of the London and Ft. Mitchell branch offices will periodically meet to discuss emerging issues and consider revisions to this guidance. AUSAs should contact the Executive AUSA if they have any questions regarding privilege issues.

## VI. NON-ENFORCEABILITY

This document establishes policy for the United States Attorney's Office for the Eastern District of Kentucky. This policy is not intended to, does not, and may not be relied upon to create any rights, privileges, or benefits, procedural or substantive, that are enforceable at law or in equity by any party in any civil or criminal matter. *See* United States v. Caceres, 440 U.S. 741 (1979). This policy does not place any limitations on the otherwise lawful prerogatives of the United States Attorney's Office for the Eastern District of Kentucky or the United States Department of Justice.