Jeffrey Tsai (SBN 226081)
 *jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice*)
 *darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br>　　　　　　　Defendants. | Case No. 4:25-CR-3-YGR<br><br>**DEFENDANT SHENG THAO'S MOTION FOR 90-DAY EXTENSION OF TIME TO FILE MOTION FOR TRANSFER OF VENUE**<br><br>Hearing Date:　　September 11, 2025<br>Hearing Time:　　2:00 p.m.<br>Judge:  The Hon. Yvonne Gonzalez Rogers<br>Courtroom:  1 (4th Floor) |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on September 11, 2025, at 2:00 p.m., or as soon before as the matter may be heard, in the courtroom of the Honorable Yvonne Gonzalez Rogers, located at 1301 Clay Street, Oakland, California 94612, Defendant Sheng Thao—joined by Defendants Andre Jones, David Duong, and Andy Duong—will, and hereby does, respectfully move for an order extending by 90 days the deadline to file a motion for transfer of venue.

This motion is based on the attached memorandum of points and authorities, the Declaration of Darryl L. Tarver ("Tarver Decl."), the files and records in this case, and any evidence or argument presented at a hearing on this matter. On August 20, 2025, defense counsel met and conferred with government counsel to ask for consent to the 90-day extension. The government did not provide consent for the motion to be filed as "unopposed."

Pursuant to the Court's Standing Order in Criminal Cases, defense counsel notes that the time period from the filing of the motion through the conclusion of the hearing may be excluded time pursuant to 18 U.S.C. § 3161(h)(1)(D).

Dated: August 21, 2025                    Respectfully submitted,

                                          DLA PIPER LLP (US)

                                          By: /s/ *Jeffrey Tsai*
                                          JEFFREY TSAI
                                          DARRYL LOUIS TARVER
                                          *Attorneys for Defendant Sheng Thao*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Sheng Thao, through her counsel, hereby and respectfully moves the Court for a 90-day extension of time to file a pretrial motion for transfer of venue. This motion is joined by Defendants Andre Jones, David Duong, and Andy Duong, through their counsel, who will file separate notices of their joinder.[1]

**RELEVANT BACKGROUND**

A grand jury returned the indictment in this case on January 9, 2025, and the Court held the Defendants' initial appearances on January 17, 2025. See ECF Nos. 1, 10-13. Since that time, the Court has held three status conferences, including the most recent one on August 14, 2025. See ECF Nos. 40, 64 and 96. The Court has excluded time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h). See ECF Nos. 18-21.

At the parties' August 14th status conference, the Court inquired of Ms. Thao's counsel whether counsel was contemplating the filing of any pretrial motions. Counsel answered that Ms. Thao's defense is contemplating whether to file a motion to transfer venue, and counsel for Messrs. Jones, D. Duong, and A. Duong stated that they would evaluate whether to join a potential motion. The Court ordered that any venue-transfer motion must be filed within 30 days—on or before September 11, 2025—and the Court further set a briefing schedule wherein any opposition to a venue motion is due on September 25, 2025, and any reply is due on October 9, 2025.[2] See ECF No. 96. The Court also set a hearing on a venue-transfer motion for November 20, 2025, the date of the next scheduled status conference. See id.

Following the August 14th hearing, Ms. Thao's counsel continued to investigate whether to bring a venue-transfer motion, including the evidentiary foundation for such a motion in this case. See Tarver Decl. ¶ 7. As such, Defendants are identifying and intend to engage one or

---

[1] At the parties' April 24, 2025, status conference, the Court instructed that parties joining a motion should "file those notices that [the parties are] joining on the docket so [the Court] know[s] when [it is] prepping." Apr. 24, 2025, Hrg. Tr. at 15:8-10.

[2] The hearing for the instant motion is scheduled for September 11th, the same day currently ordered for any venue-transfer motion. As set forth in the Notice of Motion, Ms. Thao respectfully requests a hearing or adjudication as to the instant motion as soon as the matter may be heard by the Court.

1   more trial consultants for the purpose of gathering and analyzing survey/polling data regarding
2   the opinions and potential biases among the jury pool for the Oakland Division. See id.
3   Defendants also intend to gather data regarding the potential biases among the jury pool in any
4   district(s) and/or division(s) to which a venue-transfer motion would propose transfer. See id. at
5   ¶ 8. A trial consultant with experience conducting venue analyses informed Ms. Thao's counsel
6   that gathering and analyzing the relevant data typically takes approximately 90 days. See id. A
7   meaningful and reliable survey and analysis of cross-sections of the relevant jury pools inside of
8   the current 30-day schedule would be impracticable. See id. The evidence gathered, and
9   analysis conducted, during this process will factor into whether to bring a venue-transfer motion
10  and what arguments are available in support of such a motion. See id. at ¶ 7.

11       On August 20, 2025, counsel for Ms. Thao (along with counsel for David Duong) and
12  the government met and conferred to determine whether they could reach agreement on an
13  extension of time. The government declined to consent to the extension because (among other
14  reasons) it does not want any extension to delay the setting of a trial date at the parties'
15  November 20th hearing. See id. at ¶ 9. Counsel for Ms. Thao represented to the government that
16  the instant motion does not argue for, or otherwise seek a delay in, the setting of a trial date at
17  the parties' November 20th hearing (if all parties are otherwise prepared to do so at that time).
18  See id.

## ARGUMENT

20      The request for an extension of 90 days to file Ms. Thao's venue-transfer motion is
21  supported by good cause.

22      First, the 90 days is necessary for Ms. Thao's defense to obtain the evidence relevant to
23  a venue-transfer motion, and such evidence will factor into whether to bring such a motion (and
24  the available arguments in support of a motion). For example, a potential basis for a venue-
25  transfer motion is presumed prejudice against Ms. Thao and the other defendants within the jury
26  pool in the Oakland Division, which requires a transfer to protect the right to be tried by an
27  unbiased jury. See, e.g., Skilling v. United States, 561 U.S. 358 (2010). In Skilling, the Supreme
28  Court articulated several non-exclusive factors in evaluating a venue-transfer motion based on

1    presumed prejudice, including: (1) "the size and characteristics of the community;" (2) the
2    nature and extent of the pretrial publicity; (3) the passage of time between the pretrial publicity
3    and trial; and (4) whether the jury ultimately reached independent conclusions for each charged
4    offense. Id. at 381-84; see also Hayes v. Ayers, 632 F.3d 500, 509-10 (9th Cir. 2011) (analyzing
5    Skilling factors).
6        The evidence that Ms. Thao intends to gather through an outside consultant relates to
7    these relevant factors—in particular, (1) the size and characteristics of the communities
8    comprising the jury pool within the Oakland Division; and (2) the nature and extent of the
9    media coverage and other publicity within those communities. See Skilling, 561 U.S. at 382.
10   The presence of such evidence will materially substantiate and justify a venue-transfer motion.
11   See, e.g., Sablan, 2014 WL 7335210, at *2 ("[C]ourts also generally do not have the benefit of
12   pretrial survey research to inform the question. We do."); United States v. Mosby, No. 22-CR-
13   00007-LKG, 2023 WL 5879294, at *7 (D. Md. Sept. 11, 2023) (citing data from defense-
14   retained trial consultant in granting defendant's venue-transfer motion).
15       The Mosby case is an instructive illustration of the key utility of survey/polling data in a
16   court's consideration of a motion for transfer of venue. In Mosby, the government charged the
17   elected State's Attorney for Baltimore City with perjury and making false statements on a loan
18   application. See id. at *1. The case generated immense publicity in Baltimore and the
19   surrounding counties (which comprised the jury pool in the District of Maryland's Northern
20   Division), including election-campaign advocacy portraying the defendant in a negative light.
21   See id. at *3, 6. The court granted the defendant's venue-transfer motion and cited several
22   evidentiary findings from a jury consultant, including that 25 percent of jury-eligible Northern
23   Division survey respondents believed the defendant was "definitely guilty" of making false
24   statements on a loan application. See id. at *7.
25       This case, like Mosby, involves a now-former elected official, Ms. Thao, who has been
26   the subject of significant publicity related to her criminal case, including election-campaign
27   advocacy portraying Ms. Thao in a negative light. See Tarver Decl. at ¶ 4. To determine
28   whether to file a venue-transfer motion to protect Ms. Thao's right to a fair and impartial jury,

1  her defense requires the opportunity to conduct meaningful research of jury-eligible residents in
2  the counties comprising the Oakland Division and alternate locations. Ms. Thao's defense
3  expects that evidence from such research substantiating the need for a venue transfer will have a
4  material impact on the Court's decision whether to grant any such transfer. See, e.g., Sablan,
5  2014 WL 7335210, at *2; Mosby, 2023 WL 5879294, at *7.

6        Second, the request is not being made due to any lack of diligence by Ms. Thao or her
7  counsel. Ms. Thao's defense only became aware at the August 14th hearing that it would have a
8  30-day window in which to gather the relevant evidence, decide on whether to file a venue-
9  transfer motion, and then prepare such a motion. See Tarver Decl. at ¶ 5. Up to this point in the
10 pretrial process, Ms. Thao's defense has been almost exclusively focused on intaking,
11 processing, and reviewing tranches of the voluminous discovery produced by the government—
12 including discovery set forth in the Court's privilege-filter protocol (see ECF No. 81). See id. at
13 ¶ 2.

14       Following the August 14th hearing, Ms. Thao's defense has determined that the
15 survey/polling and research for a venue-transfer motion will take approximately 90 days. See
16 Tarver Decl. at ¶ 8. A 90-day extension is necessary to conduct the research on whether the
17 characteristics of the jury pool and other relevant factors support a venue-transfer motion. See
18 id. at ¶¶ 7-8.  The research will consist of a multi-phase process of data gathering and analysis,
19 including completing telephone surveys of a statistically significant sample size of individuals
20 eligible to serve on juries in the Oakland Division and the proposed alternate venue(s)
21 (estimated between 200 and 400 individuals in each jury pool). See id. at ¶ 8. The surveys will
22 be designed to assess jury-eligible individuals' exposure to publicity regarding Ms. Thao and
23 the criminal case and identify potential biases. See id.  After completing the surveys, the trial
24 consultant(s) will conduct quantitative and qualitative analysis of the data (as well as any other
25 relevant data sources, such as media coverage and social media) and report the evidentiary
26 findings to defense counsel. See id. at ¶ 7. The evidentiary findings will assist counsel in
27 determining whether to proceed with a venue-transfer motion (which would be completed
28 within the 90-day extension period). See id.

1     Third, the proposed extension of time—set forth in the section below—should not have
2  any delaying impact on the case (including, namely, the setting of a trial date). As the Court
3  noted at the parties' August 14th hearing, the government's provision of discovery and the
4  parties' processing and review of such discovery runs in parallel with the venue-transfer issue.
5  Moreover, the Court has already indicated that it intends to set a trial date at the parties'
6  November 20, 2025, status conference—and in seeking a 90-day extension, the instant motion is
7  not seeking any delay in the setting of a trial date at the November 20th conference. See id. at
8  ¶ 9. And, in any event, a 90-day extension for this Court to hear a venue-transfer motion would
9  not be irregular—indeed, it is not uncommon for venue-transfer motions to be filed closer to
10 trial itself. See, e.g., Sablan, 2014 WL 7335210, at *2 (defendant filed a venue-transfer motion
11 pursuant to Rule 21 on October 29, 2014, less than six months before the April 15, 2015, trial
12 date); Mosby, 2023 WL 5879294, at *8 (defendant renewed her venue-transfer motion on June
13 30, 2023, approximately four months before the November 1, 2023 trial date). Here, even the
14 government indicated at the August 14th hearing that it would not seek a trial date that is before
15 the middle period of 2026—as a result, a 90-day extension will still preserve significant time
16 before the start of trial in this matter. See Tarver Decl. ¶ 9.

## PROPOSED BRIEFING SCHEDULE

Based on the foregoing, Ms. Thao proposes the following revised briefing schedule (which dates counsel for Ms. Thao provided to the government):

   Deadline to File Motion for Transfer of Venue: **December 10, 2025**

   Deadline to File Opposition to Motion: **January 14, 2026**

   Deadline to File Reply: **January 28, 2026**

   Hearing on Motion: **February 19, 2026**

## CONCLUSION

For the foregoing reasons, Ms. Thao respectfully requests that the Court grant her Motion for 90-Day Extension of Time to File Motion for Transfer of Venue, which each of the

///

///

other defendants join.

Dated: August 21, 2025

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Jeffrey Tsai*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*