Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email:  ed@smllp.law
Email:  august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email:  nstephens@jonesday.com
Email:  jbschenk@jonesday.com
Email:  tdonnelly@jonesday.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>vs.<br>DAVID DUONG,<br><br>                          Defendant. | Case No. CR 25-0003 YGR (KAW)<br><br>**MOTION FOR TEMPORARY MODIFICATION OF RELEASE CONDITIONS** |

Defendant David Duong hereby moves the Court for an order temporarily modifying his release conditions to permit him to attend a further mediation session in Vietnam related to ongoing litigation between his company, Vietnam Waste Solutions, and the local government of Ho Chi Minh City. Pretrial Services does not object to this business trip. Mr. Duong has traveled to Vietnam three times during the pendency of this case for the same purpose, twice without objection from the government and once with permission from this Court over the government's

objection. The government again objects to the requested travel, but neither party believes a hearing on this request is necessary.

### I.    Relevant background

Mr. Duong is the founder of California Waste Solutions, headquartered in Oakland, and the founder, CEO, and president of Vietnam Waste Solutions (VWS), which contracts with Ho Chi Minh City to collect garbage and recycling. Since 2022, VWS has been in litigation with Ho Chi Minh City concerning the city's nonpayment of waste processing fees. VWS and Ho Chi Minh City have conducted multiple mediation sessions throughout 2025. A further series of meetings and a mediation session is scheduled for November 30 through December 20. Undersigned counsel is hopeful, based in part on the parties' agreement to postpone arbitration previously scheduled for December in Singapore, that the matter will resolve at this session.

Mr. Duong made his initial appearance on January 17, 2025. The Court set conditions of release, including a $100,000 bond secured by property and a travel restriction to the Northern and Eastern Districts of California. The government thereafter stipulated to multiple temporary modifications of Mr. Duong's release conditions to permit travel for business, including to attend two previous mediation sessions in Vietnam. In connection with the first trip to Vietnam, Mr. Duong stipulated to an increase in his bond to $1,000,000 secured by property. Dkt. 77. Mr. Duong also agreed to waive extradition to the United States in the event he does not return as required. *Id.* When Mr. Duong sought permission for a third trip to Vietnam, the government declined to stipulate; the Court granted the request after a hearing. Dkt. 114. Mr. Duong made that trip according to the Court's orders, returning ahead of schedule when the mediation sessions ended early.

### II.   Current travel request

Mr. Duong now requests that the conditions of his release be modified to permit him to return to Vietnam from November 29 through December 20, 2025 for a continued (and hopefully final) mediation session in the VWS litigation. Undersigned counsel has provided to the government and Pretrial Services a letter from Mr. Duong's counsel in Vietnam outlining the

dates for the mediation and the requirement of Mr. Duong's personal attendance.[1] Pretrial Services does not object. As was the case with Mr. Duong's previous travel request, the government declines to stipulate, citing Mr. Duong's ties to Vietnam, his financial resources, and the frequency of these trips. As noted above, the parties have conferred and do not believe a hearing on this request is necessary.

### III. Mr. Duong has demonstrated that he does not pose a risk of flight and requests that the Court permit the requested travel.

Mr. Duong does not pose a risk of flight. As thoroughly documented in the post-release bail study, his ties to the Bay Area are extensive and deep. *See* Dkt. 47. He has lived in California since the early 1980's, and he founded a large and successful recycling business that he will not abandon. He has five siblings who reside in California. He is married and has eight children who live in the Bay Area. He purchased a home in Oakland in 2012 where he continues to reside. His appearance in this case is secured by a $1,000,000 bond on that home, and he has agreed in writing to waive extradition should he not return to the United States as ordered. He has been in full compliance with the conditions of his supervision since his initial appearance.

Perhaps more important than his extensive community ties and the conditions securing his appearance, Mr. Duong has repeatedly demonstrated that he is not a flight risk, as evidenced by the Court's order granting the last such request. He has traveled domestically outside the district on multiple occasions and returned without incident each time. And he has made the same trip for which he now asks permission, travel to Vietnam for mediation in the VWS litigation, three times before. Each time, he has come back to California as ordered—or ahead of schedule, in the most recent instance—and given his passport back to Pretrial Services.

/ / /

---

[1] Counsel can provide this letter to the Court if required.

### IV. Conclusion

Because Mr. Duong does not pose a risk of flight, as demonstrated by his deep community ties and prior domestic travel and trips to Vietnam, and because he remains subject to stringent conditions of release including a $1,000,000 secured bond and an extradition waiver, he respectfully requests that the Court grant permission for him to travel to Vietnam as requested.

Dated: November 21, 2025

Respectfully submitted,

/s/
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP
Attorneys for David Duong