Jeffrey Tsai (SBN 226081)
 jeff.tsai@us.dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice*)
 darryl.tarver@us.dlapiper.com
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br>　　　　　　Defendants. | Case No. 4:25-CR-3-YGR<br><br>**DEFENDANT SHENG THAO'S NOTICE ON BEHALF OF DEFENDANTS REGARDING VENUE AND INTENT TO REQUEST JURY SELECTION PROCEDURES** |

Defendant Sheng Thao, through her counsel, and on behalf of Defendants Andre Jones, David Duong and Andy Duong, hereby and respectfully submits this Notice to inform the Court that the defendants will not move for a transfer of venue at this time.

## I.   RELEVANT BACKGROUND

On November 20, 2025, the Court set trial in this matter to begin on October 19, 2026. See ECF No. 128. Jury selection will commence several days earlier on October 13, 2026. See id. At the parties' prior status conference on August 14, 2025, undersigned counsel advised the Court that Ms. Thao was contemplating filing a motion for transfer of venue, and counsel for the other defendants stated they would evaluate whether to join such a potential motion. See ECF No. 99. The Court ordered a potential venue-transfer motion to be filed on or before September 11, 2025. See ECF No. 96.

Following the August 14, 2025, hearing, Ms. Thao moved the Court for a filing-date extension for a potential venue-transfer motion to December 10, 2025, to allow sufficient time for data collection regarding possible bias in the venire of the Oakland Division. See ECF No. 99. In her extension motion, Ms. Thao indicated that she planned to engage an outside consultant for the purpose of conducting jury research among potential jurors in the Oakland Division. Id. The other three defendants joined Ms. Thao's extension motion, and the government did not oppose. See ECF Nos. 100-103. In or around August 2025, Defendants engaged a consultant with expertise in jury research to conduct a poll of potential jurors within the relevant jury venire.

The Court granted the extension motion on September 11, 2025. See ECF No. 105.

## II.   DISCUSSION

The preliminary results from the jury research raise multiple prejudice concerns, but Ms. Thao and the other Defendants do not contend that prejudice is already so pervasive at this time in the case so as to render a fair trial in the Oakland Division impossible.[1]

---

[1] The defendants respectfully reserve the right to revisit venue and seek appropriate relief (such as a motion for change of venue) should new circumstances and/or additional data demonstrate as the case gets closer to trial that an impartial jury cannot be seated in the Oakland

1    In order to address prejudice concerns revealed from the preliminary data, Ms. Thao
2    expects that Defendants will—in connection with the parties' forthcoming filing regarding
3    pretrial deadlines on January 14, 2026 (ECF No. 128)—propose to the Court one or more
4    narrowly tailored and time-limited measures designed to balance courtroom efficiency with the
5    constitutional imperatives of due process and trial by an impartial jury. Defendants will meet
6    and confer with the government regarding these anticipated proposals.

                                                    * * *

8    Undersigned counsel conferred with counsel for the other Defendants and the
9    government prior to the filing of this Notice.

10   Dated: December 10, 2025                    Respectfully submitted,

11                                               DLA PIPER LLP (US)

12                                       By:    /s/ *Jeffrey Tsai*
                                                 JEFFREY TSAI
13                                               DARRYL LOUIS TARVER
                                                 *Attorneys for Defendant Sheng Thao*

---

Division. Revisiting jury research among the venire at a time closer to trial routinely gives a more accurate picture of bias conditions at the time of trial. See, e.g., United States v. Maad, 75 F. App'x 599, 601 (9th Cir. 2003) (defendant moved for venue-transfer on January 4, 2002, and renewed motion on January 28, 2002, in advance of trial scheduled for February 4, 2002); United States v. Sablan, 1:08-cr-259-PMP, 2014 WL 7335210, at *2 (defendant filed a venue-transfer motion pursuant to Rule 21 on October 29, 2014, less than six months before the April 15, 2015, trial date); United States v. Mosby, 2023 WL 5879294, at *8 (defendant renewed her venue-transfer motion on June 30, 2023, approximately four months before the November 1, 2023 trial date); United v. Henrikson, 2015 U.S. Dist. LEXIS 170829 (E.D. Wash. Dec. 22, 2015) (defendant filed venue-transfer motion on September 3, 2015, for trial set on October 5, 2015).