Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email:  ed@smllp.law
Email:  august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email:  nstephens@jonesday.com
Email:  jbschenk@jonesday.com
Email:  tdonnelly@jonesday.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br>DAVID DUONG,<br><br>　　　　　　　Defendant. | Case No. CR 25-0003 YGR (KAW)<br><br>**REQUEST AND [PROPOSED] ORDER TO MODIFY CONDITIONS OF RELEASE** |

　　　　Defendant David Duong hereby moves the Court for an order temporarily modifying his release conditions to permit him to travel to Vietnam and Singapore to conclude matters related to the ongoing litigation between his company, Vietnam Waste Solutions, and the local government of Ho Chi Minh City. Pretrial Services does not object to this business trip. Mr. Duong has traveled to Vietnam four times during the pendency of this case for the same purpose, twice without objection from the government and twice with permission from this Court over the

government's objection. The government again objects to the requested travel, but neither party believes a hearing on this request is necessary.

Second, Mr. Duong requests permission to travel to Southern California to attend and speak at Vietnamese New Year's celebrations there. Neither the government nor Pretrial Services objects to this domestic travel request.

### I. Relevant background

Mr. Duong is the founder of California Waste Solutions, headquartered in Oakland, and the founder, CEO, and president of Vietnam Waste Solutions (VWS). VWS contracts with Ho Chi Minh City to collect garbage and recycling. As the Court is aware from prior travel requests, VWS has been in litigation with Ho Chi Minh City concerning the city's nonpayment of waste processing fees for several years. This litigation is the subject of arbitration proceedings pending in Singapore as well as mediation in Vietnam. With the Court's permission, Mr. Duong has made several trips to Vietnam to attend mediation sessions. The parties have now reached a tentative agreement, which is due to be finalized during Mr. Duong's first requested overseas trip. Assuming the matter is resolved in mediation, Mr. Duong requests permission to travel again to Vietnam in order to conclude the arbitration; during this second trip, Mr. Duong may be required to travel to Singapore, where the arbitration is pending.

Mr. Duong made his initial appearance on January 17, 2025. The Court set conditions of release, including a $100,000 bond secured by property and a travel restriction to the Northern and Eastern Districts of California. Dkt. 16. The government thereafter stipulated to multiple temporary modifications of Mr. Duong's release conditions to permit travel for business, including to attend two mediation sessions in Vietnam. In connection with the first trip to Vietnam, Mr. Duong stipulated to an increase in his bond to $1,000,000 secured by property and agreed to waive extradition to the United States in the event he does not return as required. Dkt. 77. When Mr. Duong sought permission for a subsequent trip to Vietnam, the government declined to stipulate; the Court granted the request after a hearing. Dkt. 114. The Court granted permission for a further trip over the government's objection but without a hearing. Dkt. 131.

2
**Application and [Proposed] Order to Modify Conditions of Release**
*United States v. Duong*, CR 25-0003 YGR (KAW)

Mr. Duong has made each trip according to the Court's orders, often returning ahead of schedule when the mediation sessions ended early.

## II. Current travel request

Mr. Duong now requests that the conditions of his release be modified to permit him to travel as follows:

- First, to Vietnam from February 5 to February 17, 2026; as described above, this trip is in relation to the mediation.
- Second, to Orange County, California from February 20 to February 22, 2026, in order to attend and speak at celebrations for the Vietnamese New Year.
- Third, to Vietnam and Singapore from March 7 to March 17, 2026. As described above, this trip is to conclude the arbitration proceedings in Singapore; because this trip may require Mr. Duong to travel to Singapore, he requests permission for that travel as well. Mr. Duong does not yet know exactly on which dates he might have to travel to Singapore.[1]

Undersigned counsel has provided to the government and Pretrial Services a letter from Mr. Duong's counsel in Vietnam outlining the dates for the meetings related to the mediation in Vietnam and the arbitration in Singapore.[2] Pretrial Services does not object to any of the travel requests. As was the case with Mr. Duong's previous overseas travel request, the government declines to stipulate, citing Mr. Duong's ties to Vietnam, his financial resources, and the frequency of these trips. The government does not object to the requested domestic travel. As noted above, the parties have conferred and do not believe a hearing on this request is necessary.

## III. Mr. Duong has demonstrated that he does not pose a risk of flight and requests that the Court permit the requested travel.

Mr. Duong does not pose a risk of flight. As thoroughly documented in the post-release bail study, his ties to the Bay Area are extensive and deep. *See* Dkt. 47. He has lived in California since the early 1980's, and he founded a large and successful recycling business that he will not abandon. He has five siblings who reside in California. He is married and has eight children who live in the Bay Area. He purchased a home in Oakland in 2012 where he continues

---

[1] Mr. Duong is schedule to appear in court on this matter on both February 5 and March 5; on each date he would leave for Vietnam in the evening, after court.

[2] Counsel can provide this letter to the Court if required.

to reside. His appearance in this case is secured by a $1,000,000 bond on that home, and he has agreed in writing to waive extradition should he not return to the United States as ordered. He has been in full compliance with the conditions of his supervision since his initial appearance.

Perhaps more important than his extensive community ties and the conditions securing his appearance, Mr. Duong has repeatedly demonstrated that he is not a flight risk, as evidenced by the Court's orders granting previous travel requests. He has traveled domestically outside the district on multiple occasions and returned without incident each time. And he has made the same trip for which he now asks permission, travel to Vietnam for mediation in the VWS litigation, four times before. Each time, he has come back to California as ordered—or ahead of schedule—and given his passport back to Pretrial Services.

## IV.   Conclusion

Because Mr. Duong does not pose a risk of flight, as demonstrated by his deep community ties and prior domestic travel and trips to Vietnam, and because he remains subject to stringent conditions of release including a $1,000,000 secured bond and an extradition waiver, he respectfully requests that the Court grant permission for him to travel to Vietnam and Singapore on business as requested. In addition, Mr. Duong respectfully requests that the Court grant permission to travel to Orange County, California.

Dated: February 3, 2026

Respectfully submitted,

　　　　/s/　　　　　　　　　
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP
Attorneys for David Duong

**[PROPOSED] ORDER**

Mr. Duong's conditions of release are modified to permit travel as follows:

1) To Vietnam from February 5 to February 17, 2026;

2) To Orange County, California from February 20 to February 22, 2026; and

3) To Vietnam and Singapore from March 7 to March 17, 2026.

Mr. Duong is permitted to retrieve his passport from Pretrial Services on or after February 4, 2026 and again on or after March 5, 2026. After each trip, Mr. Duong is ordered to surrender his passport to Pretrial Services within 48 hours of his return to the United States.

Mr. Duong is ordered to provide hotel and flight information to his assigned Pretrial Services officer prior to departure. Should Mr. Duong be required to travel to Singapore from Vietnam between March 7 and March 17, 2026, as permitted by this order, he is to provide itinerary information for such travel.

IT IS SO ORDERED.

Dated: _____

                                             Hon. Kandis A. Westmore
United States Magistrate Court