# EXHIBIT 1

**Pages 1 - 144**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge Presiding

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
VS. ) **Case No. 4:25-cr-00003-YGR**
)
SHENG THAO, et al., )
)
Defendants. )
)

Oakland, California
Friday, September 11, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

CRAIG H. MISSAKIAN
United States Attorney
1301 Clay Street - Suite 340S
Oakland, California 94612
**BY: MOLLY PRIEDEMAN**
**ABRAHAM FINE**
**LLOYD A. FARNHAM**
**ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Sheng Thao:

DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, California 94105
**BY: JEFFREY E. TSAI**
**ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Stenographically Reported BY:
Kelly Shainline, CSR No. 13476, RPR, CRR
Official Reporter

bring in under 404(b) because what we do have is a pattern and practice of this individual having a very consistent MO of getting into business with people --

**THE COURT:** Well, maybe we need to have a pretrial hearing and maybe you need to bring these people in.

**MR. SWANSON:** I think that may be, Your Honor. I think that --

**THE COURT:** Because I just am concerned about not having those individuals -- well, I'm concerned about just things thrown into lawsuits. People do that all the time.

**MR. SWANSON:** Your Honor, we would be -- we can meet with the government about this to talk about the scope of it, but given how central this witness's credibility is to this case and given how many reasons there are to question his credibility to have our -- to have that constrained in a way where the jury is not able to get a full picture of it, we think would be very prejudicial to the defense.

So we would be glad to contemplate a way to present that to the Court so the Court, outside the presence of the jury, could make some rulings on that.

**MR. FINE:** Your Honor, may I be heard on this. This is exactly the type of thing that Rule 608 is designed to present [sic]. Other witnesses coming in and talking about extrinsic things is the classic kind of extrinsic --

**THE COURT:** Right. But the problem is, is that you

could have, as your main witness, someone who is himself a liar. That is the problem.

**MR. FINE:** Your Honor, they're going to have plenty of opportunity to cross-examine him on so many different subjects like his cooperation agreement, all the stuff within the conspiracy --

**THE COURT:** That is not the same. That is not the same.

You know, frankly the whole slew of them, as I look at all this evidence, really questionable, all of them. But your -- you have someone testifying and the jury is entitled to get a sense of who that person is. But the approach that the defense is taking I am not comfortable with because I don't know who -- yeah, it could be total -- totally unreliable.

So we have to figure something out. So I know how much leeway to give, if any. But I am not comfortable with the approach that the defense is taking.

**MR. SWANSON:** Your Honor, I hear you, and I understand the Court has concerns that it does not want baseless allegations thrown around in the courtroom. And to the extent that these are --

**THE COURT:** The next subtopic, you want to bring in collateral arrests or charges that did not result in convictions by former District Attorney Price. And there's all of these allegations about how Price was somehow, you know,