# EXHIBIT 3

U.S. Department of JUSTICE

JUSTICE MANUAL

## Title 6: Tax

# 6-4.000 - Criminal Tax Case Procedures


| | |
|---|---|
| 6-4.010 | Federal Criminal Tax Enforcement |
| 6-4.011 | Criminal Tax Manual and Other Tax Division Publications |
| 6-4.110 | IRS Administrative Investigations |
| 6-4.120 | Grand Jury Investigations — Generally |
| 6-4.121 | IRS Requests to Authorize Grand Jury Investigations |
| 6-4.122 | United States Attorney's Grand Jury Investigations and Prosecutions |
| 6-4.123 | Joint United States Attorney — IRS Request to Expand Tax Grand Jury Investigation |
| 6-4.125 | IRS Transmittal of United States Attorney's Recommendation, Special Agent's and Criminal Tax Counsel's Reports, and Exhibits from Grand Jury Investigation |
| 6-4.126 | Restriction on Disclosure of Grand Jury Matters to IRS for Civil Use |
| 6-4.130 | Search Warrants |
| 6-4.200 | Tax Division Jurisdiction and Procedures |
| 6-4.209 | Stolen Identity Refund Fraud Charges |

| | |
|---|---|
| 6-4.210 | Tax-Related Mail, Wire, or Bank Fraud, RICO, or Money Laundering Charges |
| 6-4.211 | Standards of Review |
| 6-4.212 | Categories of Matters Reviewed |
| 6-4.213 | Review of Direct Referrals |
| 6-4.214 | Conferences |
| 6-4.218 | Tax Division Authorizations and Declinations |
| 6-4.219 | Assistance of Criminal Enforcement Section Personnel |
| 6-4.240 | United States Attorneys' Offices' Responsibilities |
| 6-4.242 | Recommendation Following a Grand Jury Investigation |
| 6-4.243 | Review of Direct Referral Matters |
| 6-4.244 | Review of Non-complex Matters |
| 6-4.245 | Request to Decline Prosecution |
| 6-4.246 | Request to Dismiss Prosecution |
| 6-4.247 | United States Attorney's Office's Protest of Declination |
| 6-4.248 | Status Reports |
| 6-4.249 | Return of Reports and Exhibits |
| 6-4.270 | Criminal Division Responsibility |
| 6-4.310 | Major Count Policy in Plea Agreements |
| 6-4.320 | Nolo Contendere Pleas |

| | |
|---|---|
| 6-4.330 | *Alford* Pleas |
| 6-4.340 | Sentencing |
| 6-4.350 | Costs of Prosecution |
| 6-4.360 | Compromise of Criminal Liability/Civil Settlement |
| 6-4.370 | Restitution |
| 6-4.400 | Parallel Proceedings |


## 6-4.010 - Federal Criminal Tax Enforcement

The Government helps to preserve the integrity of this Nation's self-assessment tax system through vigorous and uniform criminal enforcement of the internal revenue laws. Criminal prosecutions punish tax law violators and deter other persons who would violate those laws. To achieve maximum deterrence, the Government must pursue broad, balanced, and uniform criminal tax enforcement. Uniformity in tax cases is necessary because tax enforcement potentially affects more individuals than any other area of criminal enforcement. Broad and balanced enforcement is essential to effectively deter persons of varying economic and vocational status, violators in different geographic areas, and different types of tax law violations.

To achieve uniform, broad, and balanced criminal tax enforcement, the Attorney General has authorized the Tax Division to oversee all federal criminal tax enforcement and to authorize or decline investigations and prosecutions in tax matters. *See* JM 6-4.200. For a map reflecting the geographical assignments of the Tax Division Criminal Enforcement Sections, see here. For contact information, including mailing addresses and telephone and fax numbers, see Criminal Tax Manual 1.13.

[updated June 2020] [cited in JM 6-4.211]

## 6-4.011 - Criminal Tax Manual and Other Tax Division Publications

The Tax Division's Criminal Tax Manual (2012) contains comprehensive discussions of statutes, methods of proof, various specialized areas, and policies and procedures pertaining to criminal tax prosecutions. The Manual also contains indictment and information forms and jury instructions. All prosecutors involved in federal criminal tax cases should consult the Manual for guidance on handling criminal tax cases. The Criminal Tax Manual may be accessed from the Tax Division's FOIA Library web page. The Tax Division also compiles other resources useful in criminal tax prosecutions. Should those resources conflict with this Title of the JM, this Title controls.

[updated June 2020]

---

## 6-4.110 - IRS Administrative Investigations

The special agents of IRS Criminal Investigation (CI) conduct the administrative investigations into allegations of criminal violations arising under the internal revenue laws and related provisions of Title 18, U.S.C. (e.g.,18 U.S.C. §§ 286, 287, 371, 1341). CI generally initiates investigations as a result of one of the following:

- Fraud referrals from other divisions within the IRS;
- Information provided by other government entities;
- Information provided by private parties; or/and
- Matters or projects developed within CI.

CI approves for investigation matters that it finds to have criminal fraud prosecution potential or that it deems to warrant further inquiry. Special agents pursue those matters to the extent available resources permit.

Special agents conduct joint investigations in cooperation with representatives of IRS operating divisions. Special agents usually investigate matters jointly with revenue agents when taxpayers have filed false returns or have willfully failed to file tax returns. Joint investigations with revenue officers usually evolve from a willful failure to pay tax.

After an administrative investigation is completed, the special agent must prepare a special agent's report (SAR), together with exhibits, in order to recommend that the Government prosecute the matter. The SAR contains a detailed account of the investigation and the special

agent's recommendations, and is reviewed by both the special agent's supervisors and the Chief Counsel, Criminal Tax Division (CT Counsel). CT Counsel then prepares a Criminal Enforcement Memorandum (CEM) that discusses the nature of the crime(s) for which the agent recommends prosecution, the evidence relied upon to prove the crime(s), technical or legal issues, anticipated difficulties in prosecution, and the special agent's specific recommendation. Thereafter, if CI concludes that the Government should prosecute the matter, the CI Special Agent-in-Charge (SAC) refers the matter to the Tax Division or, in some cases, the United States Attorney's Office. *See* JM 6-4.243. When the IRS directly refers a matter to the United States Attorney's Office, it simultaneously forwards a copy of the transmittal letter to the Tax Division.

During an administrative investigation of a criminal tax case, the IRS may refer the case directly and simultaneously to both the United States Attorney's Office and the Tax Division for an expedited guilty plea, if only legal-source income is involved (i.e., neither narcotics nor organized crime), and the taxpayer's counsel states that the taxpayer wishes to enter such a guilty plea. The plea must be consistent with the Tax Division's major count policy. *See* JM 6-4.310.

When the IRS refers a criminal matter to the Department of Justice, it may share returns or return information with the Department of Justice (*see* 26 U.S.C. § 6103(h)(2)). Once a criminal referral is made, the IRS, including CI, may not issue or commence an action to enforce an administrative summons with respect to the taxpayer for the same tax and the same taxable period. *See* 26 U.S.C. § 7602(d).

When the Tax Division declines a matter that the IRS referred to it for prosecution, the IRS can take whatever administrative action it thinks is appropriate under the circumstances, including further investigation by CI. Should CI choose to investigate the declined matter further, its agents can use IRS summonses when conducting that investigation. 26 U.S.C. § 7602(d). The IRS may resubmit the matter to the Tax Division as a new referral.

[updated June 2020]

---

## 6-4.120 - Grand Jury Investigations — Generally

Although a federal grand jury is empowered to investigate both tax and non-tax violations of federal criminal laws, the Tax Division must first approve and authorize the United States Attorney's Office's use of a grand jury to investigate criminal tax violations (*see* 28 C.F.R. § 0.70). The Tax Division has delegated to the United States Attorneys' Offices, however, the authority to approve grand jury investigations of certain false and fictitious claims for tax refunds in