# EXHIBIT 4

**Stephens, Neal J.**

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Sunday, September 27, 2026 8:24 PM
**To:** Stephens, Neal J.; Priedeman, Molly (USACAN); Farnham, Lloyd (USACAN)
**Cc:** Erik Babcock; Bonomo, Christine; BWalker@cov.com; Tsai, Jeff; darryl.tarver@us.dlapiper.com; Shawn Halbert; Mark Goldrosen; Ed Swanson; August Gugelmann; Schenk, Jeffrey B.; Chan, Winston Y.; Sprague, Doug; Donnelly, Thao
**Subject:** Re: U.S. v. Andy Duong, et al.

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

Hi Neal,

We are unavailable for a hearing on October 7, so we'd request October 8. Otherwise, your proposed briefing schedule is fine.

Abe

---

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Sunday, 27 September 2026 09:01:31
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com <BWalker@cov.com>; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com <darryl.tarver@us.dlapiper.com>; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** [EXTERNAL] RE: U.S. v. Andy Duong, et al.

Thanks, Abe. I appreciate your response. At this point, I think we need to take this to the Court and get it resolved before trial starts. I suggest an expedited schedule before Judge Westmore where we file tomorrow, the government's opposition would be due on Friday Oct 2, our reply would be due on Monday Oct 5 and the hearing would be Wednesday Oct 7. Please let me know if you will agree to that schedule. It is in the government's interest to get this issue resolved quickly. *See, United States v. Aichele*, 941 F.2d. 761, 764 (9th Cir. 1991) (the government must disclose *Brady* material sufficiently in advance of trial as to be of value to the accused).

Regards,
Neal

Neal Stephens (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Sunday, September 27, 2026 8:41 AM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Hi Neal,

We spoke a bit about the tax return issue during the parties' meet & confer on Friday. As we discussed, here is some case law making clear that government has no duty under *Brady* to access, review, or obtain materials under the control of cooperating witnesses. *See United States v. Abdulwahab*, 2011 WL 4434236, at *7 (E.D.Va. Sept. 22, 2011) ("The United States has no duty under *Brady* to investigate evidence that is under the control of a cooperating witness.") (overruled in part on other grounds); *United States v. Lujan*, 530 F.Supp.2d 1224, 1231 (D.N.M. 2008) ("[T]here is no affirmative duty to discover information in possession of independent, cooperating witness[es.]"); Wayne Lafave et al., Criminal Procedure, § 20.3(a) (3d ed. 2011) ("Courts generally agree [ ] that the prosecutor's obligations do not extend to agencies that are not law enforcement agencies, even though they may furnish some information to the prosecution. The same is true of private parties."); *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) ("Graham argues that the Government exercised effective control over the evidence because Allen was a cooperating witness. Neither the case law nor the facts of this case support this argument."); *United States v. Chen*, 754 F.2d 817, 824 (9th Cir. 1985) ("While the prosecution must disclose any [*Brady*] information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess or of which it is unaware."); *United States v. Baker,* 1 F.3d 596, 598 (7th Cir. 1993) ("*Brady* does not require the government to conduct discovery on behalf of the defendant."); *United States v. Roldan–Zapata,* 916 F.2d 795, 807 (2d Cir. 1990) ("A prosecutor is not required to turn over material that he neither possesses nor knows about."); *Morgan v. Salamack,* 735 F.2d 354, 358 (2d Cir.1984) ("A prosecutor is not constitutionally obligated to obtain information *dehors* his files for the purpose of discovering information which defense counsel can use in impeaching the credibility of a prosecution witness."); *United States v. Munchak*, 2014 WL 3557176 at *15 (W.D. Penn. July 17, 2014) ("In addition, insofar as Defendants' submissions can be understood to suggest that a cooperating witness qualifies as a member of the 'prosecution team' thus charging the Government with the knowledge the witness possesses, Defendants do not provide any support for this claim. Courts that have considered this issue, however, have concluded that a cooperating witness is not, in fact, a member of the prosecution team.); *United States v. Garcia*, 509 F. App'x 40, 42–43 (2d Cir. 2013) (noting that the Second Circuit "has never held that the 'prosecution team' includes cooperating witnesses"); *United States v. Meregildo,* 920 F.Supp.2d 434, 444–45 (S.D.N.Y.

2013) (collecting cases and concluding that cooperating witness was not a member of the prosecution team and the government was not required to obtain or review social media posts under the control of a cooperating witness); *United States v. Smith,* 2011 WL 2416804, at *4 (E.D.Ky. June 13, 2011) ("the information in question was in the 'possession,' for lack of a better word, of its cooperating witness not one of the prosecution's own agents. For this reason, the Court is not persuaded that this is an instance where the United States willfully ignored information which it would otherwise have been required to disclose under *Brady*."); *United States v. McCall,* 2009 WL 4016616, at *1 (N.D. Cal. Nov. 18, 2009) (declining to extend the prosecutor's duty to learn of any favorable evidence known to police investigators and government agents to include cooperating witnesses); *United States v. Avellino,* 136 F.3d 249, 255 (2d. Cir. 1998) ("[T]he imposition of an unlimited duty on a prosecutor to inquire ... would condemn the prosecution of criminal cases to a state of paralysis."); *United States v. Tadros,* 310 F.3d 999, 1005 (7th Cir. 2002) ("*Brady* . . . does not require the government to act as a private investigator and valet for the defendant, gathering evidence and delivering it to opposing counsel.").

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Friday, September 25, 2026 7:53 AM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** [EXTERNAL] RE: U.S. v. Andy Duong, et al.

Good morning, Abe – I'd like to take one final pass to try to resolve the Rule 16/*Brady* discovery issue regarding the production of Mr. Juarez's tax returns. In paragraph 10 of his plea agreement, Mr. Juarez agreed to "provide all documents and other material asked for by the government." As a result, Mr. Juarez is obligated to provide you with all of his tax return information – both his personal returns and the returns for his various businesses (e.g. Ciudad Holdings). Accordingly, we request that you ask Mr. Juarez to provide you with his tax returns from 2020 to present so you can provide them to us. That process would resolve the concern you have raised about 26 U.S.C. Section 6103.

I hope this resolves the issue for us and am available to discuss. If not, I will draft a motion seeking this information and file it early next week.

Thanks very much.

Regards,
Neal

Neal Stephens (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

**From:** Stephens, Neal J.
**Sent:** Tuesday, September 22, 2026 8:06 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Hey Abe – thanks for your email, I appreciate the response. I'd like to clarify your position regarding how IRS-CID can access the tax return material we seek. Please check with your IRS-CID case agents and let me know if they disagree with the following:

1. The database that holds Mr. Juarez's tax return information at IRS can be accessed by both IRS-CID and IRS-Civil directly. In other words, when an IRS-CID agent has authorization to access the database, IRS-CID does not need an IRS-Civil employee to run the search and pull the documents for IRS-CID.

2. When IRS-CID works a criminal tax investigation with DOJ, the IRS-CID agent simply needs the approval of an IRS-CID supervisor to access the IDRS database to obtain tax return information. IRS-CID does not need to obtain a 6103 order—the IRS-CID agent simply sends an "IDRS request" to an IRS-CID supervisor. If the request is approved by the IRS-CID supervisor, the IRS-CID agent then accesses the IDRS database directly.

Thanks very much.

Regards,
Neal

Neal Stephens (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Tuesday, September 22, 2026 8:30 AM
**To:** Stephens, Neal J. <nstephens@jonesday.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>

**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Hi Neal,

None of the cases you cite holds that the government is required to submit an application to the Court, under 26 U.S.C. § 6103(i), to obtain tax records of a cooperating witness merely because IRS-CI is one of the investigating agencies in a criminal case. The case law uniformly holds that tax return information is not "readily available" to the government in the same was as other criminal records given the special protections attached to tax information and the court-involved process the DOJ must undertake to even obtain the records. Accordingly, Mario Juarez's tax records are not in the prosecution team's possession for the purposes of *Brady*, *Giglio*, or any other discovery obligations. Some cases that are directly on point are summarized below:

- *United States v. Zinnel*, 2011 WL 5593109 at * 3 (E.D. Cal Nov. 16, 2011) (overruled in part on other grounds) ("The defense contends that it is entitled to see the tax returns of witnesses in this case, and that since the IRS is the "government," it has access to all these tax returns. The undersigned disagrees. Only the criminal investigation side of the IRS involved in this investigation is the government here; the vast administrative arm of the IRS., i.e., ordinary tax collection, is not. Indeed, when the prosecution desires to obtain tax files for a criminal investigation, it simply does not "access" the files, but must petition the court demonstrating precise criteria before any access is permitted. 26 U.S.C. § 6103(i). The requirement to obtain an order before access of tax records is authorized stands as the antithesis of constructive possession. *See United States v. Lochmondy,* 890 F.2d 817, 823 (6th Cir.1989). Of course, if the desired tax information had previously been disclosed from the IRS and was in the possession of the Department of Justice, the result might well be different. *United States v. Bryan, supra*. The undersigned does not find that otherwise non-disclosed IRS non-party tax information is in the possession of the "government," even when the Criminal Division of the IRS is considered the "government .")

- *United States v. Stein*, 424 F. Supp. 2d 720, 723 (S.D.N.Y. 2006) (civil IRS files not in the prosecution team's possession merely because IRS-CI was an investigating agency)

- *United States v. Lochmondy*, 890 F.2d 817, 823-24 (6th Cir. 1989) ("The defendants also sought disclosure of Plantefaber's federal income tax returns. Plantefaber's immunity agreement did not expressly give him immunity for federal tax violations, but arguably implied that he had immunity for criminal tax violations in that it expressly stated he did not have immunity for "*civil* tax consequences, if any" (emphasis added). The defendants argued that since Plantefaber's immunity agreement included immunity from criminal tax violations, they should be allowed to view his income tax returns in order to see what he had been given immunity from. The district court originally ordered the government to produce Plantefaber's income tax returns for 1980–1986 for *in camera* review. The Internal Revenue Service took the position that the district court's order was legally insufficient to authorize disclosure of those returns, and the government moved for reconsideration of the order. After reviewing the relevant authorities, including 26 U.S.C. § 6103 and *United States v. Bibby,* 752 F.2d 1116 (6th Cir.1985), *cert. denied,* 475 U.S. 1010, 106

S.Ct. 1183, 89 L.Ed.2d 300 (1986), the district court granted the government's motion for reconsideration and withdrew its order for production of the returns. Section 6103 authorizes disclosure of returns previously disclosed to federal officials "to the extent required by order of the court pursuant to § 3500 of Title 18, United States Code (the Jencks Act), or Rule 16 of the Federal Rules of Criminal Procedure." 26 U.S.C. § 6103(i)(4)(A)(ii). In *United States v. Bibby,* the district court denied production of an IRS tax audit of a government witness which the defendant sought for impeachment purposes. In affirming the district court's ruling on that issue, this court held that "the *Brady* requirement only applies to evidence which the prosecutor knew or should have known was exculpatory," and that "*Brady* does not apply to evidence not in the prosecutor's possession." 752 F.2d at 1125. Here, as in *Bibby,* the prosecutor never had possession or knowledge of the income tax returns sought by the defendants. Since the prosecution never obtained disclosure of those returns, § 6103(i)(4) is inapplicable. The district court, therefore, properly reconsidered and rescinded its order requiring the IRS to produce the returns.")

- *United States v. Salyer*, 271 F.R.D. 148, 156 (E.D. Cal. 2010) ("Nor are agencies which were, or have to be, subjected to formal processes to obtain information considered to be within the control of the "government" for purposes of this case. Thus, for example, simply because the United States obtained documentary information as a result of subpoena or search warrant does not place all documents of those entities or persons within the possession of the government for defendant's further requests. The need for formal process in the acquisition of documents is the antithesis of "access" as defined by the above cases.")

- *United States v. Weed*, 775 F.Supp.3d 520, 531-32 (D. Mass 2025) ("Tax return information is not "readily available" to the government in the same way as run-of-the-mill criminal records. Although it is generally true that the government "is not a congery of independent hermetically sealed compartments," Osorio, 929 F.2d at 760, the IRS stands as an important exception. Section 6103 of the Internal Revenue Code not only prohibits the IRS from disclosing tax returns and return information to the general public but it also prohibits such disclosure to other government agencies. *See Lehrfeld v. Richardson*, 132 F.3d 1463, 1463-64 (D.C. Cir. 1998); *CFTC v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993). Section 6103 was, in fact, intentionally designed to "hermetically seal" tax return information in all but the rarest of circumstances. As the First Circuit explained, In the tax statute, ... Congress has decided that, with respect to tax returns, confidentiality, not sunlight, is the proper aim. Tax returns contain highly personal information that many taxpayers might not wish to broadcast. Moreover, without clear taxpayer understanding that the government takes the strongest precautions to keep tax information confidential, taxpayers' confidence in the federal tax system might erode, with harmful consequences for a tax system that depends heavily on voluntary compliance. *Aronson v. I.R.S.*, 973 F.2d 962, 966 (1st Cir. 1992) (citing Church of Scientology v. I.R.S., 792 F.2d 153, 158-59 (D.C. Cir. 1986)(en banc), aff'd 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987)). None of the cases cited by petitioner suggests that the government must conduct a tax audit of any potential cooperator. Perdomo, Auten, Young, and Carriger all concern the government's obligation to conduct routine background checks, an obligation that the government in this case fulfilled. Weed relies on the First Circuit decision in Osorio to contend that, regardless of whether the government knew of Flaherty's tax fraud, it should have suspected as much and conducted an investigation. The First Circuit, however, later clarified its holding in Osorio to preclude precisely the kind of claims petitioner pursues: Neither the relevant Supreme Court precedent under Brady nor our decision in Osorio requires a prosecutor to seek out and disclose exculpatory or impeaching information not in the government's possession. To comply with Brady the individual prosecutor has a duty to find

any evidence favorable to the defendant that was known to those acting on the government's behalf.... Such persons include other members of the prosecuting team, including police investigators working for the prosecution. *United States v. Bender*, 304 F.3d 161, 164 (1st Cir. 2002) (citing Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). The Internal Revenue Service ("IRS") was not a party to this investigation or prosecution and does not constitute "the government" for the purpose of a *Brady* analysis. *See United States v. Hall*, 434 F.3d 42, 55 (1st Cir. 2006) (*Brady* obligations "do[ ] not extend to information possessed by government agents not working with the prosecution."). If this Court were to endorse Weed's proposition, it would impose a duty on the government to examine all of the files of every federal government agency to ascertain whether any cooperating witness may have committed wrongdoing previously unknown to the prosecution. The Court declines to interpret Brady and its progeny as imposing such an onerous obligation.

In sum, the government can reasonably be held responsible for producing information for purposes of Rule 16 and *Brady/Giglio* only to the extent that information is deemed accessible to the prosecution. Access is deemed present only with respect to materials actually in the possession of the federal government. *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007). Physical possession is the dispositive factor. *Id.* The government has no duty to produce information beyond what it actually has. *See United States v. Hsieh Hui Mei Chan*, 754 F.2d 817, 824 (9th Cir. 1985) (government "has no duty to volunteer information that it does not possess or of which it is unaware"); *see also United States v. Graham*, 484 F.3d 413, 416 (6th Cir. 2007) (rejecting argument that the government exercised effective control over items in possession of cooperating witness).

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Monday, September 21, 2026 3:14 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; BWalker@cov.com; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** [EXTERNAL] RE: U.S. v. Andy Duong, et al.

Hi Abe – I wanted to circle back to continue to try to meet and confer regarding our request for Mario Juarez's tax return information and related tax liability. Do you have any case law to support the proposition that our constitutional right to *Brady* information regarding Juarez's tax liabilities is somehow overridden by the statute (26 U.S.C. Section 6103) you describe in your email? Or any case law that contradicts the case law I sent over last week?

Thanks very much.

Regards,
Neal

Neal Stephens (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

**From:** Stephens, Neal J. <nstephens@jonesday.com>
**Sent:** Wednesday, September 16, 2026 7:59 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** BWalker@cov.com; Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Donnelly, Thao <tdonnelly@jonesday.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Abe – thank you for your response. Here is some additional legal authority to support our position. Please let me know if you would like to discuss. As an initial matter, we have a constitutional right to obtain Juarez's tax return information. *See Giglio v. United States*, 405 U.S. 105 (1972) (*Brady* obligations under the Fifth Amendment extend to exculpatory evidence related to the credibility of a government witness); *Davis v. Alaska*, 415 U.S. 308 (1974) (Sixth Amendment guarantees a defendant the right to cross-examine the bias of a government witness). Second, the evidence in Juarez's tax returns is material to bias and credibility. The government paid Juarez thousands of dollars that he may have failed to disclose on his tax return. *See Rodriguez v. CIR*, 81 T.C.M. (CCH) 1156, *7, 10 (Tax 2001) (FBI payments to government witness must be disclosed as income on the informant's tax return). Juarez may also have failed to disclose monies paid to him by individuals in his various business deals. Juarez has not been prosecuted for any tax liability nor have any tax benefits provided to him been disclosed to the defense. *See United States v. Shaffer*, 789 F.2d 682, 688-90 (9th Cir. 1986) (conviction reversed on *Brady* grounds where the government failed to disclose the tax liability status of its cooperating defendant). Third, defendants' constitutional right to this information overrides the confidentiality provisions of a statute – here, 26 USC Section 6103. *See United States v. Lloyd*, 71 F.3d 408, 409-410 (DC Cir. 1995) (conviction reversed on *Brady* grounds when trial court withheld exculpatory tax return information of government witnesses by erroneously relying on Section 6103). Finally, this information is inside the control, custody, and possession of the prosecution team because IRS is an investigating agency in this matter. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (prosecutor has an affirmative duty to learn of any favorable evidence known to the others acting on the government's behalf in the case); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (en banc) (because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned); *United States v. Blanco*, 392 F.3d 382, 388 (9th Cir. 2004) (government cannot undermine *Brady* by allowing investigating agency to prevent production by keeping a report out of the prosecutor's hands); *United States v. Cutting*, 2017 WL 132403 *6-7 (N.D. Cal. 2017) (FDIC-Receiver held to be on the prosecution team for *Brady* purposes where FDIC-Criminal was one of the investigative agencies supporting the U.S. Attorney's Office).

Regards,
Neal

Neal Stephens (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
1755 Embarcadero Road
Palo Alto, CA 94303
Office +1 (650) 739-3939
Direct (650) 687-4135

---

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Tuesday, September 15, 2026 4:08 PM
**To:** Chan, Winston Y. <WChan@gibsondunn.com>; Sprague, Doug <dsprague@cov.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** BWalker@cov.com; Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>; Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Stephens, Neal J. <nstephens@jonesday.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Hi Winston,

Mario Juarez's tax returns are not in the prosecution team's possession for the purposes of *Brady*, Rule 16, or any other discovery obligation. We have produced all financial records relating to Juarez that are in the prosecution team's possession. One of the investigating agencies is IRS-CI, which does not encompass the entire IRS. As you know, to obtain tax returns from the IRS, the government needs to submit an application to the court, which includes an attestation from the sitting United States Attorney, and obtain an order from the judge holding that the government has made the showing set forth the statute. As such, all federal tax returns are not in the prosecution team's possession simply because IRS-CI is an investigating agency.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

---

**From:** Chan, Winston Y. <WChan@gibsondunn.com>
**Sent:** Sunday, September 13, 2026 9:25 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Sprague, Doug <dsprague@cov.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>; Moore, Brandon (USACAN) <Brandon.Moore@usdoj.gov>
**Cc:** BWalker@cov.com; Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>;

Tsai, Jeff <jeff.tsai@us.dlapiper.com>; darryl.tarver@us.dlapiper.com; Shawn Halbert <shawn@shawnhalbertlaw.com>; Mark Goldrosen <markgoldro@aol.com>; Ed Swanson <ed@smllp.law>; August Gugelmann <august@smllp.law>; Schenk, Jeffrey B. <jbschenk@jonesday.com>; Stephens, Neal J. <nstephens@jonesday.com>
**Subject:** [EXTERNAL] RE: U.S. v. Andy Duong, et al.

Dear Abe,

In our May 26 discovery letter, we requested Mario Juarez's financial records, including tax records. In the attached response letter, the government stated that it had produced "all such materials in our possession consistent with Rule 16 and the government's other discovery obligations." The defense is following up on Mr. Juarez's tax records, which are in the possession of the IRS, which is one of the agencies on the prosecution team. A cooperating witness's tax obligations are discoverable under *Brady*, and the defense thus would request that his tax records and information about his tax liability be provided to us immediately. See *US v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989).

Thank you.

**Winston Y. Chan**
Partner

T: +1 415.393.8362 | M: +1 415.705.9856
WChan@gibsondunn.com

GIBSON DUNN
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>
**Sent:** Thursday, June 11, 2026 4:47 PM
**To:** Sprague, Doug <dsprague@cov.com>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>; Moore, Brandon (USACAN) <Brandon.Moore@usdoj.gov>
**Cc:** Chan, Winston Y. <WChan@gibsondunn.com>; Stone, Hannah <HStone@gibsondunn.com>; BWalker@cov.com; Erik Babcock <erik@babcocklawoffice.com>; Bonomo, Christine <CBonomo@gibsondunn.com>
**Subject:** RE: U.S. v. Andy Duong, et al.

Counsel:

Please see the attached response to your May 26, 2026, discovery letter.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

**From:** Sprague, Doug <dsprague@cov.com>
**Sent:** Tuesday, May 26, 2026 6:36 PM
**To:** Fine, Abraham (USACAN) <Abraham.Fine@usdoj.gov>; Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>; Farnham, Lloyd (USACAN) <Lloyd.Farnham@usdoj.gov>
**Cc:** Chan, Winston Y. (WChan@gibsondunn.com) <WChan@gibsondunn.com>; Stone, Hannah <hstone@gibsondunn.com>; Walker, Bryanna <BWalker@cov.com>; Erik Babcock <erik@babcocklawoffice.com>
**Subject:** [EXTERNAL] U.S. v. Andy Duong, et al.

Abe, Molly, Lloyd –

Please see attached letter. Thanks.

Best,
Doug/Winston/Erik

**Doug Sprague**

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7097 | dsprague@cov.com
www.cov.com

COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***