# EXHIBIT 5

SWANSON & McNAMARA

300 Montgomery Street
Suite 1100
San Francisco, CA 94104
www.smllp.law
Tel (415) 477-3800
Fax (415) 477-9010

**Via Email**

January 21, 2025

Abraham Fine
Molly Priedeman
Abraham.Fine@usdoj.gov
Molly.Priedeman@usdoj.gov

**Re: *United States v. David Duong*, CR 25-0003 YGR**

Dear Abe and Molly:

This office represents David Duong. Pursuant to Federal Rules of Criminal Procedure, and in accordance with local practice, I am also setting forth herein, in place at this time of formal motions, certain requests for discovery and other information. Please note these discovery requests are made in the context of California Rule of Professional Conduct 5-110, *Special Responsibilities of a Prosecutor*, effective Nov. 2, 2017. This rule of professional conduct applies to federal prosecutors practicing in the State of California. *See* 28 U.S.C. § 530B(a). Please consider this letter a request seeking timely production of all material covered by Cal. R. Prof. Conduct 5-110.

Please provide the following:

1) Any relevant written or recorded statements or admissions made by the defendant, or copies thereof, in the possession, custody or control of the government, or any agency working for or on behalf of the government. This request encompasses material obtained or created both before and after formal charges were initiated against the defendant, including all relevant writings made or endorsed by the defendant and any recordings of defendant's conversations by means of electronic surveillance.

2) The substance of any relevant oral statements or utterances made by the defendant, including but not limited to reports, memoranda, notes or other papers reflecting or relating such oral statements or utterances within the possession, custody or control of the government. In addition, please provide copies of any waiver forms or advisement of rights forms utilized.

3) The identity of all informants relied upon by the government in this case as well as information concerning any promises, understandings, arrangements or benefits provided by the government to these informants. This request includes but is not limited to promises or agreements not to prosecute and proof of payments made by the government to the aforementioned individuals. If the government is not willing to provide information about any specific informants without a court order, we request that you provide us with a declaration

within 10 calendar days identifying which informants the government does not intend to disclose.

4) All audio recordings and all transcripts, in electronic and hard-copy formats, of conversations recorded in connection with this case, including transcripts of pertinent calls, non-pertinent calls and consensual recordings, along with any and all reports describing the circumstances under which such recordings were made.

5) All investigative and surveillance reports related to the investigations that led to the instant charges, including but not limited to FBI 302's, reports generated by Immigration and Customs Enforcement, the Internal Revenue Service, the United States Postal Inspection Service, and reports generated by state and local authorities.

6) The date, time and place of every occasion on which any search or surveillance, whether electronic, photographic, mechanical, visual, aural, or of any other type, was made of defendant, or his residence, or business office, together with all documents including but not limited to photographs, sound recordings and transcripts which have resulted from or arisen out of such search or surveillance of the defendant, his residence or his business office.

7) All records reflecting government surveillance of my client or of other individuals connected to this investigation, including records of location tracking (e.g., cell site location tracking, use of a GPS device, monitoring locations a cellular phones or other electronic devices, hidden video, drones, or other location monitoring tools), use of a cell-site simulator or similar device (e.g., stingray, triggerfish, WIT technology, etc.), access to telephone or email transactional records or metadata, and access to, storage, acquisition, monitoring, targeting, or use of oral, wire, or electronic communications related to or concerning my client. This request includes information on any instance where the government obtained records from a third party and seeks both the raw and refined data obtained from the electronic surveillance. In addition, please provide any authorizing documentation and any requests for authorization to conduct surveillance, whether or not such authorization was granted.

8) All documents or other evidence or information within the possession, custody or control of the government which tends to indicate that any of the evidence against defendant has been obtained as a result of any allegedly lawful or unlawful search or seizure or electronic surveillance.

9) A list of all cases and investigations that the U.S. Attorney's Office or the agencies involved in the investigation of the instant case considered at any point to be related cases.

10) Copies of all photographs and videotapes taken in connection with the investigation of this case.

11) Complete monitoring logs and pen register files, in electronic format and in hard copy.

12) All search warrants and the underlying affidavits or transcripts prepared in connection with the obtaining of a search warrant, and search warrant returns, receipts, or inventories.

13) All subpoenas and subpoena returns generated in connection with this case.

14) The names, addresses and qualification of any experts whom the government intends to call as witnesses at trial. In addition, I request that you provide me with the names and case numbers of any court proceeding in which these individuals have testified as experts.

15) All relevant results and reports of physical, mental or scientific examinations or tests or experiments made or prepared in connection with this case which are material to the preparation of the defense or are intended for use by the government at trial or which were prepared by any expert witness the government intends to call at trial.

16) In the event you intend to offer any expert testimony through any witness, including a government agent or employee or law enforcement officer, please prepare and produce a summary of the witness' opinions, the grounds or basis for any such opinions, and the qualifications of the witness. (Fed. R. Crim. P. 16(a)(1)(G)); Fed. R. Evid. 702, 703, 705). Pursuant to Rule 16(a)(1)(G), this summary must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. The requested information is necessary in order to provide the defendant with "a fair opportunity to test the merit of the expert's testimony through focused cross-examination," Fed. R. Crim. P. 16 (advisory committee's note, 1993 amendment), and for the defendant to adequately prepare for any challenges to the expert(s) as described in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), and *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). Compliance with this request is mandatory regardless of whether a particular witness is also testifying as a percipient witness. United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997).

17) All books, papers, documents, photographs, and other tangible objects which were obtained from or belong to the defendant.

18) Any other books, papers, documents, photographs and tangible objects which are material to the defendant's defense or which the government intends to use at trial. Please immediately contact your agents and inform them of my intention to inspect, test, and analyze all computer equipment relevant to this case and request that computer equipment be preserved until the conclusion of trial and appeal.

19) Any criminal record of the defendant and of any person utilized within the investigation, or whom the government intends to call as a witness at trial, or who has testified as a witness at any grand jury proceeding.

20) Any promises, understandings or arrangements, between the government, its agents and representatives and persons (including counsel for any persons) whom the

government intends to call as witnesses at trial or who participated in any way in the investigation of this case. This request includes but is not limited to promises or agreements not to prosecute and proof of payments made by the government to the aforementioned individuals.

21) The names and addresses of all persons whom the government intends to call as witnesses at trial. I further request copies of their statements no fewer than thirty (30) days prior to trial.

22) Please immediately disclose the identities and location of any alien witnesses and their statements, and provide me with an opportunity to interview them before they are deported. Please convey to the Department of Homeland Security and to Immigration and Customs Enforcement my interest in interviewing these alien witnesses, and make all efforts to insure that they are not deported before I am provided with their statements and have been provided with an opportunity to interview them. By this letter you and your agents are now on notice of my interest in interviewing these witnesses; if any material alien witnesses are deported before I have had an opportunity to interview them I will move for dismissal of the indictment under *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982).

23) All evidence of any kind which either tends to exculpate defendant, or tends to be favorable or useful or material to the defense, or tends to affect the weight or credibility of the evidence to be presented against the defendant, which is within the possession, custody or control of the government,[1] the existence of which is known or by the exercise of due diligence may become known to the attorney for the government. This request includes the names, addresses and any statements of any persons who were interviewed who did not supply incriminating information with respect to defendant. In addition, I request all information relating adversely to the character or reputation of any government witness which would enable the defense to cross-examine said individual more effectively. Furthermore, I request that you review and produce relevant documents of this nature from the personnel file of any government employee or agent you intend to call as a witness at trial or in pretrial proceedings.

24) A statement as to whether the defendant's photograph, likeness, or image was exhibited to anyone during the course of the investigation of this matter, including details such as a list of the dates, times, and places of all such occurrences and the names of the persons, including counsel, who were present. I further request copies of any and all such documents exhibited, including but not limited to photospreads and photographs of lineups.

25) A statement as to whether the government intends to introduce any statements, admissions, writings, or utterances of the defendant in its evidence-in-chief at trial. Please provide a statement regarding the government's intent to use any such statements of the defendant within thirty (30) days to allow an opportunity for the defendant to move to suppress

---

[1] This includes material in the possession, custody or control of state and local law enforcement. *See United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007) (SFPD officers are federal "agents" for purposes of Federal Rule of Criminal Procedure 16).

SWANSON & McNAMARA



evidence under Rule 12(b)(3)(C). This is a formal request for notice pursuant to Federal Rule of Criminal Procedure 12(b)(4)(b).

26) A statement as to whether the government intends to introduce statements of coconspirators, charged or uncharged, against the defendant, and copies of all such statements.

27) A statement as to whether the government intends to offer evidence against the defendant pursuant to Rules 404(b), 608, or 609 of the Federal Rules of Evidence, and a specific factual statement describing all such evidence.

28) A statement regarding whether and upon what terms and conditions this case might be resolved without trial, as well as the following materials to permit me to evaluate the possibility of such a disposition:

a. All investigative reports that might be made available to the probation department after a guilty plea.

b. The substance of any information that the government may give to the probation department after a plea but that does not appear in any written report provided to me.

c. A written statement detailing the government's position concerning the applicability of the Federal Sentencing Guidelines and your calculation of the defendant's Guideline sentence.

29) I ask that you voluntarily provide all "Jencks" material as soon as possible. If you feel it necessary to do so, please redact the identifying information of cooperating individuals or the other "sources of information."

30) A log of all materials withheld on grounds of work product or attorney-client privilege.

With respect to this matter, you are hereby placed on notice and asked to preserve and maintain all original notes, memoranda and other documents prepared by or on behalf of the government. You are also requested to advise any federal agencies and state agencies involved in this case to preserve and maintain all original notes, memoranda and other documents.

Thank you in advance for your cooperation.

Sincerely,

Ed Swanson
August Gugelmann
SWANSON & McNAMARA LLP