# EXHIBIT 6

**COVINGTON**

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 6000

May 26, 2026

**Via Email**

Abraham Fine
Molly Priedeman
Lloyd Farnham
Abraham.Fine@usdoj.gov
Molly.Priedeman@usdoj.gov
Lloyd.Farnham@usdoj.gov

**Re: *United States v. Andy Duong, et al.; CR 25-00003 YGR***

Dear Abe, Molly, and Lloyd:

We write in response to your April 24, 2026 letter, our outstanding discovery requests, and the government's remaining discovery obligations in advance of the June 18, 2026 discovery cutoff. With discovery set to close in under one month, the government's productions remain materially incomplete. As detailed below, significant categories of discovery bearing on witness credibility, investigative conduct, agency coordination, and the charges against Mr. Duong either have not been produced, have been produced only partially, or remain unaddressed despite numerous requests. To allow time to meet and confer and address any disputes before the cutoff, please respond to the requests below **no later than June 4, 2026**, including (i) confirming whether these records exist and are in the government's possession; (ii) expressly identifying any records the government contends it is not obligated to produce; (iii) providing the volume of the remaining discovery the government plans to produce; and (iv) identifying the Bates range or document ID for any records that the government contends have already been produced.

## I. Repeated Discovery Requests with Partial or No Response

Despite our repeated requests, the government has failed to provide sufficient responses on whether it has or will produce certain categories of records. These items include:

1. Communications between the U.S. Attorney's Office or any investigative agency and any witness or their counsel, including Mario Juarez and his counsel. This includes, but is not limited to, communications about Mr. Juarez's proffer agreement(s), guilty plea, and the disposition of any investigation relating to him.
    a. In its November 19, 2025 response letter, the government noted that it has produced "a significant number" of communications between the government

and counsel for Mr. Juarez, but has not confirmed that it has produced all such communications in its possession, that it has produced all communications with Mr. Juarez directly, or whether it has produced communications with witnesses other than Mr. Juarez or those witnesses' counsel.

b. Additionally, the government's November 19 letter quoted an email regarding a firearms stipulation, which suggests that additional communications exist between the government and Mr. Juarez or his counsel concerning the custody of Mr. Juarez's firearms in connection with his bond conditions and plea agreement in this case that have not been produced. Our request includes communications related to Mr. Juarez's firearms.

2. All exculpatory and impeachment evidence related to Mr. Juarez, including but not limited to:

a. A list of all investigations, including but not limited to investigations conducted by OPD, DEA, IRS-CI, ATF, and USPIS, as well as investigations conducted by any additional federal, state, or local agencies. This would include not only investigations directly into Mr. Juarez or his conduct, but also investigations that may implicate Mr. Juarez, such as investigations into (i) ABC Security or its owner Ana Chretien, (ii) politicians in Oakland, Alameda County, Berkeley, San Jose, San Leandro, or other jurisdictions, and (iii) cartels or other organizations in which Mr. Juarez may be involved.

i. In its November 19 letter, the government stated that it is not obligated to produce a list of investigations relating to Mr. Juarez or the databases searched. The government's *Brady* and *Giglio* obligations, however, require it to produce all exculpatory and impeachment evidence within the possession of participating agencies, including agencies involved in or coordinating with the investigation. *See United States v. Bruce*, 984 F.3d 884, 898 (9th Cir. 2021) ("The responsibility imposed by *Brady* includes looking beyond evidence in the prosecutor's file."). The Ninth Circuit has held that "[d]ocuments held by another executive branch agency are deemed to be 'in the possession of the government' if the prosecutor has 'knowledge of and access to' the documents," which is presumed where the agency participated in the investigation. *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (quoting *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)). Likewise, "[i]f a federal prosecutor has knowledge of and access to exculpatory information as defined in *Brady* and its progeny that is outside the district, then the prosecutor must disclose it to the defense." *Bryan*, 868 F.2d at 1037. Moreover, prosecutors need not possess actual knowledge of exculpatory evidence but rather "have an obligation to 'disclose what they do not know but could have learned.' Prosecutors cannot turn a blind eye to their discovery obligations." *Bruce*, 984 F.3d at 896–97

(quoting *Cano*, 934 F.3d at 1023). Accordingly, we request confirmation that the government searched or will search for responsive materials relating to Mr. Juarez—and any other witnesses—within the investigative files and databases of all agencies the government coordinated with or involved in this investigation.

b. Any immigration files or records pertaining to Mr. Juarez.

   i. In its November 19 letter, the government stated that it has produced "a significant amount of material relating to Mr. Juarez," but did not respond to this specific request. Please confirm whether the government will produce any immigration-related files or records pertaining to Mr. Juarez or identify the Bates number(s) for any immigration records previously produced.

c. Any records related to Mr. Juarez's plea hearing and bail proceedings, including any proceedings relating to his release conditions. This would include internal and external communications and transcripts from any hearing or proceedings.

3. All records in other agency case files related to the conduct alleged in this case, including but not limited to investigative files, surveillance materials, interview notes, and communications with the USAO. The government's productions to date lack agency records and inter-agency communications ordinarily expected in a multi-agency investigation of this scope. Specifically, we continue to request the following additional agency records and related materials:

   a. All communications between the FBI, OPD, IRS-CI, USPIS, PEC, and any other investigating agencies relating to this matter.

      i. In its November 19 letter, the government stated that it "continue[s] to review communications between the government and other investigative agencies," including between the USAO and the FBI or Alameda District Attorney's Office. We repeat that our request for inter-agency communications also includes but is not limited to communications between the above-named agencies, regardless of whether such communications include the USAO.

   b. All records from the USPIS case file related to this matter. The government produced records from the USPIS file with Production 9 in October 2025; however, it is unclear whether this production constituted the entirety of the USPIS case file and whether additional records have been created or added to that file since October.

c. All records from any investigating or coordinating agency related to the May 3, 2024 incident at 1211 Embarcadero in Oakland, including OPD and the IRS.

i. In its November 19 letter, the government stated that it has produced "a significant number of" communications relating to the May 3 incident. In our review of the government's productions, however, we identified documents indicating that computers and a DVR were seized from the CWS offices in connection with this incident (*see* IRS-0133017; IRS-0132849), yet materials from these devices have not been produced. Accordingly, we continue to request all May 3 evidence in the government's possession, including but not limited to:

(1) Security footage from the CWS offices; and

(2) Documentation detailing any efforts to recover, review, or extract security footage relating to the incident, including but not limited to reports, extraction logs, and chain-of-custody documentation.

4. All surveillance records generated in connection with this case from July 2025 to present, including but not limited to video and audio recordings, photographs, notes from surveillance, or any documents detailing surveillance efforts. In its September 26, 2025 letter, the government stated that it had produced surveillance records "in the agency case files" through June 2025.

5. For all witnesses, including but not limited to cooperating witnesses, confidential human sources, informants, and law enforcement witnesses, we continue to request:

a. All *Brady*, *Giglio*, *Jencks*, and Rule 16 material including but not limited to identities, information about any benefits conferred for cooperation, statements, reports, recordings, payments, tasking instructions, and communications with law enforcement;

b. Criminal history reports and records;

c. Information relating to mental health and substance abuse issues;

d. Information relating to financial difficulties;

e. Grand jury testimony transcripts;[1]

---

[1] We understand that the government has produced grand jury transcripts for all seven "percipient" witnesses that testified in the Grand Jury.

f. Immigration files or records; and

g. Recordings of, or made by, these individuals related to this case.

## II. Discovery Requests Promised but Not Produced

All pen register, trap-and-trace ("PRTT"), subpoenas, search warrants, and related returns to date. In its November 19 letter, the government represented that, except for certain returns not in its possession due to the government filter team's ongoing review of such returns, subpoena returns and search warrant returns had been produced and were current through October 2025. But we have identified a significant number of materials seemingly generated prior to October 2025 that are missing from the discovery produced to date, including but not limited to the items listed in **Appendix A**. This request includes each item listed in Appendix A as well as any PRTT, subpoenas, search warrants, and related returns from October 2025 to present, including items and devices seized during the execution of a search warrant.

## III. Discovery Referenced in Productions but Not Produced

We have identified a significant number of records referenced within the produced discovery which the government has not produced. Accordingly, we request the government produce the following:

1. All relevant records within the case file for Case No. 194B-SF-2589722,[2] including but not limited to:

    a. All records referencing, relating to, or otherwise concerning Mr. Juarez, Bryan Azevedo, or any other witness, confidential human source, or defendant in this case; and

    b. All records referencing, relating to, or otherwise concerning ABC Security, the City of Oakland's security services contract, Ana Chretien, or Rebecca Kaplan.

2. All records in the FBI case file from October 2025 to present. In its April 24, 2026 letter, the government stated that its forthcoming production would include FBI case file materials through mid-April 2026. This production was sent to defendants on April 30, yet records from the FBI case file, which likely predate April 2026, remain missing from the produced discovery. These items include but are not limited to:

    a. Notes of interviews memorialized in FBI 302s and other interview memoranda, including from interviews with witnesses, cooperating witnesses, and confidential human sources, as well as any statements made by Andy Duong or his codefendants. The government has represented for more than a year (since April 15, 2025) that it would collect and produce

---

[2] We have identified records referencing both the case number associated with this investigation (194B-SF-372277) as well as case number 194B-SF-2589722, suggesting that additional relevant documents may exist within the latter case file.

these notes. While some notes have been produced, a significant number remain missing from the discovery produced to date, including but not limited to those listed in **Appendix B**. We request the government collect and produce these notes in full. If the government cannot or will not produce these notes in full, we request an explanation as to why the notes, or a portion of the notes, are not being produced.

b. Toll records presented to Larry Gallegos in his December 3, 2024 interview (*see* OAK-0092456).

c. Any waiver forms, written advisements, or related materials used, presented, or shown during the June 20, 2024 interview of Andy Duong or the interview of any codefendant (*see* OAK-0115864).

3. All communications between the government and Phu Nang Hoang (a.k.a. Jimmy Hoang), including communications related to the grand jury subpoena served in July 2024 (*see* OAK-0020409).

4. A letter from Willkie Farr & Gallagher LLP accompanying Aegis Fortress LE hard drive, identification number 120800007946 (*see* OAK-0092352).

5. All relevant recordings, including but not limited to the recording of the May 23, 2024 meeting in Pleasanton, California between CHS Shawn Wilson (S-00118147) and Mario Juarez (*see* OAK-0010575).

## IV. <u>Discovery Requests Needing Confirmation</u>

We also request the government confirm whether production of each of the categories of discovery below is complete. If one or more categories are not complete, we request the government provide the volume of discovery left to be produced for each category.

1. All agreements, benefits, inducements, or understandings regarding Mr. Juarez's cooperation other than the monetary disclosures described in the government's September 10, 2025 letter and the plea agreement and bail conditions produced in the government's June 24, 2025 production.

2. All of Mr. Juarez's communications, internet activity, and social media records, including but not limited to the following:

   a. X.com records pursuant to the subpoena for Mr. Juarez's X account;

   b. Other social media, messaging, or internet communications associated with Mr. Juarez; and

   c. Information related to the deletion of any of Mr. Juarez's communications, accounts, messages, or social media content.

d. If the government is aware of any social media or other communication platforms used by Mr. Juarez but from which it did not collect records, please identify those platforms and any information known about Mr. Juarez's account.

3. All records from Mr. Juarez's personal or business financial accounts, including any financial accounts not in his name but under his control, such as accounts of his spouse(s) or children, as well as tax, bankruptcy, loan, grant, financial assistance, or political campaign/fundraising records.

   a. If the government is aware of any financial accounts controlled by Mr. Juarez from which it did not collect records, please identify those accounts and any information known about these accounts.

4. All written or recorded statements or admissions by any defendant other than the June 20, 2024 interview of Andy Duong.

5. All laboratory analysis, testing records, reports, or related materials concerning the firearms and BB gun seized from Andy Duong's residence.

6. All records related to Rebecca Kaplan, including any communications, attempts to contact Ms. Kaplan, consensually monitored calls, directed calls, or recorded communications in connection with this investigation.

7. All records identified in our April 1, 2026 letter related to Bryan Azevedo, including but not limited to:

   a. Any immigration-related files or records pertaining to Mr. Azevedo's wife.

   b. Financial records for accounts controlled by Mr. Azevedo's wife.

   c. Communications between the government and Mr. Azevedo or his counsel, as well as between the government and any other government agency regarding Mr. Azevedo.

   d. All exculpatory or impeachment material relating to Mr. Azevedo.

      i. In its April 24 letter, the government said it has produced "the vast majority" of this material, suggesting that the government has not produced all such material in its possession.

## V. <u>Additional Discovery Requests</u>

In addition to the above, we request the following records:

1. The full, unprocessed, and unfiltered data set received by the government from any provider relating to the content of Mr. Juarez's email and iCloud accounts, including but not limited to his mario@mariojuarez.com and mario@mariojuarez.co accounts.

2. All records related to firearms registered to or in the possession of Mr. Juarez, either presently or previously, including but not limited to any related police reports, licenses, registration, custody transfers, purchase or sale records, ballistic reports, forensic testing reports, or communications related to Mr. Juarez possessing, brandishing, firing, or otherwise using a firearm.

3. Records of any and all discovery shared with Mr. Azevedo or his counsel related to this case or Mr. Azevedo's criminal case (Case No. CR-25-0358-AMO).

4. The full, unprocessed, and unfiltered data set received by the government from any provider or through any seizure relating to the content of Mr. Azevedo's email accounts, iCloud accounts, and seized devices, including but not limited to his phones (Items 1B98, 1B99, and 1B103) and his Bga252002@yahoo.com, Bga252004@yahoo.com, and BAzevedo@sanleandro.org accounts.

Regards,

*/s/Doug Sprague*
Doug Sprague
Winston Chan
Erik Babcock

*Attorneys for Defendant*
*Andy Duong*

## APPENDIX A: OUTSTANDING PROMISED DISCOVERY REQUESTS

1. The minimized HTML, PDF, and Excel reports of responsive data relating to:

    a. The October 7, 2025 review of a Pink and White Lexar 8 GB USB thumb drive, identified as 1B47 and seized from 4320 View Crest Court, Oakland, CA (*see* OAK-0157043);

    b. The October 7, 2025 review of a blue and white Easy Badges USB thumb drive, identified as 1B57 and seized from 4320 View Crest Court, Oakland, CA (*see* OAK-0157045).

    c. In addition, the two datasets identified as 1B47 and 1B57 appear to be duplicate productions of the same 946 documents, as they are identical in hash values, file size, and underlying content, and differ only in document IDs, Bates numbers, file paths, and placeholder filenames. The production materials, however, do not clearly map the produced file paths to specific devices. Please confirm whether the government in fact produced distinct datasets for 1B47 and 1B57 and, if so, identify which produced files correspond to each device.

2. The PRTT order issued on February 28, 2024 (*see* OAK-0008823).

3. The return(s) relating to the application and order for PRTT for nine accounts with AT&T and T-Mobile (*see* OAK-0009089).

4. The return(s) relating to the subpoena request for the AT&T data for Andy Duong's phone, 510-708-0100 (*see* OAK-0019799).

5. The return(s) relating to the subpoena request for the AT&T data for Rob Bonta's phone, 510-872-5141 (*see* OAK-0020286).

6. The receipt confirmation from X Corp. relating to the June 13, 2025 subpoena request for Mario Juarez's account (Acct. ID: 1255241669240336400) (*see* OAK-0127559).

7. The request(s) and return(s) relating to the subpoena of Kristina Duong, David Duong, and Andy Duong's Microsoft accounts; the records were written onto a CD-R disc and checked into the FBI evidence room located in Oakland, CA on August 7, 2024 as evidence item 1B77 (*see* OAK-0013244).

8. The twenty-eight screenshot files from the August 1, 2024 records produced by Stewart Chen pursuant to a federal grand jury subpoena (*see* OAK-0092507).

    a. Of the 410 screenshot files referenced in OAK-0094261, the government has only produced 382 files.

9. All unfiltered images and device extractions for defendants' seized devices and accounts, including any CWS devices and accounts.

10. The notes taken during an analysis of Andy Duong's white Apple iPhone 14 Pro Max on October 8, 2024 (*see* OAK-0017331).

11. The two minimized reports from the DExT processing of David Duong's iCloud Accounts, the generation of which is described in OAK-0092388.

12. The wipe, format, imaging, and extraction logs, preliminary device report, and photographs of the device from the DExT processing of Bryan Azevedo's 1B98 Google Pixel phone, 1B99 Apple iPhone, and created derivative evidence identified as 1B111 (*see* OAK-0127548).

13. The Axiom processing logs relating to the June 9, 2025 email search warrant returns for email account titled shengforoakland@gmail.com (*see* OAK-0129748).

14. The Axiom processing logs relating to the July 9, 2025 email search warrant returns for email account titled dtdcws@aol.com (*see* OAK-0129751).

15. The taint subfile documents relating to the privileged information identified on April 8, 2025 for Andy Duong's phone identified as 1B54, as noted in OAK-0127553.

16. The minimized Cellebrite UFDR relating to the May 9, 2025 review of the forensic extraction of Andy Duong's Apple iPhone 14 Pro Max, identified as 1B54 (*see* OAK-0129872).

17. The minimized report relating to the July 16, 2025 Apple iCloud review for account titled sthao@oaklandca.gov (*see* OAK-0130039).

18. The two Blu Ray discs containing responsive material from the warrant return of Sheng Thao's iCloud accounts, identified by warrant number 4:24-mj-70700-DMR, reviewed on February 12, 2025 (*see* OAK-0156903).

    a. Alternatively, confirm whether the produced documents identified with the file path "/OAK-0123395 – Thao iCloud reports.zip!" are copies of the content on these Blu Ray discs.

19. The two minimized Cellebrite UFDR reports relating to the June 30, 2025 review of Sheng Thao's Apple iPhone 11 Pro Max, identified as 1B4 and seized from 80 Maiden Lane, Oakland, CA (*see* OAK-0156912).

20. The minimized Cellebrite UFDRs relating to the August 11, 2025 review of Sheng Thao's grey Apple iPad, identified as 1B5 and seized from 80 Maiden Lane, Oakland, CA (*see* OAK-0156918).

21. The minimized report relating to the August 12, 2025 review of Apple iCloud account titled ahduong510@yahoo.com (*see* OAK-0156922).

22. The Cellebrite UFDRs and Axiom portable cases relating to the September 9, 2025 results of service request SV-23-0152-8 from the Silicon Valley Regional Computer Forensics Laboratory (*see* OAK-0156953).

23. The minimized Excel and Cellebrite UFDR reports relating to the September 4, 2025 review of Sheng Thao's black Apple iPhone, identified as 1B26 and seized from 80 Maiden Lane, Oakland, CA (*see* OAK-0156961).

24. The minimized Excel and Cellebrite UFDR reports relating to the August 28, 2025 review of Andy Duong's Apple iPhone 14 Pro Max, identified as 1B55 and seized from 4320 View Crest Court, Oakland, CA (*see* OAK-0156995).

25. The September 23, 2025 FD-597 Receipt for Property of (1) a 128 GB Teamgroup thumb drive, identified as Exhibit 9 and with USPIS tracking number IS0002038392, and (2) an external hard drive, identified as Exhibits 3 and 8 and with serial number W1F3018A and USPIS tracking number 1IS0000260256 (*see* OAK-0157041).

26. The minimized HTML, PDF, and Excel reports of responsive data relating to the October 7, 2025 review of a Pink and White Lexar 8 GB USB thumb drive, identified as 1B47 and seized from 4320 View Crest Court, Oakland, CA (*see* OAK-0157043).

27. The minimized HTML, PDF, and Excel reports of responsive data relating to the October 7, 2025 review of a blue and white Easy Badges USB thumb drive, identified as 1B57 and seized from 4320 View Crest Court, Oakland, CA (*see* OAK-0157045).

28. The minimized Excel and Cellebrite UFDR reports relating to the October 15, 2025 review of the forensic extraction of Andre Jones's black Apple iPhone, identified as 1B5 and seized from 80 Maiden Lane, Oakland, CA (*see* OAK-0157153).

29. The Blu Ray disc containing the minimized reports relating to the November 5, 2025 review of Apple iCloud account titled mario@mariojuarez.com, checked into the FBI Oakland Evidence Control Room and identified as 1B129 (*see* OAK-0243804).

30. The DVD-R disc containing the minimized reports relating to the November 7, 2025 review of the Lenovo ThinkPad T14s Gen 1, identified as 1B13 and seized from 80 Maiden Lane, Oakland, CA (*see* OAK-0243817).

31. The DVD-R disc containing the minimized reports relating to the November 19, 2025 review of the Black Samsung Galaxy S8 cell phone, identified as 1B103 and seized from 963 Dillo Street, San Leandro, CA (*see* OAK-0243832).

32. The Blu Ray disc containing minimized reports relating to the November 14, 2025 review of the Google Pixel 6a smart phone, identified as 1B98 and seized from 963 Dillo Street, San Leandro, CA (*see* OAK-0246001).

33. The Blu Ray disc containing minimized reports relating to the November 18, 2025 review of the silver HP Notebook laptop, identified as 1B101 and seized from 963 Dillo Street, San Leandro, CA (*see* OAK-0246004).

34. The Blu Ray disc containing minimized reports relating to the November 19, 2025 review of the Apple iPhone 15, identified as 1B99 and seized from 963 Dillo Street, San Leandro, CA (*see* OAK-0246007).

35. The Blu Ray disc containing minimized reports relating to the November 12, 2025 review of the white and silver Republic of Gamers laptop, identified as 1B110 and seized from 963 Dillo Street, San Leandro, CA (*see* OAK-0246010).

36. The Blu Ray disc containing minimized reports relating to the November 21, 2025 review of Andre Jones's phone, identified as 1B8 (*see* OAK-0246013).

37. The final minimized report relating to the January 27, 2026 review of Julie Wedge's Google account titled JMWEDGE@gmail.com pulled from evidence item 1B81 (*see* OAK-0246912).

38. The DVD-R containing the minimized results from the February 2, 2026 review of Andy Duong's Microsoft account titled andyduong@calwaste.com pulled from evidence item 1B94 (*see* OAK-0260007).

39. The disk containing the responsive material preserved as evidence item 1B127, relating to the review of the Microsoft account mario@mariojuarez.com (*see* OAK-0260009).

40. The DVD-R of the review results relating to the December 16, 2025 review of David Duong's Yahoo account titled dtdcws@aol.com (*see* OAK-0260011).

## APPENDIX B: OUTSTANDING INTERVIEW NOTES REQUESTS

1. All interview notes relating to the interviews of Samari Johnson conducted on May 22, 2023 (*see* OAK-0000169); July 11, 2023 (*see* OAK-0000224); September 25, 2023 (*see* OAK-0000370); March 4, 2024 (*see* OAK-0010857); June 26, 2024 (*see* OAK-0012687); July 9, 2024 (*see* OAK-0012768); January 6, 2025 (*see* OAK-0092453); January 20, 2025 (*see* OAK-0092453); and January 22, 2026 (*see* OAK-0246021).

2. All interview notes relating to the April 18, 2023 interview of Casey Tinloy (*see* OAK-0007035).

3. All interview notes relating to the August 7, 2023 interview of Ignacio De La Fuente (*see* OAK-0000361).

    a. Additionally, the Sellers Settlement Statement from Fidelity National Title Company shown by De La Fuente to the interviewing agents (*see* OAK-0000361).

4. All interview notes relating to the February 26, 2024 interview of Richard ("Rick") Battersby (*see* OAK-0123818).

5. All interview notes relating to the May 16, 2024 interview of OPD Representatives (*see* OAK-0012525).

6. All interview notes relating to the June 20, 2024 interview of Andre Jones (*see* OAK-0012520).

7. All interview notes relating to the proffer interview of Mr. Juarez on June 6, 2024 (*see* OAK-0013619); September 13, 2024 proffer interview of Mr. Juarez (*see* OAK-0017732); December 5, 2024 interview of Mr. Juarez (*see* OAK-0092397); February 10, 2025 proffer interview of Mr. Juarez (*see* OAK-0123462); and May 9, 2025 meeting with Mr. Juarez (*see* OAK-0124603).

8. The agent notes relating to the subpoenas of Jestin Johnson (July 11, 2024, OAK-0020362); Brandon Harami (July 11, 2024, OAK-0020375); Francis Zamora (July 12, 2024, OAK-0020397); Elizabeth "Betsy" Lake (July 18, 2024, OAK-0020418); and Aimee Allison (July 22, 2024, OAK-0020438).

9. All interview notes relating to the interviews of Cesley Frost conducted on June 25, 2024 (*see* OAK-0012720); July 26, 2024 (*see* OAK-0017672); and December 10, 2024 (*see* OAK-0123454).

10. All interview notes relating to the June 27, 2024 interview of Officer Stanfill of the City of Kent Washington Police Department (*see* OAK-0012778).

11. All interview notes relating to the May 16, 2024 interview of Venus Johnson (*see* OAK-0012816).

12. All interview notes relating to the July 11, 2024 interview of Renia Webb (*see* OAK-0013336).

13. All interview notes relating to the July 16, 2024 interview of Jestin Johnson (*see* OAK-0013386).

14. All interview notes relating to the July 17, 2024 proffer interview of Julie Caskey (*see* OAK-0013511).

15. All interview notes relating to the July 22, 2024 interview of Ken Maxey (*see* OAK-0017590).

16. All interview notes relating to the July 29, 2024 (OAK-0013525) and December 10, 2024 interviews of Leigh Hanson (OAK-0123656).

17. All interview notes relating to the August 9, 2024 (*see* OAK-0013754) and October 4, 2024 (*see* OAK-0013902) interviews of Pedro Sanchez Jimenez.

18. All interview notes relating to the July 29, 2024 interview of Brandon Harami (*see* OAK-0013850).

19. All interview notes relating to the July 30, 2024 interview of Jimmy Hoang (a.k.a. Nang Hoang) (*see* OAK-0013867).

20. All interview notes relating to the July 26, 2024 interview of Elizabeth "Betsy" Lake (*see* OAK-0013875).

21. All interview notes relating to the July 30, 2024 proffer interview of Andreas Cluver (*see* OAK-0013902).

22. All interview notes relating to the July 24, 2024 interview of Larry Gallegos (*see* OAK-0013934).

23. All interview notes relating to the July 31, 2024 proffer interview of Julie Wedge (*see* OAK-0014088).

24. All interview notes relating to the October 10, 2024 phone call with Mario Juarez (*see* OAK-0014159).

25. All interview notes relating to the July 25, 2024 interview of Louansee Moua (*see* OAK-0017504).

26. All interview notes relating to the August 15, 2024 interview of James Fluker (*see* OAK-0017540).

27. All interview notes relating to the August 22, 2024 interview of Zindy Ruiz-Robles (*see* OAK-0017790).

28. All interview notes relating to the September 12, 2024 interview of Rob Bonta (*see* OAK-0092319).

29. All interview notes relating to the December 16, 2024 interview of Libby Schaaf (*see* OAK-0092419).

30. All interview notes relating to the December 17, 2024 interview of Esteban Lovato (*see* OAK-0092427).

31. All interview notes relating to the December 6, 2024 interview of Francis Zamora (*see* OAK-0092465).

32. All interview notes relating to the November 19, 2024 interview of Steven Falk (*see* OAK-0092472).

33. All interview notes relating to the November 27, 2024 interview of LaTonda Simmons (*see* OAK-0123419).

34. All interview notes relating to the December 9, 2024 (*see* OAK-0123456) and June 26, 2025 (*see* OAK-0129832) interviews of Harold Duffey.

35. All interview notes relating to the November 26, 2024 interview of C'Mone Falls (*see* OAK-0123650).

36. All interview notes relating to the December 4, 2024 interview of Emily Weinstein (*see* OAK-0123677).

37. All interview notes relating to the December 19, 2024 interview of Zach Goldman (*see* OAK-0123697).

38. All interview notes relating to the February 11, 2025 proffer interview of Cheryl Ho (*see* OAK-0123764).

39. All interview notes relating to the April 1, 2025 interview of Benjamin Yee (*see* OAK-0124570).

40. All interview notes relating to the April 8, 2025 (*see* OAK-0124575) and April 11, 2025 (*see* OAK-0124597) interviews of Jamie Yee.

41. All interview notes relating to the June 5, 2025 (*see* OAK-0126780) and February 12, 2026 (*see* OAK-0260014) interviews of Bryan Azevedo.

42. All interview notes relating to the December 11, 2025 proffer interview of Phua Gilman (*see* OAK-0160914).

43. All interview notes relating to the March 19, 2026 interview of Lindsey Knight (*see* OAK-0260018).

44. All interview notes relating to the March 19, 2026 interview of Nikki Fortunato Bas (*see* OAK-0260034).