# EXHIBIT 7

IRS


- 11.3.1 Introduction to Disclosure
  - 11.3.1.1 Program Scope and Objectives
    - 11.3.1.1.1 Background
    - 11.3.1.1.2 Authority
    - 11.3.1.1.3 Roles and Responsibilities
    - 11.3.1.1.4 Program Controls
    - 11.3.1.1.5 Terms/Definitions/Acronyms
    - 11.3.1.1.6 Related Resources
  - 11.3.1.2 Disclosure Code, Authority and Procedure (CAP)
  - 11.3.1.3 Disclosure Resources
  - 11.3.1.4 Disclosure and Safeguarding of


# Part 11. Communications and Liaison

# Chapter 3. Disclosure of Official Information

# Section 1. Introduction to Disclosure

---

### 11.3.1 Introduction to Disclosure

**Manual Transmittal**

August 03, 2023

**Purpose**

(1) This transmits revised IRM 11.3.1, Disclosure of Official Information, Introduction to Disclosure.

**Material Changes**

(1) 11.3.1.1.3(4), updated title from Deputy Associate Directors to Area Managers.

(2) IRM 11.3.1.1.4, Program Controls, were added in order to incorporate relevant internal controls. These items identify information about the program and procedures covered within this section.

(3) Reviewed and updated the IRM where necessary for the following types of editorial changes: legal citations, published forms and documents and web addresses.

**Effect on Other Documents**

This material supersedes IRM 11.3.1, Disclosure of Official Information, Introduction to Disclosure, dated October 3, 2022.

**Audience**

All Operating Divisions and Functions.

Returns and Return Information
- 11.3.1.4.1 Criminal Penalties Under IRC 7213
- 11.3.1.4.2 Criminal Penalties Under IRC 7213A
- 11.3.1.4.3 Civil Liability Under IRC 7431

- 11.3.1.5 Authority to Make Disclosures
- 11.3.1.6 Records Disposition For Disclosure
- 11.3.1.7 Access by the Office of Government Ethics (OGE)

**Effective Date**

(08-03-2023)

**Related Resources**

The Disclosure and Privacy Knowledge Base.

Michael Oser
Acting Director, Governmental Liaison, Disclosure and Safeguards

**11.3.1.1 (11-12-2021)**

**Program Scope and Objectives**

(1) The Disclosure program provides oversight of Servicewide Disclosure policy, including guidance in administering the Freedom of Information Act (FOIA), Privacy Act (PA), and Internal Revenue Code (IRC) section 6103.

(2) Purpose: This IRM provides an introduction to the Disclosure program and provides a general overview of every IRS employee's responsibility to protect confidentiality of records and information entrusted to the IRS.

(3) Audience: These procedures apply to all IRS employees and contractors.

(4) Policy Owner: The Director of Governmental Liaison, Disclosure and Safeguards (GLDS) is responsible for oversight of Disclosure policy.

(5) Program Owner: The Disclosure office, under GLDS, is responsible for the Disclosure program and guidance. Each IRS organization is responsible for ensuring its employees are aware of and follow Servicewide Disclosure policy.

(6) Primary Stakeholders: All IRS business units and functions, state tax agencies and federal agencies that receive tax returns and return information, external individuals and organizations that request IRS records, the Treasury Inspector General for Tax Administration (TIGTA), contractors and Congress.

**11.3.1.1.1 (03-13-2018)**

**Background**

(1) Every IRS employee, contractor and stakeholder who has access to Federal Tax Information (FTI) , Privacy Act information or Bank Secrecy Act (BSA) information is responsible to protect it from unauthorized access, use or disclosure. Likewise, every person has a responsibility to

know when a disclosure is authorized. This is a basic tenant of tax administration. This IRM section provides an overview and basic introduction to disclosure with a focus on FTI.

(2) For additional guidance on disclosures involving other sensitive information refer to the following resources:

- Privacy Act - IRM 10.5.6, Privacy Act
- Bank Secrecy Act - IRM 4.26, Bank Secrecy Act

**11.3.1.1.2 (11-12-2021)**

**Authority**

(1) The primary law governing the authority for disclosure of federal tax information is 26 USC 6103, commonly referred to as IRC 6103. IRC 6103(a) establishes the confidentiality of returns and return information and prohibits any disclosure not authorized by the Code.

(2) The laws set forth other federal disclosure legal requirements, rules, penalties and related statutes at the IRS. These laws relating to IRS disclosure or non-disclosure of tax and other sensitive information are codified at 5 USC 552 (Freedom of Information Act) and 552a (Privacy Act), IRC 6104, 6105, 6110, 7213, 7213A, 7431, and 18 USC 1905.
**Note:** The Open Government and other general access statutes do not override the specific protections afforded tax returns and return information by IRC 6103. For example, the Inspector General Act of 1978, as amended, the Payment Integrity Information Act (PIIA) and other access provisions of the US Code and federal agency rules or regulations may not authorize access to tax data absent specific exception as authorized by Title 26 IRC 6103.

(3) Additional authorities pertaining to disclosure of information are found in:

a. 4. Rule 6(e) of the Federal Rules of Criminal Procedure generally provides that matters occurring before the grand jury are secret. IRS personnel gaining access to grand jury information may not disclose this information except as authorized or in accordance with exceptions to the general rule of secrecy.

b. 5. Administrative Procedure Act of June 11, 1946, Pub L. No. 79-404, 60 Stat. 237, Ch. 324, 5 USC Part I, Ch. 5 Subchapter II. A federal statute that governs the way agencies of the federal government may propose and

establish regulations and grants US federal courts oversight over all agency actions.

c. 6. Budget and Accounting Procedures Act of 1950, Pub. L. No. 81-784, 64 Stat. 832, Chapter 946, (September 12, 1950). Governmental report with recommendations on how to improve efficiencies of the federal government.

d. 7. Electronic Freedom of Information Act Amendments of 1996, (E-FOIA), Pub. L. No. 104-231 (October 2, 1996) 110 Stat. 3048, 5 USC 552. Requires agencies to make certain records under the Freedom of Information Act (FOIA), available electronically.

e. 8. Federal Records Act of 1950, Pub. L. No. 81-754, (September 5, 1950), 64 Stat. 578, 583, 44 USC 31, which requires, among other things, that the head of each federal agency establish and maintain an active, continuing program for the economical and efficient management of agency records.

f. 9. Federal Records Management Amendments of 1976, Pub. L. No. 94-575 (October 21, 1976) , 90 Stat. 2723, 44 USC 2901, which strengthened the authority with respect to records management.

g. 10. Freedom of Information Act (FOIA), Pub. L. No. 89-487 (July 4, 1966) (as amended), 80 Stat. 250, 5 USC 552. Requires disclosure of information by federal agencies, upon request.

h. 11. Government Paperwork Elimination Act, Pub. L. No. 105-277, Title XVII (October 21, 1998), 112 Stat. 2681-749, 44 USC 3504. Requires federal agencies to use electronic forms, electronic filing and electronic signatures to conduct official business with the public.

i. 12. Information Technology Management Reform Act of 1996, Pub. L. No. 104-106 (Division E) (February 10, 1996),110 Stat. 186, 679 , 40 USC 1401. Designed to improve the way the federal government acquires, uses and disposes of information technology (IT).

j. 13. National Archives and Records Administration (NARA) Act of 1984, Pub. L. No. 98-497 (October 19, 1984), 98 Stat. 2280, 44 USC 1401. Established NARA as an independent agency directed by the Archivist of the US.

k. 14. Paperwork Reduction Act of 1980, Pub. L. No. 96-511 (December 11, 1980) (as amended), 94 Stat. 2812, 44 USC 3501-3521. Designed to reduce paperwork burden the federal government imposes on private businesses and citizens.

l. 15. Paperwork Reduction Act of 1995, Pub. L. No. 104-13 (May 22, 1995), 109 Stat. 163, 44 USC 101. Extended Paperwork Reduction Act to include

nonprofit institutions, federal contractors and tribal governments.

m. 16. Paperwork Reduction Reauthorization Act of 1986, Pub. L. No. 99-500 (October 18, 1986) (as amended), 100 Stat. 1783-335. Reauthorized and funded the Paperwork Reduction Act of 1980.

n. 17. Privacy Act of 1974, Pub. L. No. 93-579 (December 31, 1974), 88 Stat. 1896, 5 USC 552a (as amended). Established a Code of Fair Information Practice that governs collection, maintenance, use and dissemination of PII information maintained in systems of records by federal agencies.

o. 18. Records Disposal Act of 1943, Act of July 7, 1943, , Pub. L. No. 78-115, Pub. L. No. 78-115, 57 Stat. 380 (as amended), 90 Stat. 1520, Ch. 192, 44 U.S.C. Chapter 33, 1686, 26 USC 7213. Defines records and authorized NARA to develop procedures to schedule records for disposal.

p. 19. Tax Reform Act of 1976, Pub. L. No. 94-455 (October 4, 1976) (as amended), 90 Stat. 1520, 1686, providing for punishment by imprisonment, fine, or both, for IRS employees and contractors who disclose tax information to unauthorized individuals or who access tax information in an unauthorized fashion.

q. 20. Act of June 25, 1948, Pub. L. No. 80-772, 62 Stat. 683,795 (as amended), Ch. 645, 1, 18 USC 2071 which prohibits the concealment, removal, or mutilation of federal records and punishes same by fine or imprisonment or both. See also 18 USC 641, 793-794, 798, and 952.

r. 21. The Bank Secrecy Act (BSA), Public Law 97-508, October 26, 1970. Part II Currency and Foreign Transactions Reporting Act (31 USC 5311 et seq.). Established requirements for recordkeeping and reporting by private individuals, banks and other financial institutions to help identify the source, volume and movement of currency and other monetary instruments transported or transmitted into or out of the United States or deposited in financial institutions.

(22) Other elements to consider that factor into the disclosure of information include:

a. 23. Delegation Orders and re-delegations of authority.

b. 24. Policy Statements that provide authority for the work being done.

(25) Constitutional preemptions:

a. 26. The US Constitution may mandate disclosure when a criminal defendant has a right to obtain exculpatory evidence.

b. 27. Brady v. Maryland, 373 US 83 (1963). The IRS can be required, when the Government is under a constitutional obligation to disclose, upon the defendant's request, evidentiary material either to guilt or punishment (exculpatory evidence).

c. 28. Jencks Act 18 USC 3500. Any statement made by government witnesses in federal criminal tax cases must be provided to the defense.

d. 29. Giglio v. United States, 405 US 105 (1972). Evidence that is relevant to a witness' credibility must be disclosed to a defendant.

e. 30. See IRM 11.3.35, Requests and Demands for Testimony and Production of Documents, for additional information.

**11.3.1.1.3 (08-03-2023)**

**Roles and Responsibilities**

(1) This IRM is used by all IRS, Counsel and TIGTA employees and contractors to help comply with the disclosure provisions of IRC 6103 and the related statutes pertaining to disclosure of federal tax returns and return information, which may include Personally Identifiable Information (PII).

(2) The Director, GLDS is responsible for executive oversight and direction of the Disclosure program.

(3) The Associate Director, Disclosure is responsible for the oversight and management of Disclosure policy, program operations, case processing, project management and program development.

(4) The Area Managers, Disclosure East and West are responsible for the oversight and management of the field disclosure offices and managers.

(5) The Supervisor of Disclosure Policy and Program Operations (PPO), is responsible for day-to-day oversight and supervision over Senior Disclosure Analysts and Disclosure Analysts who develop and implement disclosure policy, projects, guidance and awareness products.

(6) The Disclosure Managers, Disclosure Area Operations are responsible for the day-to-day oversight of case and program work of the field disclosure offices, including front-line supervision of Tax Law Specialists, Senior Disclosure Specialists, Disclosure Specialists, Disclosure Assistants, and Management Assistants.

(7) The mission of Data Services' GLDS Support Services (GSS) is to provide the best foundation possible for Disclosure and Safeguards programs by accurately creating cases and supporting case processing based upon information required of or requested by customers.

**11.3.1.1.4 (08-03-2023)**

**Program Controls**

(1) Business Units are responsible for establishing and documenting the program controls developed to oversee their program as well as ensuring employee compliance with all applicable elements of this IRM.

**11.3.1.1.5 (11-12-2021)**

**Terms/Definitions/Acronyms**

(1) The tables below list commonly used terms, definitions and acronyms used throughout this IRM Section.

**Terms**

| Term | Definition |
|---|---|
| Disclosure | The making known to any person in any manner whatever a return or return information. |
| Return | Any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of title 26 which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed. See IRC 6103(b)(1) for additional information. |
| Return Information | The definition of Return Information is very broad and includes such things as a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments; whether the taxpayer's return is subject to collection, examination, investigation, or any other actions taken by the Secretary with respect to Federal filing requirements. See IRC 6103(b)(2) for the statutory definition of return information. |

**Acronyms**

| Acronym | Definition |
|---|---|
| BSA | Bank Secrecy Act |
| CAP | Code, Authority and Procedure |
| DAS | Discriminant Analysis System |
| FOIA | Freedom of Information Act |
| FTI | Federal Tax Information |
| GLDS | Governmental Liaison, Disclosure and Safeguards |
| GRS | General Records Schedule |
| GSS | GLDS Support Services |
| IRC | Internal Revenue Code |
| IT | Information Technology |
| NARA | National Archives and Records Administration |
| OGE | Office of Government Ethics |
| PA | Privacy Act |
| PGLD | Privacy, Governmental Liaison and Disclosure |
| PII | Personally Identifiable Information |
| PIIA | Payment Integrity Information Act |
| POA | Power of Attorney |
| PPO | Policy and Program Operations, Disclosure |
| RCS | IRS Records Control Schedules, Document 12990 |
| RIM | Records and Information Management |
| SBU | Sensitive But Unclassified |
| TIA | Tax Information Authorization |
| TIGTA | Treasury Inspector General for Tax Administration |
| USC | United States Code |

**11.3.1.1.6 (11-12-2021)**

**Related Resources**

(1) Sources of guidance on disclosures of official information may also be found at these related resources:

- IRM 11.3 series, Disclosure of Official Information
- Disclosure and Privacy Knowledge Base
- Document 6986, Disclosure Awareness Guide

**11.3.1.2 (03-13-2018)**

**Disclosure Code, Authority and Procedure (CAP)**

(1) A disclosure is the making known to any person in any manner whatever, a return or return information. IRC 6103 governs the rules for how, when, to whom and what federal tax information can or cannot be disclosed.

(2) Before making any disclosure, every IRS employee must consider the Code Authority Procedure (CAP) process. Using a combination of the **Code** (usually the IRC), **Authority** (such as Delegation Order 11-2, found in IRM 1.2.2.12.2, and other authorizations), and **Procedures** (contained in the IRM and other written guidance) ensures accurate determinations prior to disclosing, inspecting or recommending the release of IRS records.

a. 3. **Code**: The IRC (26 USC 6103) provides the statutory basis for prohibiting or allowing disclosure of returns or return information.

b. 4. **Authority**: The authority, generally established by Delegation Orders, lists the IRS officials with the authority to make the disclosure (or decision not to disclose). This includes:

- Authorization to release and receive the information
- Authentication of the recipient
- Acceptance of information and any obligation placed on the recipient to protect the information disclosed
- Access controls - i.e. "need to know"

c. 5. **Procedures**: Established written procedures (in the IRM or other guidance) that explain the business process to follow for making a disclosure, and when required accounting for that disclosure. Procedures should help mitigate risks and prevent unauthorized disclosures.

(6) Each IRS employee is affected by laws governing the confidentiality of records and information in performing their assigned duties. The CAP process is used to determine what information is confidential, who may have access to it and for what purposes, and how to account for its release. The CAP process is also used to determine what information must be made public and, if so, whether the information must be

published, made generally available, or made available only upon request. Additionally, the CAP process helps to determine how to restrict the types of personal information the agency gathers and maintains about individuals, and grants certain individuals the rights to inspect and amend records about themselves.

(7) Disclosure laws balance the competing interests of protecting the public's personal and financial privacy while maintaining open and effective administration of government.

(8) Release of return and return information should always be limited on a need-to-know basis to the tax data that is needed (or necessary) for the specific purpose requested.

(9) This IRM provides the instructions, guidelines, and procedures necessary to fulfill our obligations under the disclosure laws.

**11.3.1.3 (11-12-2021)**

**Disclosure Resources**

(1) There are various resources available for both Disclosure personnel and all IRS employees that are useful in either responding to disclosure technical inquiries or in understanding their disclosure responsibilities.

(2) The resources available for Disclosure personnel can be found on the Disclosure SharePoint Site. Disclosure personnel needing assistance on technical disclosure matters should seek assistance, through appropriate channels and procedures, from the staff of the Disclosure PPO office. Disclosure PPO will refer issues that require legal advice to the Office of Associate Chief Counsel (Procedure and Administration) using agreed upon procedures and will provide guidance after receiving advice from Counsel.

(3) IRS employees can find many disclosure resources on the Disclosure and Privacy Knowledge Base. Examples of disclosure topics that are available:

a. 4. Access and Authorization
b. 5. Power of Attorney (POA) and Tax Information Authorization (TIA)
c. 6. Risks at Work
d. 7. Unique Situations
e. 8. Respond Directly
f. 9. FOIA
g. 10. Disclosure Basics and contacts
h. 11. Taxpayer First Act

(12) If an IRS employee still has a disclosure question, they can contact the Disclosure Help Desk for advice on disclosure matters. Information on how to contact the Disclosure Help Desk is found on the Disclosure Basics and Contacts page.

**Note:** The Disclosure Help Desk is for **IRS EMPLOYEES ONLY**

**Note:** For FOIA inquiries, refer the public to the FOIA link at irs.gov under the Know Your Rights section This website includes mailing addresses and contact information for the FOIA Public Liaison.

**Note:** While Disclosure employees can provide advice and guidance on interpretation of IRC 6103 and disclosure procedures, they cannot address disclosure requirements or processes found within functional policy and guidance by program managers.

**11.3.1.4 (03-13-2018)**

**Disclosure and Safeguarding of Returns and Return Information**

(1) IRC 6103(a) prohibits the disclosure of returns and return information unless authorized by Title 26. Although a disclosure may be authorized by statute, the person making the disclosure must also have the authority and follow the proper procedures, or the disclosure is not authorized. IRS employees are required, under IRC 6103, to ensure that returns and return information are protected from unauthorized disclosure and access. The IRS employee making the disclosure is responsible for ensuring the authority of the recipient to receive it. For a discussion of the rules concerning unauthorized accesses or disclosures of confidential tax information, see IRM 10.5.4, Privacy and Information Protection, Incident Management Program.

**Note:** IRS employees are personally responsible for verifying the identity and authority of the recipient to receive tax data prior to making any disclosure – failure to establish the recipient's authority may be negligent.

(2) Generally, persons or agencies to whom IRS directly discloses returns or return information pursuant to IRC 6103 will be informed, in writing, of the applicable criminal and civil sanctions for unauthorized inspections or disclosures as provided by IRC 7213, IRC 7213A and IRC 7431.

(3) IRC 6103(p)(4) contains re-disclosure and safeguarding requirements for external recipients, such as federal and state agencies, receiving returns and return information under certain provisions of IRC 6103. The responsibility for oversight of IRC 6103(p)(4) safeguarding requirements

is under the Office of Safeguards, GLDS in accordance with Publication 1075, Tax Information Security Guidelines for Federal, State and Local Agencies.

(4) Other sensitive non-tax information may also have disclosure or safeguarding requirements. See IRM 10.5.1, Privacy and Information Protection, Privacy Policy, for additional information.

**11.3.1.4.1 (03-13-2018)**

**Criminal Penalties Under IRC 7213**

(1) IRC 7213 makes the willful unauthorized disclosure of a return or return information a felony punishable by a fine of up to $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.

**Note:** The prohibitions against unauthorized disclosures of returns and/or return information apply to all current and former IRS employees and also pertain to contractors, employees of other federal and state agencies, and others mentioned in IRC 7213(a)(2).

(2) Upon conviction, officers or federal employees, including Treasury and IRS employees, will also be dismissed from office or discharged from employment.

**11.3.1.4.2 (05-24-2005)**

**Criminal Penalties Under IRC 7213A**

(1) IRC 7213A makes unauthorized access to returns or return information a misdemeanor punishable by a fine of up to $1,000, or imprisonment of not more than one year, or both, together with the costs of prosecution.

(2) Upon conviction, officers or employees of the United States will also be dismissed from office or discharged from employment.

**11.3.1.4.3 (11-12-2021)**

**Civil Liability Under IRC 7431**

(1) In addition to the criminal penalties imposed on individuals by IRC 7213 and 7213A, Congress established a civil remedy for any taxpayer whose return or return information is unlawfully inspected or disclosed.

(2) IRC 7431(a)(1) provides that where a federal officer or employee knowingly or negligently inspects or discloses a taxpayer's return or

return information in violation of IRC 6103, the taxpayer may bring a civil action for damages against the United States.

(3) Non-Federal employees, including state agency employees and contractors with access to return information, may be sued personally for damages under IRC 7431(a)(2), if they violate IRC 6103.
**Note:** Liability for damages accrues to the United States when the disclosure is made by any federal employee or contractor of an agency, even if disclosure is made pursuant to taxpayer consent.

(4) Congress recently amended IRC 6103(c) and now limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request. This amendment applies to disclosures made by the IRS after December 28, 2019, and any subsequent redisclosures and uses of such information disclosed by the IRS after December 28, 2019.

(5) No liability shall arise under IRC 7431 if a court of law determines the disclosure was the result of a good faith, but erroneous, interpretation of IRC 6103, or was requested by the taxpayer.

**11.3.1.5 (11-12-2021)**

**Authority to Make Disclosures**

(1) The latest revision of Delegation Order 11-2, Authority to Permit Disclosure of Tax Information and to Permit Testimony or the Production of Documents, found in IRM 1.2.2.12.2, should be used to determine proper delegated authority. Additionally, local or function specific re-delegations of 11-2 authority should be consulted.

(2) Delegation of authority to respond to FOIA and PA requests is issued by the Director, GLDS. See IRM 1.2.2.12.6 and IRM 1.2.2.12.7, FOIA/PA Delegation Orders, for additional information.

**11.3.1.6 (03-13-2018)**

**Records Disposition For Disclosure**

(1) Records and files, created or maintained in the administration and execution of the disclosure program, must be disposed of in accordance with applicable legal and administrative requirements.

(2) Records or files must never be destroyed while they are the subject of a pending request, appeal, or lawsuit under the FOIA, notwithstanding

applicable disposition schedules.

(3) IRM 1.15.1, Records and Information Management, The Records and Information Management Program, provides instructions for the management of records in the IRS. Records Management also requires that all records be retained and disposed of in accordance with established Records and Information Management Records Control Schedules (Document 12990 and General Records Schedules Document 12829 ).

(4) Records created within, or for, the Disclosure function derive their retention periods from NARA General Records Schedule 14 (See Document 12829) or approved authorizations from the IRS Records Specialists or Archivist of the United States.

(5) The GLDS Records Control Schedule (RCS) 8, Items 41 and 42, as well as the General Records Control (GRS) Schedule 4.2 contain records control schedules for Disclosure specific records and should be consulted as needed.

(6) All non-record copies or reference materials may be destroyed when no longer needed.

(7) Disposition instructions must be requested from the Supervisor of Disclosure PPO and cleared through GLDS and the IRS Records Specialist before disposition instructions are issued.

(8) Any item that has historical significance must be scheduled for offer to the NARA. Disposition instructions will be issued on a case-by-case basis for records believed to have historical significance after approval of written justification for permanent retention. Forward such written justification to the Supervisor of Disclosure PPO who will clear it through GLDS and the IRS Records Specialist before disposition instructions are issued.

**11.3.1.7 (03-07-2008)**

**Access by the Office of Government Ethics (OGE)**

(1) The United States Office of Government Ethics (OGE) has no independent right of access to tax information under IRC 6103. OGE's statutory mandate is not tax administration.

(2) When IRS employees report ethics violations to the OGE, no tax information may be disclosed. OGE's authorizing statute recognizes that OGE will not have access to agency records prohibited from disclosure by law.

More Internal Revenue Manual

*Page Last Reviewed or Updated: 30-Apr-2026*