# EXHIBIT 1

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*1301 Clay Street Suite 340S*
*Oakland, California 94612*

*(510) 637-3680*
*FAX:(510) 637-3724*

October 6, 2026

**BY EMAIL**

JEFFREY TSAI
DARRYL TARVER
jeff.tsai@us.dlapiper.com
darryl.tarver@us.dlapiper.com
Counsel for Defendant Sheng Thao

MARK GOLDROSEN
SHAWN HALBERT
markgoldro@aol.com
shawn@shawnhalbertlaw.com
Counsel for Defendant Andre Jones

WINSTON CHAN
DOUGLAS SPRAGUE
ERIK BABCOCK
CHRISTINE BONOMO
wchan@gibsondunn.com
dsprague@cov.com
erik@babcocklawoffice.com
cbonomo@gibsondunn.com
Counsel for Defendant Andy Duong

ED SWANSON
AUGUST GUGELMANN
JEFFREY SCHENK
NEAL STEPHENS
ed@smllp.law
august@smllp.law
jbschenk@jonesday.com
nstephens@jonesday.com
Counsel for Defendant David Duong

Re: *United States v. Sheng Thao et al.*, CR 25-00003 YGR

Dear Defense Counsel:

This letter confirms the production of additional documents from the Mario Juarez email account and responds to other questions and issues you raised at or since the October 5 hearing.

First, at the hearing we committed to producing to defense by noon today the results of the rereview of a small subset of the email account that had been previously identified and set aside as "potentially privileged." We produced the results of that review yesterday, Monday, evening at about 7:40 p.m. As we told you in the discovery letter with that production, we ran the more than 250 search terms listed in Exhibit A of our October 4, 2024 letter (which included more than 200 terms suggested by the defense) over the nonprivileged documents—we have produced the documents that hit the search terms. After running those terms, a case agent then manually reviewed the remaining documents that did not hit on the search terms, to determine whether those documents were within the scope of the search warrant, and the case agent identified an additional 544 documents; those documents were also produced to the defense. To the extent any additional documents are released from the ongoing Filter team review and discussion Juarez's counsel on the limited number of privileged assertions, we will review and may produce an additional small number of responsive documents.

Last night, Mr. Sprague sent some questions to the government about the original execution of the search warrant, and we also wanted to provide a response and address the

incorrect implication that it is proper or warranted to reopen and redo the search on the entire dataset obtained from Microsoft.

The search warrant for Mario Juarez's email account was signed on May 7, 2024, and served on Microsoft two days later. Due to delays on the part of Microsoft, and after a series of technical issues with the transmission of the data from Microsoft to the FBI, the full dataset as ordered in the warrant was not provided to the government until November 7, 2024. That dataset then went to the government's filter team to conduct an initial filter review, after which the filtered dataset was provided to the prosecution team. An FBI case agent conducting the Attachment B review, to determine which materials were within the scope of the warrant and lawfully seized by the government, completed the review on August 12, 2025. The case agent primarily responsible for the review of the Mario Juarez emails used a variety of approaches to review the documents pursuant to the warrant. The Attachment B review was comprehensive and was done based on an iterative process using a combination of search terms based on the warrant categories, searches for relevant individuals, entities, email addresses and phone numbers, and significant manual review. This review was based on the specific items that the government was allowed to seize as set forth in Attachment B.

We do not believe that a search warrant return has been filed, but we intend to do that if it has not. The seizure of the scoped documents under Attachment B, and their segregation from the larger dataset on the FBI platform, occurred in August 2025 when the documents responsive to the warrant were extracted from the FBI review platform, provided to the U.S. Attorney's Office, and then loaded into the separate USAO document review and production database hosted on USAO systems. The full dataset is still stored on the FBI's internal system but has not been accessed by the case team since the seized documents were extracted and provided to the prosecutors. (The Filter team did go into that system to extract the "potentially privileged" document set to enable further review as we have already described to the Court.)

We disagree with and oppose your request to the Court to have the government reopen and redo the Attachment B review of Mario Juarez's email account. As set forth below, there is no basis or authority to reopen that Attachment B review. In February of 2025, shortly after the case was charged, the government sent all defense counsel a letter outlining all of the devices and accounts the government had obtained as part of its investigation, as well as the status of review of each of these devices and accounts. This included 142 electronic devices and 15 iCloud and email accounts that had been obtained pursuant to search warrants (including Mario Juarez's email account). As we stated in that letter, each Defendant received full copies of their own devices/accounts and evidence seized pursuant to Attachment B for all other devices/accounts. As we further stated, we do not have authority to produce to all defendants images or digital copies of the device belonging to codefendants or third parties. *See United States v. Balwani*, 2022 WL 1405404, at *5 (N.D. Cal. May 4, 2022).

At the October 5, 2026, hearing, counsel for the defense suggested that the initial Attachment B review of Juarez's email account was based only on search terms the government provided to the defense via email on October 1, 2026, or was not based on search terms at all. This is not what the government described, and as discussed in this letter, is not how the search was conducted. The proposed list of search terms the government provided to the defense on October 1, 2026 was an initial list designed to expedite the time-sensitive filter review that was conducted last weekend, and to solicit additional search terms from the defense teams to use for that process; the government then included the defense's additional proposed search terms (and conducted a manual review of emails that did not hit on the search terms). As set forth above, the Attachment B review of Juarez's email account was comprehensive, iterative based on the reviewed , and included a combination of search terms and manual review, and was not based only on the search terms initially sent to the defense via email.

There is no basis or authority supporting the defense's suggestion that the government reopen and reconduct the Attachment B review of Juarez's email account. As described above, the initial Attachment B review was conducted in a reasonable manner and "[t]he general touchstone of reasonableness" governs an agent's execution of a lawful search warrant, as well. *United States v. Ramirez*, 523 U.S. 65, 71 (1998). All items seized pursuant to Attachment B were produced to the defense approximately a year ago. The materials not seized pursuant to Attachment B (which the defense now suggests should be reopened) are not legally in the government's possession and there is no authority permitting the government to re-review those materials. See, e.g., *United States v. Collins*, 409 F. Supp. 3d 228, 244 (S.D.N.Y. 2019) ("The Government—having conducted a search of Individual-5's iCloud data consistent with the Fourth Amendment and a search warrant—does not have the legal authority to go back and search materials that are non-responsive, i.e., outside the scope of the search warrant. . . . Defendants do not cite any case law to support their proposition that the Government's *Brady* obligation gives it the legal right to search Individual-5's iCloud data over Individual-5's objection, nor do Defendants explain how such a search would not be inconsistent with Individual-5's Fourth Amendment rights.").

Very truly yours,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys