# EXHIBIT 27

Volume 13

Pages 2774 - 3017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| VS. | ) | **NO. 4:25-cr-00003-YGR** |
| SHENG THAO, et al., Defendants. | ) | |

Oakland, California
Friday, November 6, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY
1301 Clay Street
Oakland, California 94612
**BY: ABRAHAM H. FINE**
**MOLLY PRIEDEMAN**
**ASSISTANT UNITED STATES ATTORNEYS**

UNITED STATES ATTORNEY
450 Golden Gate Avenue
San Francisco, California 94102
**BY: LLOYD A. FARNHAM**
**ASSISTANT UNITED STATES ATTORNEY**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
Official United States Reporter, CSR No. 12219

(Video played but not reported.)

**MR. SWANSON:** And then if we could play the second clip.

(Video played but not reported.)

**BY MR. SWANSON:**

**Q.** Okay. So what you told them is, "Then I discovered there was no actual contract"; right?

**A.** I said that on the video, yes.

**Q.** Now, you acknowledged on cross-examination yesterday that when you were talking to the OPD on May 5th, you tried to minimize your involvement; right?

**A.** I told them -- I told you that because I did try to minimize my involvement. And watching the video now, I have better recollection of the facts of that night. And then I see myself in the middle of the night, bruised and confused; it's about 4:00 in the morning. And after getting beat up on that --

**Q.** This was a yes-no question.

**A.** And so I wanted to explain that it was a yes.

**Q.** Okay. "Yes" is your answer?

**A.** Yes. I tried to minimize my involvement.

**Q.** Okay. And when you told the jury on Friday that -- actually, yeah, on Friday -- that when you met with OPD, you confessed it all, that wasn't true; right?

**A.** That's not correct.

**Q.** That it was not true when you said that; right?
**A.** That's not correct.
**Q.** When you say "That's not correct," are you saying that you did not tell the jury that I -- I confessed it all?
**A.** There were several meetings with OPD. I confessed it to OPD. That's the question and I answered truthfully.
**Q.** Okay. So -- so you're saying that when you minimized it, you also confessed it all?
**A.** No. What I'm saying is that there's another meeting with OPD, and there's the full confession on that meeting, and you're trying to put the two together like if it was one event.
**Q.** Okay. So your testimony is you actually confessed your full involvement when you talked to OPD on May 5th; is that right?
**A.** No.
**Q.** All right. So let's go back, then.
To summarize, when you first reported on the Duongs to law enforcement on May 5th, you said the FBI should get involved; right?
**A.** Yes.
**Q.** You said that you wanted to your report about the Duongs to be used for a federal indictment; right?
**A.** I wanted that, yes.
**Q.** Okay. Now, you had warned David Duong years before what would happen to him if he crossed you; isn't that true?